Rosemary J. Bruno
Christopher J. Dalton
Argia J. DiMarco
**BUCHANAN INGERSOLL & ROONEY PC**
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, NJ  07102-4582
(973) 273-9800

*Attorneys for Defendant*
*BMW of North America, LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTEM V. GELIS, BHAWAR PATEL, ROBERT MCDONALD, JAMES V. OLSON, GREGORY HEYMAN, SUSAN HEYMAN, DEBRA P. WARD, DARRIAN STOVALL, ALEX MARTINEZ, AMANDA GOREY, CHRIS WILLIAMS, ASHOK PATEL, KENNETH GAGNON, MICHAEL CERNY, ERHAN ARAT, ANDRE MALSKE, CRAIG LASH, NICOLE GUY, DAVID RICHARDSON, KAREN HENDERSON and ERIC T. ZINN,  individually and on behalf of all others similarly situated, | Case No.  2:17-cv-7386-WHW-CLW |
| *Plaintiffs*, | |
| v. | |
| BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT and BMW OF NORTH AMERICA, LLC, | |
| *Defendants*. | |

## BRIEF IN SUPPORT OF
## DEFENDANT BMW OF NORTH AMERICA, LLC'S
## MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED
## CLASS ACTION COMPLAINT

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................1

STATEMENT OF FACTS ........................................................................2

STANDARD GOVERNING MOTION TO DISMISS.............................7

LEGAL ARGUMENT..............................................................................8

Point One: A Class Action is Unnecessary Because BMW NA Is
    Offering Relief. ...............................................................................8

Point Two: Plaintiffs Cannot Pursue a Nationwide Class Action Under
    New Jersey Law...............................................................................10

    A.    Plaintiffs Cannot Pursue Nationwide Breach-of-Warranty
           Claims Under New Jersey Law. ......................................... 12

    B.    Plaintiffs Cannot Pursue Nationwide Consumer-Fraud
           Claims Under New Jersey Law. ......................................... 13

    C.    Plaintiffs Cannot Pursue Nationwide Negligent-
           Misrepresentation Claims Under New Jersey Law. ............ 15

    D.    Plaintiffs Cannot Pursue Nationwide Unjust-Enrichment
           Claims Under New Jersey Law. ......................................... 16

Point Three: Plaintiffs' Warranty Claims Fail...................................17

    A.    Regardless of What State's Law Applies, Plaintiffs Cannot
           Pursue Claims for Breach of an Expired Warranty. ............ 17

    B.    Plaintiffs' Implied-Warranty Claims Additionally Fail
           Because They Do Not Plausibly Allege Their Vehicles
           Were Not Merchantable at the Time of Sale. ..................... 20

Point Four: Plaintiffs' Magnusson-Moss Claims Fail. ...........................22

Point Five: All But One Of Plaintiffs' Statutory Consumer-Fraud
    Claims Fail.....................................................................................24

Point Six: Plaintiffs' Negligent Misrepresentation Claims Fail. ...........26

A.   Plaintiffs' Claims for Negligent Misrepresentation Fail Under Florida, California, and North Carolina Law. .......................... 27

B.   Plaintiffs' Claims for Negligent Misrepresentation Fail Under the Laws of the Remaining Plaintiffs' States Because BMW NA Did Not Have a Duty to Disclose Imposed by Law. ................................................................... 28

C.   Plaintiffs' Claims for Negligent Misrepresentation Are Additionally Barred By The Economic-Loss Doctrine. ...................... 31

Point Seven: Plaintiffs' Unjust-Enrichment Claims Fail. ........................................ 33

Point Eight: Plaintiffs' Claims for Injunctive and Declaratory Relief are Moot and Duplicative of Their Legal Claims and Should be Dismissed. .................................................................................... 35

Point Nine: Various of the Plaintiffs' Claims Fail and Should be Dismissed. .................................................................................... 37

A.   The Claims of Gelis, Henderson, and Lash Should be Dismissed. ....................................................................... 37

B.   The Claims of Zinn and Richardson Should be Dismissed. ............... 38

C.   Plaintiff Malske's Claim Under the Wisconsin Deceptive Trade Practices Act Should Be Dismissed. ......................................... 39

D.   Plaintiff Stovall's Claim Under the Alabama Deceptive Trade Practices Act Should Be Dismissed. ......................................... 39

CONCLUSION ...................................................................................... 40

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
   795 F. 2d 238 (2d Cir. 1986) ...............................................................19, 20, 25

*Aclys Int'l v. Equifax*,
   438 F. App'x 689 (10th Cir. 2011) (Utah law)...................................................32

*In re Actiq Sales and Marketing Practices Litig.*,
   307 F. R.D. 150 (E.D. Pa. 2014)........................................................................18

*Alban v. BMW of N. Am., LLC*,
   2010 WL 3636253 (D.N.J. Sept. 8, 2010) ..............................................19, 27, 28

*Alin v. Am. Honda Motor Co.*,
   2010 WL 1372308 (D.N.J. Mar. 31, 2010) ..................................................31, 33

*Alloway v. Gen. Marine Indus., L.P.*,
   149 N.J. 620 (1997) ...........................................................................................34

*Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*,
   390 F. Supp. 2d 1170 (M.D. Fla. 2005)..............................................................36

*Annunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ..............................................................24

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*,
   70 Cal. Rptr. 3d 199 (Cal. Ct. App. 2007)..........................................................30

*In re Aqua Dots Prod. Liab. Litig.*,
   654 F.3d 748 (7th Cir. 2011) ..............................................................................10

*In re Aqua Dots Prods. Liab. Litig.*,
   270 F.R.D. 377 (N.D. Ill. 2010)..........................................................................18

*Arlandson v. Hartz Mountain Corp.*,
   792 F. Supp. 2d 691 (D.N.J. 2012)......................................................................18

*Arndt v. Extreme Motorcycles*,
   2007 WL 4570861 (W.D.N.C. Dec. 26, 2007).....................................................23

iii

*Arons v. Rite-Aid Corp.*,
  2005 WL 975462 (N.J. Super. Law Div. March 23, 2005) ................................13

*Aronstein v. Mass. Mut. Life Ins. Co.*,
  2016 WL 1626835 (D. Mass. Apr. 22, 2016) .....................................................37

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................8

*Avery v. State Farm Mut. Auto. Ins. Co.*,
  835 N.E.2d 801 (Ill. 2005) ................................................................................15

*Avram v. Samsung Elecs. Am., Inc.*,
  2013 WL 3654080 (D.N.J. July 11, 2013) .........................................................16

*Barcal v. Emd Serono, Inc.*,
  2016 WL 1086028 (N.D. Ala. Mar. 21, 2016) ...................................................27

*Bedi v. BMW of N. Am., LLC*,
  2016 WL 324950 (D.N.J. Jan. 27, 2016) ...........................................................16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................8

*Benson Tower Condo. Owners Ass'n v. Victaulic Co.*,
  2014 WL 5285475 (D. Or. Oct. 15, 2014) .........................................................19

*Berley v. Dreyfus Co.*,
  43 F.R.D. 397 (S.D.N.Y. 1967) .........................................................................11

*Betty Andrews Revocable Tr. v. Vrakas/Blum, S.C.*,
  779 N.W.2d 723 (Wis. App. Ct. 2009) ..............................................................33

*Block v. Jaguar Land Rover N. Am., LLC*,
  2016 WL 3032682 (D.N.J. May 26, 2016) .........................................................16

*Bonham v. Wolf Creek Acad.*,
  767 F. Supp. 2d 558 (W.D.N.C. 2011) ..............................................................30

*Boyes v. Greenwich Boat Works, Inc.*,
  27 F. Supp. 2d 543 (D.N.J. 1998) ......................................................................34

*Breeden v. Richmond Cmty. Coll.*,
   171 F.R.D. 189 (M.D.N.C. 1997) ....................................................................30

*Brisson v. Ford Motor Co.*,
   349 F. App'x 433 (11th Cir. 2009) .................................................................22

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
   116 F.3d 1364 (11th Cir. 1997) ....................................................................26

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) .......................................................................21

*Byrum v. Brand*,
   268 Cal. Rptr. 609 (Cal. Ct. App. 1990) .....................................................33

*Canal Elec. Co. v. Westinghouse Elec. Co.*,
   973 F.2d 988 (1st Cir.1992) .........................................................................19

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
   2015 WL 274054 (N.D. Cal. Jan. 21, 2015) ................................................12

*Carter v. L'Oreal USA, Inc.*,
   2017 WL 3891666 (S.D. Ala. Sept. 6, 2017) ...............................................36

*Cent. Min., Inc. v. Simmons Mach. Co.*,
   547 So. 2d 529 (Ala. 1989) ..........................................................................19

*Chin v. Chrysler Corp.*,
   182 F.R.D. 448 (D.N.J. 1998) ...............................................................11, 14

*CHMM, LLC v. Freeman Marine Equip., Inc.*,
   2013 WL 3025137 (D. Or. May 14, 2013) ...................................................41

*Cleary v. Philip Morris, Inc.*,
   656 F.3d 511 (7th Cir. 2011) ........................................................................38

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) ......................................................................26

*Coba v. Ford Motor Co.*,
   2013 WL 244687 (D.N.J. Jan. 22, 2013) .....................................................33

*Coghlan v. Wellcraft Marine Corp.*,
   240 F.3d 449 (5th Cir. 2001) ...............................................................................37

*Cole v. GMC*,
   484 F.3d 717 (5th Cir. 2007) ...............................................................................13

*Collins Radio Co. of Dallas, Tex. v. Bell*,
   623 P.2d 1039 (Okla. Civ. App. 1980) .................................................................24

*Collins v. Sears, Roebuck & Co.*,
   583 N.E.2d 873 (Mass. App. Ct. 1992) ................................................................23

*Commercial Fin. Servs., Inc. v. Arthur Andersen LLP*,
   94 P.3d 106 (Okla. Civ. App. 2004)...............................................................33, 35

*In re Conagra Peanut Butter Prod. Liab. Litig.*,
   251 F.R.D. 689 (N.D. Ga. 2008) ....................................................................11, 18

*Conrad v. Boiron, Inc.*,
   869 F.3d 536 (7th Cir. 2017) ...............................................................................10

*Cook's Pest Control, Inc. v. Rebar*,
   28 So. 3d 716 (Ala. 2009).....................................................................................32

*Cooper v. Samsung Elecs. Am., Inc.*,
   374 F. App'x 250 (3d Cir. 2010) ..........................................................................26

*Cooper v. Samsung Electronics America, Inc.*,
   374 Fed. Appx. 250 (3d Cir. 2010).......................................................................12

*Cox v. Chrysler Grp., LLC*,
   2015 WL 5771400 (D.N.J. Sept. 30, 2015)..........................................................12

*Daigle v. Ford Motor Co.*,
   2012 WL 3113854 (D. Minn. July 31, 2012) .......................................................10

*Daugherty v. Am. Honda Motor Co.*,
   51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2006)............................................................19

*Diediker v. Peelle Fin. Corp.*,
   70 Cal. Rptr. 2d 442 (Cal Ct. App. 1997).............................................................30

*Dinwiddie v. Suzuki Motor of Am., Inc.*,
111 F. Supp. 3d 1202 (W.D. Okla. 2015) ............................................................19

*Donachy v. Intrawest U.S. Holdings, Inc.*,
2012 WL 869007 (D.N.J. Mar. 14, 2012) ........................................................17

*Donner v. Nicklaus*,
778 F.3d 857 (10th Cir. 2015) ..........................................................................35

*Dougherty v. Akzo Nobel Salt, Inc.*,
47 F. Supp. 2d 989 (N.D. Ill. 1999) ..................................................................32

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
66 F.3d 604 (3d Cir. 1995) ..............................................................................19

*Elias v. Ungar's Food Prods., Inc.*,
252 F.R.D. 233 (D.N.J. 2008)...........................................................................17

*Evitts v. DaimlerChrysler Motor Corp.*,
834 N.E.2d 942 (Ill. App. Ct. 2005) ................................................................19

*F.D.I.C. v. Bathgate*,
27 F.3d 850 (3d Cir. 1994) ..............................................................................26

*Fancaster, Inc. v. Comcast Corp.*,
832 F. Supp. 2d 380 (D.N.J. 2011)..................................................................40

*FDIC v. Aviano*,
184 F. Supp. 3d 1276 (D. Utah 2016)..............................................................37

*Ferrari v. Best Buy Co.*,
2015 WL 2242128 (D. Minn. May 12, 2015) ..................................................12

*Fiberglass Component Production, Inc. v. Reichhold Chem., Inc.*,
983 F. Supp. 948 (D. Colo. 1997)....................................................................41

*First Marblehead Corp. v. House*,
473 F.3d 1 (1st Cir. 2006)................................................................................32

*Fisher v. Honda North America, Inc.*,
2014 WL 2808188 (S.D. Cal. June 2, 2014) ....................................................26

*In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*,
    194 F.R.D. 484 (D.N.J. 2000)...........................................................................14

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*,
    174 F.R.D. 332 (D.N.J. 1997)...........................................................................12

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ...................................................................8, 9, 10

*Frick Co. v. Boles*,
    84 S.E. 1017 (N.C. 1915)...................................................................................19

*Goldemburg v. J&J Consumer Cos.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ..................................................................37

*Granfield v. NVIDIA Corp.*,
    2012 WL 2847575 (N.D. Cal. July 11, 2012) ..................................................13

*Gray v. BMW of N. Am., LLC*,
    22 F. Supp. 3d 373 (D.N.J. 2014)................................................................12, 37

*Green v. GMC*,
    2003 WL 21730592 (N.J. Sup. Ct. App. Div. July 10, 2003) ...........................33

*Green v. Green Mountain Coffee Roasters*,
    279 F.R.D. 275 (D.N.J. 2011)...........................................................................41

*Greene v. BMW of N. Am., LLC*,
    2012 WL 5986457 (D.N.J. Nov. 28, 2012) .......................................................22

*Grodzitsky v. American Honda Motor Co., Inc.*,
    2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ....................................................28

*H. Rosenblum, Inc. v. Adler*,
    93 N.J. 324 (1983), *superseded on other grounds by statute*, *Cast
    Art Industries, LLC v. KPMG LLP*, 209 N.J. 208 (2012)..................................31

*Harley Marine Svs., Inc. v. Manitowoc Marine Grp., LLC*,
    759 F. Supp. 2d 1059 (E.D. Wis. 2010) ...........................................................37

*Harney v. Associated Materials, LLC*,
    2018 WL 468303 (D. Or. Jan. 18, 2018)..........................................................37

*HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*,
    2001 WL 36186526 (S.D. Fla. Dec. 14, 2001)...................................................29

*Henderson v. Volvo Cars of N. Am., LLC*,
    2010 WL 2925913 (D.N.J. July 21, 2010) ........................................................33

*Huber, Hunt & Nichols, Inc. v. Moore*,
    136 Cal. Rptr. 603 (Cal. Ct. App. 1977)...........................................................30

*Husky Indus., Inc. v. Black*,
    434 So. 2d 988 (Fla. Dist. Ct. App. 1983)........................................................23

*In Blumer v. Acu-Gen Biolabs, Inc.*,
    638 F. Supp. 2d 81 (D. Mass. 2009).................................................................25

*Interbank Investments, LLC v. Eagle River Water & San. Dist.*,
    77 P.3d 814 (Colo. App. 2003).........................................................................36

*Ironshore Europe DAC v. Schiff Hardin, LLP*,
    284 F. Supp. 3d 845 (E.D. Tex. 2018)..............................................................32

*Jackson v. Philip Morris Inc.*,
    46 F. Supp. 2d 1217 (D. Utah 1998).................................................................26

*JJM Sunrise Auto., LLC v. Volkswagen Grp. of Am., Inc.*,
    46 Misc. 3d 755 (N.Y. Sup. Ct. 2014)..............................................................32

*Jovine v. Abbott Labs., Inc.*,
    795 F. Supp. 2d 1331 (S.D. Fla. 2011).......................................................26, 36

*Kailin v. Armstrong*,
    643 N.W.2d 132 (Wis. App. Ct. 2002).............................................................36

*Kearney v. Equilon Enters., LLC*,
    65 F. Supp. 3d 1033 (D. Or. 2014)...................................................................26

*Kelly v. Georgia-Pacific, LLC*,
    671 F. Supp. 2d 785 (E.D.N.C. 2009) ..............................................................35

*Koch v. Kaz USA, Inc.*,
    2011 WL 2607112 (D. Colo. July 1, 2011).......................................................23

*Lipinski v. Martin J. Kelly Oldsmobile, Inc.*,
    759 N.E.2d 66 (Ill. App. Ct. 2001) ....................................................................22

*Loosli v. City of Salem*,
    170 P.3d 1084 (Or. App. Ct. 2007) (en banc), *aff'd*, 193 P.3d 623
    (Or. 2008)..........................................................................................................35

*Luppino v. Mercedes-Benz USA, LLC*,
    2010 WL 3258259 (D.N.J. Aug. 16, 2010) ......................................................28

*Maniscalco v. Brother Int'l Corp. (USA)*,
    627 F. Supp. 2d 494 (D.N.J. 2009)...................................................37, 39, 40, 41

*Maniscalco v. Brother Int'l (USA) Corp.*,
    709 F.3d 202 (3d Cir. 2013) ......................................................................14, 15

*Marchante v. Sony Corp. of Am.*,
    801 F. Supp. 2d 1013 (S.D. Cal. 2011).............................................................22

*Marcus v. BMW of N. Am., LLC*,
    2010 WL 4853308 (D.N.J. Nov. 19, 2010) ................................................14, 25

*Martin v. Mead Johnson Nutrition Co.*,
    2010 WL 3928707 (D. Mass. Sept. 30, 2010) ..................................................26

*Martinez v. Nash Finch Co.*,
    886 F. Supp. 2d 1212 (D. Colo. 2012)..............................................................26

*Masood v. Safeco Ins. Co. of Oregon*,
    365 P.3d 540 (Or. App. Ct. 2015)....................................................................33

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ...........................................................................18

*McCalley v. Samsung Electronics America, Inc.*,
    2008 WL 878402 (D.N.J. Mar. 31, 2008) ........................................................21

*McClellan v. Feit*,
    376 N.J. Super. 305 (App. Div. 2005)..............................................................31

*McGuire v. BMW of N. Am., LLC*,
    2014 WL 2566132 (D.N.J. June 6, 2014).........................................................12

*McQueen BMW of N. Am., LLC*,
    2014 WL 656619 (D.N.J. Feb. 20, 2014) ..........................................................28

*In re Mercedes-Benz TeleAid Contract Litig.*,
    257 F.R.D. 46 (D.N.J. 2009).........................................................................17, 18

*Meserole v. Sony Corp. of Am., Inc.*,
    2009 WL 1403933 (S.D.N.Y. May 19, 2009) ..............................................22, 23

*Miami Valley Mobile Health Services*,
    852 F. Supp. 2d 925, 938-39 (S.D. Ohio 2012)................................................40

*Miller v. Chrysler Grp. LLC*,
    2014 WL 12617598 (D.N.J. June 30, 2014)......................................................33

*Miller v. Samsung Elecs. Am., Inc.*,
    2015 WL 3695608 (D.N.J. June 29, 2015).........................................................16

*Mladenov v. Wegmans Food Mkts., Inc.*,
    124 F. Supp. 3d 360 (D.N.J. 2015)....................................................................26

*Monticello v. Winnebago Indus., Inc.*,
    369 F. Supp. 2d 1350, 1360 (N.D. Ga. 2005)....................................................23

*Montich v. Miele USA, Inc.*,
    849 F. Supp. 2d 439 (D.N.J.2012)......................................................................17

*Moorman Manufacturing Co. v. National Tank Co.*,
    435 N.E.2d 443 (Ill. 1982)................................................................................35

*Morcom v. LG Elecs. USA, Inc.*,
    2017 WL 8784836 (D.N.J. Nov. 30, 2017) .......................................................12

*Mullen v. Allstate Ins. Co.*,
    232 P.3d 168 (Colo. App. 2009).........................................................................32

*Murillo v. Kohl's Corp.*,
    197 F. Supp. 3d 1119 (E.D. Wis. 2016) .............................................................26

*N.J. Transit Corp. v. Harsco*,
    497 F.3d 323 (3d Cir. 2007) ...............................................................................22

*Neale v. Volvo Cars of N. Am., LLC*,
  2013 WL 1223354 (D.N.J. Mar. 26, 2013) ......................................................16

*Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*,
  692 N.E.2d 812 (Ill. App. Ct. 1998) ..............................................................35

*New York Disaster Interfaith Servs. Inc. v. Council of Peoples Org., Inc.*,
  58 Misc. 3d 1212(A) (N.Y. Sup. Ct. 2018) ....................................................35

*Noble v. Samsung Elecs. Am., Inc.*,
  2018 WL 801590 (D.N.J. Feb. 8, 2018) ..........................................................16

*Nordberg v. Trilegiant Corp.*,
  445 F.Supp.2d 1082 (N.D. Cal. 2006) ............................................................38

*Notrica v. State Comp. Ins. Fund*,
  83 Cal. Rptr. 2d 89 (Cal. Ct. App. 1999) .......................................................15

*Novell v. Migliaccio*,
  749 N.W.2d 544 (Wis. 2008) ..........................................................................42

*NuCal Foods, Inc. v. Quality Egg LLC*,
  918 F. Supp. 2d 1023 (E.D. Cal. 2013) ..........................................................35

*Nycal Corp. v. KPMG Peat Marwick LLP*,
  688 N.E.2d 1368 (Mass. 1998) .......................................................................35

*Ocana v. Ford Motor Co.*,
  992 So. 2d 319 (Fla. Dist. Ct. App. 2008) ......................................................19

*Ocasio v. C.R. Bard, Inc.*,
  2015 WL 3496062 (M.D. Fla. June 3, 2015) ..................................................30

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ............................................................28

*Oliver v. Funai Corp*,
  2015 WL 3938633 (D.N.J. June 25, 2015) ......................................................16

*Ollerman v. O'Rourke Co.*,
  288 N.W.2d 95 (Wis. 1980) ............................................................................33

*Omni USA, Inc. v. Parker-Hannifin Corp.*,
  964 F. Supp. 2d 805 (S.D. Tex. 2013) ................................................................. 19

*Onita Pac. Corp. v. Trustees of Bronson*,
  843 P.2d 890 (Or. 1992) ......................................................................................... 30

*Oscar v. BMW of N. Am., LLC*,
  274 F.R.D. 498 (S.D.N.Y. 2011) .......................................................................... 14

*Pagan v. Abbott Laboratories, Inc.*,
  287 F.R.D. 139 (E.D.N.Y. 2012) .......................................................................... 10

*Parrish v. Arvest Bank*,
  2016 WL 3906814 (W.D. Okla. July 14, 2016) .................................................... 27

*Payne v. FujiFilm, U.S.A., Inc.*,
  2010 WL 2342388 (D.N.J. May 28, 2010) ............................................................ 13

*Pelican Ventures, LLC v. Azimut S.p.A.*,
  2004 WL 3142550 (S.D. Fla. July 28, 2004) ........................................................ 30

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
  214 F.R.D. 614 (W.D. Wash. 2003) ...................................................................... 11

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ............................................................................................... 12

*Phillips v. County. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ................................................................................... 8

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*,
  631 F.3d 441 (7th Cir. 2011) ................................................................................. 26

*Prent Corp. v. Martek Holdings, Inc.*,
  618 N.W.2d 201 (Wis. Ct. App. 2000) .................................................................. 36

*Rait v. Sears, Roebuck & Co.*,
  2009 WL 2488155 (D.N.J. Aug. 11, 2009) ........................................................... 28

*Rolls Royce Motor Cars, Inc. v. Houston Tractor Equip., Inc.*,
  1992 WL 5546 (Tex. App. Jan. 16, 1992) ............................................................. 23

*Salovaara v. Jackson Nat. Life Ins. Co.*,
  66 F. Supp. 2d 593 (D.N.J. 1999), *aff'd*, 246 F.3d 289 (3d Cir.
  2001) ........................................................................................................31

*Saltiel v. GSI Consultants, Inc.*,
  170 N.J. 297 (2002) ...........................................................................31, 34

*Schimmer v. Jaguar Cars*,
  384 F.3d 402 (7th Cir. 2004) .......................................................................25

*In re Sears, Roebuck & Co. Tools Mktg. and Sales Practices Litig.*,
  2006 WL 3754823 (N.D. Ill. Dec. 18, 2006).................................................18

*Shaulis v. Nordstrom, Inc.*,
  865 F.3d 1 (1st Cir. 2017)............................................................................26

*Sheris v. Nissan North America, Inc.*,
  2008 WL 2354908 (D.N.J. June 3, 2008)......................................................23

*Shurtleff v. Jay Tuft & Co.*,
  622 P.2d 1168 (Utah 1980)..........................................................................24

*Siegel v. Shell Oil Co.*,
  612 F.3d 932 (7th Cir. 2010) .......................................................................38

*Skeen v. BMW of N. Am., LLC*,
  2014 WL 283628 (D.N.J. Jan. 24, 2014)......................................................16

*Smith v. Cousins*,
  358 So. 2d 1158 (Fla. Dist. Ct. App. 1978)...................................................30

*South Broward Hosp. Dist. v. MedQuist, Inc.*,
  516 F. Supp. 2d 370 (D.N.J. 2007)................................................................31

*Sterling Chemicals, Inc. v. Texaco Inc.*,
  259 S.W.3d 793 (Tex. App. Ct. 2007)...........................................................35

*Stevenson v. Mazda Motor of Am., Inc.*,
  2015 WL 3487756 (D.N.J. June 2, 2015).......................................................33

*Stroud v. Arthur Andersen & Co.*,
  37 P.3d 783 (Okla. 2001).............................................................................35

*Szabo v. Bridgeport Machines, Inc.*,
   249 F.3d 672 (7th Cir. 2001) ...............................................................17

*Tague v. Autobarn Motors, Ltd.*,
   914 N.E.2d 710 (Ill. App. Ct. 2009) ...................................................22

*In re Takata Airbag Prod. Liab. Litig.*,
   193 F. Supp. 3d 1324 (S.D. Fla. 2016) ...............................................35

*Tapia v. Davol, Inc.*,
   116 F. Supp. 3d 1149 (S.D. Cal. 2015) ...............................................24

*Taterka v. Ford Motor Co.*,
   271 N.W.2d 653 (Wis. 1978) ...............................................................19

*Theidemann v. Mercedes-Benz USA, LLC*,
   183 N.J. 234 (2005) .......................................................................22, 41

*Thunander v. Uponor, Inc.*,
   2012 WL 3430749 (D. Minn. Aug. 14, 2012) .....................................40

*Tietsworth v. Harley Davidson, Inc.*,
   677N.W.2d 233, 245 (Wis. 2004) .......................................................42

*Tillman v. Camelot Music, Inc.*,
   408 F.3d 1300 (10th Cir. 2005) ...........................................................37

*Town of Alma v. AZCO Const., Inc.*,
   10 P.3d 1256 (Colo. 2000) ..................................................................35

*U.S. Bank N.A. v. Sofield*,
   2017 WL 2569740 (W.D.N.C. June 13, 2017) ....................................37

*United States v. Jackson*,
   208 F.3d 633 (7th Cir. 2000) ...............................................................28

*Regents of Univ. of Colorado ex rel. Univ. of Colorado at Boulder v.
   Harbert Const. Co.*,
   51 P.3d 1037 (Colo. App. 2001) ..........................................................19

*Vesta Fire Ins. Corp. v. Milam & Co. Const.*,
   901 So. 2d 84 (Ala. 2004) ...................................................................35

*W. Ridge Grp., LLC v. First Trust Co. of Onaga*,
    414 Fed. Appx. 112 (10th Cir. 2011) ................................................................36

*Wagner Tractor, Inc. v. Shields*,
    381 F2d 441 (9th Cir 1967) ...............................................................................41

*Wait v. Roundtree Mobile, LLC*,
    2015 WL 6964668 (S.D. Ala. Nov. 10, 2015) ...................................................24

*Waller v. Hewlett-Packard Co.*,
    295 F.R.D. 472 (S.D. Cal. 2013) .......................................................................10

*Walsh Chiropractic, Ltd. v. Stratacare, Inc.*,
    752 F. Supp. 2d 896 (N.D. Ill. 2010) ................................................................38

*Walsh v. Ford Motor Co.*,
    807 F. 2d 1000 (D.C. Cir. 1986) .......................................................................13

*Weske v. Samsung Electronics America, Inc.*,
    934 F. Supp. 2d 698 (D.N.J. 2013) ....................................................................27

*Wilborn v. CarMax Auto Superstores California, LLC*,
    2017 WL 6940653 (C.D. Cal. Dec. 11, 2017) ..................................................23

*Wilson v. Century 21 Great W. Realty*,
    18 Cal. Rptr. 2d 779 (Cal. Ct. App. 1993) ........................................................30

*Wilson v. Hewlett-Packard Co.*,
    668 F.2d. 1136 (9th Cir. 2012) ..........................................................................28

*Yarger v. ING Bank, FSB*,
    285 F.R.D. 308 (D. Del. 2012) ...................................................................17, 18

*Zaffiri v. Pontiac RV, Inc.*,
    2012 WL 7050429 (Ill. App. Ct. Sept. 11, 2012) .............................................23

*Zaycer v. Sturm Foods, Inc.*,
    896 F. Supp. 2d 399 (D. Md. 2012) ..................................................................13

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................26, 27

Fed. R. Civ. P. 12(b)(6) .............................................................................................8

**Statutes**

15 U.S.C. § 2303(a) ...................................................................................24

15 U.S.C. § 2304 .......................................................................................24

15 U.S.C. § 2310(d) ...................................................................................25

28 U.S.C. § 1332(d) ...................................................................................25

Ala. Code § 7-2-316 ...................................................................................21

Ala. Code § 8-19-10 .............................................................................15, 43

Ala. Code § 8-19-14 ...................................................................................16

Alaska Stat. § 45.50.53 ..............................................................................16

Ark. Code Ann. § 4-88-115 ........................................................................16

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .................................................8

Cal. Bus. & Prof. Code §§ 17500, *et seq.* .................................................8

Cal. Com. Code § 2316 ..............................................................................21

Conn. Gen. Stat. § 42-110g(f) ....................................................................16

Fla. Stat. Ann. § 672.316 ...........................................................................21

Haw. Rev. Stat. § 480-24(a) .......................................................................16

Ill. Comp. Stat. Ann. 5/2-316 .....................................................................21

Ky. Rev. Stat. § 367.220(5) ........................................................................16

Mass. Gen. Laws Ann. Ch. 106, §§ 2-314 to 2-318 ...................................23

Mass. Gen. Laws Ann. Ch. 106, § 2-316 ...................................................21

Mass. Gen. Laws Ch. 93A § 9(3) ...............................................................15

Mich. Comp. Laws § 445.911(7) .................................................................16

N.C. Gen. Stat. Ann. § 25-2-316 ...............................................................21

N.J.S.A. 12a:2-316 ............................................................................................21

N.Y. U.C.C. Law § 2-316 ................................................................................21

New York Gen. Bus. Law §349 ..........................................................................8

Okla. Stat. Ann. Tit. 12a, § 2-316 ...................................................................21

Or. Rev. Stat. Ann. § 72.3160 .........................................................................21

Tex. Bus. & Comm. Code § 2.316 ...................................................................21

Tex. Bus. & Comm. Code § 17.505(a) ............................................................15

UNIFORM COMMERCIAL CODE 7 (2d ed. 1980) .....................................................13

Utah Code Ann. § 13-11-19 ............................................................................16

Utah Code Ann. § 70a-2-316 ..........................................................................21

Wash. Rev. Code § 19.86.120 .........................................................................16

Wis. Stat. Ann. § 402.316 ...............................................................................21

Wis. Stat. §100.18, *et seq.* .............................................................................8, 16, 42

**Other Authorities**

McLaughlin on Class Actions, § 5:60 ..............................................................17

## **PRELIMINARY STATEMENT**

Is a class action necessary – or even appropriate – when a defendant has offered most if not all of the relief the plaintiffs seek or could obtain?  Plaintiffs are owners of various model and model year BMW vehicles equipped with the "N20" and "N26" engine.  Plaintiffs claim the timing chains in their vehicles' engines are defective because they broke after their vehicles' 4-year/50,000-mile limited warranty period expired – in most instances 20,000 miles, 30,000 miles, even *50,000* miles later.  These parts are defective, say Plaintiffs, because they "should last a minimum of 150,000 miles."  That duration is allegedly demonstrated by the vehicles' Service and Warranty Manuals (it's not in there), "other materials accompanying the vehicles" (what those are, they don't say), "other engines manufactured by defendants" (which they don't identify), and the "performance of comparable competitor vehicles" (whichever they might).

Plaintiffs claim Defendants knew about this alleged defect since 2013 but failed to disclose it.  As "evidence" of Defendants' knowledge, Plaintiffs point to a February 2017 service bulletin advising dealers how to address and repair issues with the timing chains in these vehicles.  As further evidence of Defendants' knowledge and purported "admission" of this defect, Plaintiffs point to the fact that in December 2017 several of them received notice that the warranty on these vehicles' timing chains was being extended to 7 years/70,000 miles.

What Plaintiffs don't point out is that, along with the 2017 service bulletin and warranty extension, Defendants instituted a refund program for customers who incurred expenses associated with timing-chain issues.  Notice of that warranty extension and refund program was mailed to about 433,000 owners of BMW vehicles with N20 and N26 engines, like Plaintiffs here.  Still, Plaintiffs say the warranty extension, reimbursement program, and service bulletin aren't enough.

Instead, Plaintiffs seek to pursue a nationwide or 14-state class action for breach of express and implied warranty, violation of the Magnusson-Moss Warranty Act, multiple states' consumer-protection statutes, common-law negligent misrepresentation, unjust enrichment, and declaratory and injunctive relief.  But Plaintiffs shouldn't be permitted to pursue a class action where Defendants offered the relief sought or which could reasonably be obtained.  And even if Plaintiffs are allowed to pursue their proposed class action, they can't bring their claims on a nationwide basis under New Jersey law, and their substantive claims are flawed for myriad reasons.

## STATEMENT OF FACTS[1]

Bayerische Motoren Werke Aktiengesellschaft (BMW AG) is a German entity that designs and manufactures BMW brand vehicles.[2]  (Amended

---

[1]   Solely for the purposes of this motion to dismiss, BMW NA accepts as true the well-pled factual allegations in the Plaintiffs' Amended Consolidated Class Action Complaint (CAC).

[2]   BMW AG has not yet been served.

Consolidated Class Action Complaint (CAC), Docket Entry 23, ¶ 14.)  BMW of North America, LLC (BMW NA) is the U.S. importer, distributor, marketer, and warrantor of BMW vehicles.  (*Id.* ¶ 15.)  BMW vehicles sold in the U.S. come with a 4-year/50,000-mile (whichever comes first) limited warranty.  (*Id.* ¶ 9.)

The twenty Plaintiffs hail from fourteen states and purchased, either new or used, a variety of BMW vehicles equipped with the N20 or N26 engine.  (CAC ¶13.)  All but two of the Plaintiffs claim the timing chains in their vehicles' engines failed, necessitating either repair or, in some cases, replacement of the engine, causing out-of-pocket expense:

| Name | State | Model/Model Year | New or Used | Mileage at Failure | Monetary Claim/Damage |
|------|-------|------------------|-------------|--------------------|-----------------------|
| B. Patel | New Jersey | 2013 X3 | Used | 71,000 | $8,000/replaced engine |
| C. Williams | New Jersey | 2013 X3 | Used | 83,000 | $7,000/replaced engine |
| A. Patel | New Jersey | 2012 528 | Used | 72,755 | $1,768/repair engine |
| A. Gelis | Illinois | 2013 328 | New | 65,500 | $500 for transportation (BMW NA paid for engine) |
| R. McDonald | Florida | 2013 X3 | New | 93,000 | $11,000/replaced engine |
| N. Guy | New York | 2013 X3 | New | 85,000 | Sold "at loss" due to damaged engine |
| E. Zinn | New York | 2014 328 | Used | No failure | Declaratory relief |
| J. Olson | Utah | 2013 X3 | New | 79,000 | $8,900/replaced engine |
| G. & S. Heyman | New York | 2013 (not identified) | Used | 98,896 | $5,500/repaired engine |
| K. Henderson | Colorado | 2013 (not identified) | Used | 58,000 | $10,000/repaired engine |

| Name | State | Model/Model Year | New or Used | Mileage at Failure | Monetary Claim/Damage |
|---|---|---|---|---|---|
| D. Ward | Texas | 2013 X3 | Used | 73,617 | $7,500/replaced engine |
| D. Stoval | Alabama | 2012 528 | Used | 91,000 | $5,400/repaired engine |
| A. Martinez | Oklahoma | 2012 528 | Used | 90,000 | $3,137/repaired engine |
| A. Gorey | Massachusetts | 2013 X3 | Used | 79,000 | $10,000/replaced engine |
| K. Gagnon | Massachusetts | 2013 328 | Used (demo) | 80,000 | $8,229/replaced engine |
| E. Arat | California | 2012 328 | Used | 87,000 | $500/ repaired engine |
| A. Malske | Wisconsin | 2013 X3 | New | 79,000 | $10,000/replaced engine |
| C. Lash | Oregon | 2013 X3 | New | 45,000 | $3,045/replaced engine |
| D. Richardson | North Carolina | 2013 428 | Used | No failure | Declaratory relief |
| M. Cerny | Texas | 2012 328 | Used | 100,000 | $2,964/replaced components |

*See* CAC, ¶13(a)-(t).

The timing-chain assemblies in the N20 and N26 engines ensure that the valves in the engine's combustion chamber open and close properly "in the precise, synchronized manner necessary for the engine to properly function." (CAC ¶ 2.) If the primary timing chain malfunctions, that synchronization fails, resulting in power loss or causing the pistons or valves to collide. (*Ibid*.) Plaintiffs allege that, in some instances, the engine will operate poorly, stall, or exhibit limited acceleration, and in other cases can cause "sudden and catastrophic engine self-destruction." (*Id.* ¶ 3.) Further, Plaintiffs claim that the primary timing chain's guide assembly is made of substandard materials which break, becoming lodged in the crankshaft drive sprockets or stuck in the oil pump, blocking the lubricating oil

and "resulting in catastrophic engine damage and/or complete failure." (*Id.* ¶ 4.) This alleged defect poses "a serious safety issue while the vehicle is being operated since there is loss of engine power without warning, loss of power-assisted steering and reduced braking," drive-wheel locking in manual-transmission vehicles, loss of directional stability and steering, or failure of the engine to start "leaving the driver and passenger stranded mid-journey," yet no Plaintiff claims to have experienced any of these "safety" issues. (*Ibid.*) Plaintiffs also claim the secondary timing chain is defective and, when it fails, the oil pump stops working and no longer provides "lubricating oil to contact surfaces such as crankshaft bearings resulting in catastrophic engine damage and/or complete failure." (*Id.* ¶ 5.)

Plaintiffs claim the timing-chain assemblies "should last a minimum of 150,000 miles in a modern automobile such as the class vehicles." (CAC ¶ 28.) Plaintiffs contend Defendants knew of the alleged defects as early as 2013 because Defendants "began to redesign chain assembly components to alleviate the known issues without revealing to class members the defect or its knowledge thereof." (*Id.* ¶ 30.) Plaintiffs assert that Defendants' knowledge of this defect in 2013 is demonstrated by Defendants' issuance of Service Information Bulletin "SI B11 03 17" in February 2017, addressing "the symptoms associated with the defective chain assemblies." (*Ibid.*) Plaintiffs claim that based on the Service Information Bulletin, "comments on various websites and the lead time necessary to investigate

5

chain assembly failures, redesign and/or retool and manufacture the updated components" prove Defendants were aware of the alleged defect "in late 2012 or early 2013." (*Ibid*.) Plaintiffs claim Defendants "purposefully ignored" the purported defect "for years in order to avoid substantial costs associated with remedying these defects under warranty." (*Id.* ¶ 32.)

In the fall of 2017, BMW NA extended the warranty on the timing-chain assemblies from 4 years/50,000 miles to 7 years/70,000 miles. (CAC ¶ 9.) BMW NA notified 433,000 owners and lessees of BMW vehicles with N20 or N26 engines about this warranty extension and the availability of a reimbursement program. (*See* Declaration by Christopher J. Dalton (Dalton Decl.), **Exhibit A**.)[3]

Plaintiffs allege 21 causes of action on a nationwide or state subclass basis:

| Count | Claim | Class |
|-------|-------|-------|
| I | Breach of Express Warranty | Nationwide or New Jersey Subclass |
| II | Breach of Implied Warranty of Merchantability | Nationwide or State Subclasses |
| III | Violation of Magnuson-Moss Warranty Act | Nationwide or State Subclasses |
| IV | Violation of New Jersey Consumer Fraud Act | Nationwide or New Jersey |
| V | Violation of Illinois Consumer Fraud Act | Illinois Subclass |
| VI | Violation of Mass. Gen. L. 93A | Massachusetts Subclass |

---

[3]   The Court's consideration of the Exhibits attached to the Dalton Declaration is appropriate, and does not convert this motion into one for summary judgment, because the timing chain warranty extension, service information bulletin, and limited warranty on Plaintiffs' vehicles are referenced in, and integral to, Plaintiffs' CAC. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

| Count | Claim | Class |
|-------|-------|-------|
| VII | Violation of Texas Deceptive Trade Practices Act | Texas Subclass |
| VIII | Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* | California Subclass |
| IX | Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* | California Subclass |
| X | Violation of Cal. Consumer Legal Remedies Act | California Subclass |
| XI | Violation of Cal. Song-Beverly Warranty Act | California Subclass |
| XII | Violation of Wisconsin Deceptive Trade Practices Act | Wisconsin Subclass |
| XIII | Violation of Oregon Unlawful Trade Practices Act | Oregon Subclass |
| XIV | Violation of New York Gen. Bus. Law §349 | New York Subclass |
| XV | Violation of Fl. Deceptive & Unfair Trade Practices Act | Florida Subclass |
| XVI | Violation of Colorado Consumer Protection Act | Colorado Subclass |
| XVII | Violation of Alabama Deceptive Trade Practices Act | Alabama Subclass |
| XVIII | Violation of Utah Consumer Sales Practices Act | Utah Subclass |
| XIX | Violation of Oklahoma Consumer Protection Act | Oklahoma Subclass |
| XX | Negligent Misrepresentation | Nationwide or State Subclasses |
| XXI | Unjust Enrichment | Nationwide or State Subclasses |
| XXII | Injunctive and Declaratory Relief | Richardson, Zinn, and Declaratory Relief Subclass |

## **STANDARD GOVERNING MOTION TO DISMISS**

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party.  *Phillips v. County. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "A pleading that offers labels and conclusions will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678 (citations omitted).  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ibid*.  Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such entitlement with its facts."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## LEGAL ARGUMENT
### Point One:
### A Class Action is Unnecessary Because BMW NA Is Offering Relief.

Plaintiffs seek to pursue a nationwide or multi-state class action asserting claims for breach of warranty, consumer fraud, negligent omission, and declaratory and injunctive relief.  Plaintiffs seek compensation for out-of-pocket expenses associated with repairing the timing chains in their vehicles and an extension of the warranty for those parts.  But that's already being provided.

As Plaintiffs acknowledge (CAC ¶ 9), BMW NA has notified 433,000

owners and lessees of vehicles with N20 and N26 engines that the warranty on those vehicles' timing chains and associated components has been extended from 4 years/50,000 miles to 7 years/70,000 miles, *and* that owners who've incurred expenses repairing the timing chains in their vehicles can apply for a refund.

Plaintiffs say the warranty extension is insufficient because it does "not encompass all components of the primary and secondary chain assemblies alleged to be defective in this complaint particularly including engine failures caused by abrasion of the primary chain guides." (*Ibid*.)  The Complaint focuses on the primary timing chain, primary chain tensioner, primary chain guiderails (guides), secondary timing chain, and secondary chain sprocket.  (CAC ¶¶ 4-5, 33-34.)

Yet those parts – and more – *are* covered under the warranty extension.  (*See* Dalton Decl., **Exhibits B-C**.)  Moreover, the standard New Vehicle Limited Warranty and the warranty extension cover "consequential repairs" – those repairs "required as a '**direct result**' of the issue" presented here.  (*Ibid*.)  And neither the warranty extension nor the customer refund program prohibits replacement or reimbursement for engine damage due to failure of the primary or secondary timing chains.  So, why do we need a class action?

Indeed, courts around the country have found class-action lawsuits inappropriate where the defendant is offering the relief being sought.[4]  This Court

---

[4]    *E.g., Conrad v. Boiron, Inc.*, 869 F.3d 536, 541 (7th Cir. 2017) (affirming dismissal of class

should do the same and dismiss this action because a remedy is already available without the need to engage in lengthy class-action litigation.

## Point Two:
## Plaintiffs Cannot Pursue a Nationwide Class Action Under New Jersey Law.

Plaintiffs are residents of, and purchased their vehicles in, Alabama, California, Colorado, Florida, Illinois, Massachusetts, New Jersey, New York, North Carolina, Oklahoma, Oregon, Texas, Utah, and Wisconsin. Except for the

---

action where court found representative plaintiff inadequate for having refused to take advantage of defendant's refund program); *In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748, (7th Cir. 2011) (affirming dismissal of class action where remedy was available; "Plaintiffs want relief that duplicates a remedy that most buyers already have received, and that remains available to all members of the putative class. A representative who proposes that high transaction costs (notice and attorneys' fees) be incurred at the class members' expense to obtain a refund that already is on offer is not adequately protecting the class members' interests.") (citation omitted); *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472 (S.D. Cal. 2013) (denying class certification where defendant had released a free software update that remedied the issue about which plaintiff complained); *Pagan v. Abbott Laboratories, Inc.*, 287 F.R.D. 139, 151 (E.D.N.Y. 2012) (finding class action not superior where recall/refund program existed, stating, "'[t]he wisdom of the Plaintiffs' decision to forgo the Recall program is questionable, particularly in light of the number of cases that have denied class certification in consumer class actions because a voluntary recall and/or refund program provided a superior method of compensating the putative class members.' This is because '[w]here available refunds afford class members a comparable or even better remedy than they could hope to achieve in court, a class action would merely divert a substantial percentage of the refunds' aggregate value to the class lawyers.'") (citations omitted); *Daigle v. Ford Motor Co.*, 2012 WL 3113854, at *5 (D. Minn. July 31, 2012) (denying class certification where Ford had implemented recall program remedying issue and providing refund) (citations omitted); *In re Conagra Peanut Butter Prod. Liab. Litig.*, 251 F.R.D. 689 (N.D. Ga. 2008) (denying class certification, finding class action was not superior where defendant had offered refunds for recalled peanut butter); *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 214 F.R.D. 614, 622 (W.D. Wash. 2003) (finding class action not superior where "defendants maintain refund and product replacement programs for individuals still in possession of PPA-containing products.") (citing *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 462-65 (D.N.J. 1998) (finding lack of superiority where reimbursement available through recall program and through administrative remedy); *Berley v. Dreyfus Co.*, 43 F.R.D. 397, 398-99 (S.D.N.Y. 1967) (rejecting plaintiffs' proposal to "needlessly replace a simple, amicable settlement procedure with complicated, protracted litigation" where the defendant offered a purchase price refund to its customers)) (other citation omitted).

New Jersey Plaintiffs, no other Plaintiff alleges any connection to New Jersey – other than that BMW NA is located here.  That, however, is insufficient to invoke New Jersey law and apply it nationwide, as numerous courts have found.

"While it might be desirable for the sake of efficiency to settle upon one state, such as New Jersey, and apply its law in lieu of the other 49 jurisdictions, due process requires individual consideration of the choice of law issues raised by each class member's case before certification."  *Chin v. Chrysler Corp.*, 182 F.R.D. 448, 457 (D.N.J. 1998).  Under the Due Process Clause, a court "may not take a transaction with little or no relationship to the forum and apply the law of the forum."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985).  Rather, "in nationwide class actions, choice of law constraints are constitutionally mandated."  *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 347 (D.N.J. 1997) (citing *Phillips Petroleum*, 472 U.S.at 821-823).  A complaint that ignores this choice-of-law requirement should be addressed at the pleading stage.[5]

New Jersey does not have the constitutionally-required interest in applying its laws to the putative class claims.  Instead, choice-of-law principles dictate that

---

[5]   *See Cooper v. Samsung Electronics America, Inc.*, 374 Fed. App'x 250, 255 n.5 (3d Cir. 2010) (rejecting plaintiff's contention that District Court erred by conducting choice-of-law analysis at motion-to-dismiss stage); *Morcom v. LG Elecs. USA, Inc.*, 2017 WL 8784836 (D.N.J. Nov. 30, 2017) (conducting choice-of-law analysis at motion-to-dismiss stage); *Cox v. Chrysler Grp., LLC*, 2015 WL 5771400 (D.N.J. Sept. 30, 2015) (same); *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373 (D.N.J. 2014) (same).

this Court will have to apply the laws of every U.S. jurisdiction.[6]

## A.   Plaintiffs Cannot Pursue Nationwide Breach-of-Warranty Claims Under New Jersey Law.

Legal variations exist across the states' UCC laws, rendering nationwide or class treatment of Plaintiff's warranty claims inapt. Simply put, the Uniform Commercial Code is *not* uniform.[7] Variations and conflicts exist across the warranty laws of the several states:

> State laws regarding breach of express and implied warranty also differ greatly with regard to "(1) whether plaintiffs must demonstrate reliance, (2) whether plaintiffs must provide notice of breach, (3) whether there must be privity of contract, (4) whether plaintiffs may recover for unmanifested…defects, (5) whether merchantability may be presumed and (6) whether

---

[6]    Moreover, as a virtually unbroken line of cases has held under analogous facts, Plaintiffs here do not have standing to invoke the laws of a state in which they suffered no injury. *See, e.g.*, *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 2015 WL 274054, at *13-14 (N.D. Cal. Jan. 21, 2015) (dismissing claims since "the named Plaintiffs do not have standing to assert claims from states in which they do not reside or did not purchase their mobile device"); *Ferrari v. Best Buy Co.*, 2015 WL 2242128, at *9 (D. Minn. May 12, 2015) ("Named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury.") (citation omitted); *McGuire v. BMW of N. Am., LLC*, 2014 WL 2566132, at *6 (D.N.J. June 6, 2014) ("[T]his Court agrees that the Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury"); *Granfield v. NVIDIA Corp.*, 2012 WL 2847575, at *4 (N.D. Cal. July 11, 2012) (dismissing all non-Massachusetts state law warranty claims with prejudice for lack of standing where named plaintiff failed to allege she made any relevant purchases outside the state of Massachusetts); *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 409 (D. Md. 2012) (plaintiff lacked standing to assert claims under the laws of states other than Maryland where plaintiff was neither harmed by product nor purchased product in any state other than Maryland).

[7]    *Walsh v. Ford Motor Co.*, 807 F. 2d 1000, 1016 (D.C. Cir. 1986) (noting the "unstartling statement made in a leading treatise: 'The Uniform Commercial Code is not uniform'") (citing J. WHITE & R. SUMMERS, UNIFORM COMMERCIAL CODE 7 (2d ed. 1980)); *Arons v. Rite-Aid Corp.*, 2005 WL 975462, at *22 (N.J. Super. Law Div. March 23, 2005) ("[N]otwithstanding the rubric Uniform Commercial Code, the law that has emerged thereunder is not pristinely uniform. Indeed, it is sometimes tangled and contradictory between jurisdictions, and in some instances clear expressions of the law notwithstanding the statutory language have not emerged.").

warranty protections extend to used [goods]."

*Payne v. FujiFilm, U.S.A., Inc.*, 2010 WL 2342388, at *9 (D.N.J. May 28, 2010)

(denying certification of nationwide class for breach-of-warranty claims) (quoting

*Cole v. GMC*, 484 F.3d 717, 726 (5th Cir. 2007)) (other citation omitted).[8]

## B.     Plaintiffs Cannot Pursue Nationwide Consumer-Fraud Claims Under New Jersey Law.

The Third Circuit has made clear that the New Jersey Consumer Fraud Act

(NJCFA) cannot be applied to claims of out-of-state consumers where, as here, its

application is sought simply because a defendant is located in New Jersey.  *See*

*Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202 (3d Cir. 2013).  The court

"adopt[ed] the overwhelming majority of courts' application of New Jersey choice-

of-law rules under similar circumstances."  *Id.* at 209 (citations omitted).  The

court disagreed with cases applying New Jersey law to class actions involving out-

of-state consumers based simply upon the defendant's location in New Jersey:

> While, to be sure, New Jersey has an interest in deterring
> misconduct by corporations headquartered within its borders, it
> is far from clear that this interest would be sufficient to
> outweigh other significant contacts with a plaintiff's home

---

[8]    *See also Marcus v. BMW of N. Am., LLC*, 2010 WL 4853308, at *7-9 (D.N.J. Nov. 19, 2010)
(collecting cases, noting that no court had certified nationwide class action under MMWA –
which relies upon state warranty law – because choice-of-law considerations required application
of 50 states' warranty laws; variations in warranty laws precluded certification of nationwide
MMWA claim); *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 508-511 (S.D.N.Y. 2011)
(same); *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, 194 F.R.D. 484, 489 (D.N.J.
2000) (declining to certify a nationwide class for implied-warranty claims because of significant
differences with respect to each state's definition of merchantability, whether remedy was tort or
contract remedy, and whether state allows waiver of implied warranty); *Chin*, 182 F.R.D. at 457-
463 (discussing myriad variations in state warranty laws precluding class certification).

13

> state. New Jersey's deterrent interest might well be served by
> actions involving in-state plaintiffs or actions involving
> additional contacts within New Jersey without opening the
> floodgates to nation-wide consumer fraud class actions brought
> by out-of-state plaintiffs involving transactions with no
> connection to New Jersey other than the location of the
> defendant's headquarters.

709 F.3d at 210; *see also id.* at 208 n.3.

Conflicts abound between the NJCFA and the consumer-protection laws of the other states. For example, Alabama prohibits class actions.[9] California (UCL only) does not provide for a jury trial.[10] Illinois requires actual reliance or deception.[11] Alabama, Massachusetts, and Texas require pre-suit notice and an opportunity to cure before instituting a consumer-fraud action.[12] Utah provides for minimum relief in a set amount.[13] Statutes of limitation vary widely – from one to six years – across the states.[14]

Numerous conflicts exist between the NJCFA and the consumer-protection statutes of the other states. Those conflicts mandate application of each putative

---

[9]   Ala. Code § 8-19-10(f).

[10]   *Notrica v. State Comp. Ins. Fund*, 83 Cal. Rptr. 2d 89 (Cal. Ct. App. 1999) (no jury trial under UCL).

[11]   *Avery v. State Farm Mut. Auto. Ins. Co.,* 835 N.E.2d 801, 861 (Ill. 2005).

[12]   Ala. Code § 8-19-10(e); Mass. Gen. Laws Ch. 93A § 9(3); Tex. Bus. & Comm. Code § 17.505(a).

[13]   Utah Code Ann. § 13-11-19 ($2,000).

[14]   Ala. Code § 8-19-14 (one year); Ky. Rev. Stat. § 367.220(5) (one year); Alaska Stat. § 45.50.53 (two years); Tex. Bus. & Comm. Code § 17.565 (two years); Conn. Gen. Stat. § 42-110g(f) (three years); Wis. Stat. § 100.18(11)(b)(3) (three years); Haw. Rev. Stat. § 480-24(a) (four years); Wash. Rev. Code § 19.86.120 (four years); Ark. Code Ann. § 4-88-115 (five years); Mich. Comp. Laws § 445.911(7) (six years).

class member's home jurisdiction.  As in *Maniscalco,* Plaintiffs here cannot pursue a nationwide class-action under the NJCFA where the only basis for applying New Jersey law is BMW NA's location in New Jersey.[15]

## C.  Plaintiffs Cannot Pursue Nationwide Negligent-Misrepresentation Claims Under New Jersey Law.

State law variations exist as well for Plaintiff's common-law negligent-misrepresentation claims, once again requiring individualized choice-of-law questions and precluding the application of New Jersey law nationwide.[16]

---

[15]  Courts in this District have consistently followed *Maniscalco*'s direction that the simple fact that a defendant is located in New Jersey is insufficient to support extraterritorial – or nationwide – application of the NJCFA.  *See, e.g., Noble v. Samsung Elecs. Am., Inc.*, 2018 WL 801590 (D.N.J. Feb. 8, 2018); *Block v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3032682 (D.N.J. May 26, 2016); *Bedi v. BMW of N. Am., LLC*, 2016 WL 324950 (D.N.J. Jan. 27, 2016); *Miller v. Samsung Elecs. Am., Inc.*, 2015 WL 3695608 (D.N.J. June 29, 2015); *Oliver v. Funai Corp*, 2015 WL 3938633 (D.N.J. June 25, 2015); *Skeen v. BMW of N. Am., LLC*, 2014 WL 283628 (D.N.J. Jan. 24, 2014); *Neale v. Volvo Cars of N. Am., LLC*, 2013 WL 1223354 (D.N.J. Mar. 26, 2013); *Avram v. Samsung Elecs. Am., Inc.*, 2013 WL 3654080 (D.N.J. July 11, 2013).

[16]  *See, e.g., Donachy v. Intrawest U.S. Holdings, Inc.*, 2012 WL 869007, at *10 (D.N.J. Mar. 14, 2012) ("Briefing the unjust enrichment and negligent misrepresentation claims of the three states at issue on the motion to dismiss has already exposed the difficulty in finding common ground between various states' common law claims, given the oftentimes subtle differences between the states."); *cf. Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 674 (7th Cir. 2001) (questioning viability of nationwide negligent-misrepresentation class due to choice-of-law concerns).  Moreover, claims for negligent misrepresentation require proof of "justifiable reliance" – an individualized inquiry anathema to the class-action device:

> Under New Jersey law, the elements of a negligent misrepresentation claim are: (1) defendant negligently made a false communications [sic] of material fact; (2) plaintiff justifiably relied upon the misrepresentation; and (3) the reliance resulted in an ascertainable loss or injury.  Thus, assuming that New Jersey law does apply to this claim, the elements of a negligent misrepresentation claim are incongruent with granting class certification, as common issues would not predominate because each plaintiff would need to prove reliance.

*Elias v. Ungar's Food Prods., Inc.*, 252 F.R.D. 233, 251 (D.N.J. 2008) (citations omitted).

## D.     Plaintiffs Cannot Pursue Nationwide Unjust-Enrichment Claims Under New Jersey Law.

Courts and commentators have recognized that variations exist across the states' unjust-enrichment laws, rendering inappropriate nationwide class certification under one state's laws.[17]   Significant differences exist amongst the states regarding what statutes of limitation apply to unjust-enrichment claims and when those claims start to accrue, as well as "the availability of unjust enrichment as an independent cause of action, the need to show an absence of an adequate remedy at law, the requirement that a benefit be obtained at the direct expense of the plaintiff, the level of misconduct a plaintiff must prove, and the availability of defenses such as unclean hands and laches." *In re Actiq Sales and Marketing Practices Litig.*, 307 F. R.D. 150, 164-66 (E.D. Pa. 2014) (citations omitted). Simply stated, "unjust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone amongst the fifty states." *In re Sears, Roebuck & Co. Tools Mktg. and Sales Practices Litig.*, 2006 WL 3754823, at *1 n.3 (N.D. Ill. Dec. 18, 2006).[18]

---

[17]   *See, e.g., Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 458-59 (D.N.J.2012) (finding material variations in states' laws on unjust enrichment; rejecting opposite conclusion reached in *In re Mercedes-Benz TeleAid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. 2009)); *Yarger v. ING Bank, FSB*, 285 F.R.D. 308, 323-325 (D. Del. 2012) (denying certification of sixteen-state unjust enrichment class based on state-law variations); *cf.* McLaughlin on Class Actions, § 5:60 ("[t]he majority view is that unjust enrichment claims usually are not amenable to class treatment because the claim requires evaluation of the individual circumstances of each claimant").

[18]   Some courts in this District have reached the opposite conclusion.  *E.g.*, *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 710 (D.N.J. 2012) (finding no significant variations)

The laws of the putative class members' home states will govern their claims for consumer fraud, breach of warranty, negligent misrepresentation, and unjust enrichment.   Plaintiffs cannot invoke New Jersey law and apply it nationwide simply because BMW NA is located here.  Rather, their claims – and the claims of their putative classmates – must be adjudicated under the law of their home states.

**Point Three:**
**Plaintiffs' Warranty Claims Fail.**

**A.     Regardless of What State's Law Applies, Plaintiffs Cannot Pursue Claims for Breach of an Expired Warranty.**

In New Jersey, "the general rule, stated in *Duquesne*, prohibiting breach of warranty actions premised on defects that did not arise until after the warranty expired applies to [Plaintiffs'] claims regardless of [their] assertion that BMW knew that [their] vehicle was defective before the time-limit took effect." *Alban v. BMW of N. Am., LLC*, 2010 WL 3636253, at *7 (D.N.J. Sept. 8, 2010) (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604 (3d Cir. 1995)).

---

(citations omitted).  Significantly, however, the *Yarger* court conducted a searching review of cases discussing unjust-enrichment class actions, reviewing numerous decisions examining and denying certification of nationwide or multi-state unjust-enrichment classes based on significant material legal variations.  285 F.R.D. at 324 n.23 (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012) ("The elements necessary to establish a claim for unjust enrichment also vary materially from state to state"); *In re Aqua Dots Prods. Liab. Litig.*, 270 F.R.D. 377, 386 (N.D. Ill. 2010) ("[T]he law of unjust enrichment varies too much from state to state to be amenable to national or even to multistate class treatment"); *In re Conagra Peanut Butter Prods. Liab. Litig.*, 251 F.R.D. 689, 697 (N.D. Ga. 2008) (discussing "lack of uniformity of unjust enrichment law" and  "important variances, namely state of mind, the effect of implied warranties, and direct benefit requirements")) (other citations omitted).

The same rule applies in Plaintiffs' home jurisdictions.[19]

> The reason for this rule is simple, as the Second Circuit has explained:
>
> > [V]irtually all product failures discovered in automobiles after expiration of the warranty can be attributed to a "latent defect" that existed at the time of sale or during the term of the warranty. All parts will wear out sooner or later and thus have a limited effective life. Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time. Such knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts in order to price warranties and thus can always be said to "know" that many parts will fail after the warranty period has expired. A rule that would make failure of a part actionable based on such "knowledge" would render meaningless time/mileage limitations in warranty coverage.

*Abraham*, 795 F.2d at 250.

Plaintiffs' vehicles came with a 4-year/50,000-mile (whichever comes first) New Vehicle Limited Warranty covering repair or replacement of defects in materials or workmanship. (CAC ¶ 45, 115.) Each Plaintiff's vehicle experienced the alleged defect more than 4 years or 50,000 miles after first use, which placed

---

[19] *See Ocana v. Ford Motor Co.*, 992 So. 2d 319, 324 (Fla. Dist. Ct. App. 2008); *Canal Elec. Co. v. Westinghouse Elec. Co.*, 973 F.2d 988, 993 (1st Cir.1992) (Massachusetts law); *Evitts v. DaimlerChrysler Motor Corp.*, 834 N.E.2d 942, 950 (Ill. App. Ct. 2005) ; *Taterka v. Ford Motor Co.*, 271 N.W.2d 653, 657 (Wis. 1978) ; *Abraham*, 795 F.2d at 250 (New York law); *Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 122-24 (Cal. Ct. App. 2006); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 828 (S.D. Tex. 2013); *Dinwiddie v. Suzuki Motor of Am., Inc.*, 111 F. Supp. 3d 1202, 1210 n.8 (W.D. Okla. 2015); *Cent. Min., Inc. v. Simmons Mach. Co.*, 547 So. 2d 529, 531 (Ala. 1989); *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 2014 WL 5285475, at *8 (D. Or. Oct. 15, 2014); *Frick Co. v. Boles*, 84 S.E. 1017, 1018 (N.C. 1915); *Regents of Univ. of Colorado ex rel. Univ. of Colorado at Boulder v. Harbert Const. Co.*, 51 P.3d 1037, 1041 (Colo. App. 2001). Defendant's research was unable to locate Utah case law on this point, which is otherwise universally accepted.

the vehicle out of warranty.  As courts from Plaintiffs' home states and across the country have found, BMW NA cannot be held liable for breach of warranty for alleged defects that manifest after the warranty period has expired.

Plaintiffs' implied-warranty claims fail for the same reason, because BMW NA limited the duration of the any implied warranties to the duration of the Limited Warranty.  The UCC, as adopted in every state named in the Complaint, permits both temporal and durational limits of implied warranties, as well as limitations or exclusions of the implied warranty of merchantability.[20]

In relevant part, the Limited Warranty expressly provides:

> THE DURATION OF ANY IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY, IS LIMITED TO THE DURATION OF THE EXPRESS WARRANTIES HEREIN.  BMW NA HEREBY EXCLUDES INCIDENTAL AND CONSEQUENTIAL DAMAGES, INCLUDING LOSS OF TIME, INCONVENIENCE, OR LOSS OF USE OF THE VEHICLE, FOR ANY BREACH OF ANY EXPRESS OR IMPLIED WARRANTY, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY, APPLICABLE TO THIS PRODUCT.

(*See* Dalton Decl., **Exhibit D** at 22.)

BMW NA limited the duration of any implied warranties to the duration of the express warranty.  At the time Plaintiffs claim the alleged defect manifested in

---

[20]   See N.J.S.A. 12a:2-316; 810 Ill. Comp. Stat. Ann. 5/2-316; Fla. Stat. Ann. § 672.316; Mass. Gen. Laws Ann. Ch. 106, § 2-316; Utah Code Ann. § 70a-2-316; Tex. Bus. & Comm. Code § 2.316; Ala. Code § 7-2-316; Okla. Stat. Ann. Tit. 12a, § 2-316; Cal. Com. Code § 2316; Wis. Stat. Ann. § 402.316; Or. Rev. Stat. Ann. § 72.3160; N.Y. U.C.C. Law § 2-316 (McKinney); N.C. Gen. Stat. Ann. § 25-2-316.

their respective vehicles, the express warranty's time-and-mileage limitations had expired.   Therefore, Plaintiffs' implied-warranty claims also fail and must be dismissed.[21]

## B.   Plaintiffs' Implied-Warranty Claims Additionally Fail Because They Do Not Plausibly Allege Their Vehicles Were Not Merchantable at the Time of Sale.

The implied warranty of merchantability does not mean that a manufacturer must produce a flawless product.[22]   Moreover, the implied warranty of merchantability "applies to the condition of the goods *at the time of sale* and is

---

[21]   *See, e.g., McCalley v. Samsung Electronics America, Inc.*, 2008 WL 878402, at *7 (D.N.J. Mar. 31, 2008) ("Plaintiff's breach of implied warranty claim fails because the duration of the implied warranty period is consistent with the express warranty period" which had expired) (citing *N.J. Transit Corp. v. Harsco*, 497 F.3d 323, 330 (3d Cir. 2007) (holding N.J. Transit could not "rely on the implied warranties of merchantability…where the contract's one-year express warranty had expired at the time of the loss.")); *see also Tague v. Autobarn Motors, Ltd.*, 914 N.E.2d 710, 717-718 (Ill. App. Ct. 2009) (affirming dismissal of implied-warranty claim where alleged problem did not manifest until after vehicle's 3-year/36,000 mile warranty expired); *Brisson v. Ford Motor Co.*, 349 F. App'x 433, 434-35 (11th Cir. 2009) ("[P]laintiffs' failure to allege that they experienced a defect within the warranty period of the three years or 36,000 miles is fatal.  The district court properly dismissed the implied warranty claim because…Ford limited the implied warranty to the period of the express warranty, as expressly permitted by the MMWA, and plaintiffs failed to allege that a defect manifested itself or a breach occurred within that period.") (Florida law); *Meserole v. Sony Corp. of Am., Inc.*, 2009 WL 1403933, at *9 (S.D.N.Y. May 19, 2009) (dismissing implied warranty claims and enforcing disclaimer that stated any implied warranty of merchantability was limited to the duration of the express warranty); *Marchante v. Sony Corp. of Am.*, 801 F. Supp. 2d 1013, 1021 (S.D. Cal. 2011) (dismissing implied warranty claims because the "implied warranty here had a one year duration to match that of the express warranty" but "Plaintiffs here do not report any issues arising during the one year period.  They did not bring suit until 2010, long after the implied warranties had expired.").  There is no clear guidance under the law of the remaining Plaintiffs' home states, though they have all adopted the same U.C.C. provisions.

[22]   *See, e.g., Greene v. BMW of N. Am., LLC*, 2012 WL 5986457, at *3 (D.N.J. Nov. 28, 2012) ("the implied warranty [of merchantability] comes nowhere close to guaranteeing perfection"); *cf. Theidemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 243, 251 (2005) (because "[d]efects can, and do arise, with complex instrumentalities such as automobiles," plaintiffs are not entitled to a "motor vehicle without any flaws or glitches").

breached only if the defect in the goods existed when the goods left the seller's control." *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 759 N.E.2d 66, 75 (Ill. App. Ct. 2001) (emphasis added).[23]

As this Court has previously determined, "The weight of authority, from courts across the country, indicates that plaintiffs may not recover for breach of the implied warranty of merchantability under the facts where plaintiffs have driven their cars without problems for years." *Sheris v. Nissan North America, Inc.,* 2008 WL 2354908, at *5-6 (D.N.J. June 3, 2008) (dismissing implied-warranty claim where vehicle had been driven two years and 20,000 miles without incident) (quotation omitted) (citations omitted). This rule applies in Plaintiffs' home states as well.[24]

---

[23]   *See also Monticello v. Winnebago Indus., Inc.*, 369 F. Supp. 2d 1350, 1360 (N.D. Ga. 2005) ("proof that the product was defective when sold is an essential element to recover for breach of the implied warranty of merchantability") (citations omitted); *accord Koch v. Kaz USA, Inc.*, 2011 WL 2607112, at *4 (D. Colo. July 1, 2011).

[24]   *E.g., Zaffiri v. Pontiac RV, Inc.*, 2012 WL 7050429, at *8 (Ill. App. Ct. Sept. 11, 2012) (fact that allegedly latent defect did not manifest until three years after purchase "suggests the defect could have occurred over time and cuts against any inference the motor home's walls were defective at the time Pontiac sold it to plaintiffs"); *Husky Indus., Inc. v. Black*, 434 So. 2d 988, 991 (Fla. Dist. Ct. App. 1983) ("[L]iability for a breach of implied warranty of merchantability must be based on proof that the product was not merchantable at the time of sale") (citation omitted); *Collins v. Sears, Roebuck & Co.*, 583 N.E.2d 873, 874 (Mass. App. Ct. 1992) ("To prevail on their theory that Sears committed a breach of implied warranty of merchantability under G.L. c. 106, §§ 2-314 to 2-318, the plaintiffs had the burden of showing that a defect existed in the dryer at the time of sale."); *Meserole*, 2009 WL 1403933, at *9 (dismissing implied warranty claim because alleged defect in television did not arise until two years after sale); *Wilborn v. CarMax Auto Superstores California, LLC*, 2017 WL 6940653, at *9 (C.D. Cal. Dec. 11, 2017) (dismissing California implied warranty claim where "Wilborn purchased a seven-year-old vehicle that had over 50,000 miles on it at the time of purchase, has driven the car for approximately three years, and has put an additional near-40,000 miles on the car."); *Arndt v.*

Plaintiffs here drove each of their cars for more than 4 years (and close to or far more than 50,000 miles) before the alleged defect manifested. This substantial span of time and miles between purchase and manifestation cuts against the claim that the vehicles were defective at the time of sale. Plaintiffs' implied-warranty claims fail for this reason, as well.[25]

## Point Four:
## Plaintiffs' Magnusson-Moss Claims Fail.

The MMWA does not mandate that all consumer products be provided with a written warranty; it simply supplies standards where a seller chooses to provide a written warranty. 15 U.S.C. §§ 2303(a), 2304. The Act provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to

---

*Extreme Motorcycles*, 2007 WL 4570861, at *5 (W.D.N.C. Dec. 26, 2007) (dismissing implied warranty claims because plaintiff did not show motorcycle was not merchantable at the time of sale as he "used it without complaint for six months before the accident"); *cf. Rolls Royce Motor Cars, Inc. v. Houston Tractor Equip., Inc.*, 1992 WL 5546, at *5 (Tex. App. Jan. 16, 1992) ("[B]reach of the implied warranty of merchantability occurs at the time of sale."); *Wait v. Roundtree Mobile, LLC*, 2015 WL 6964668, at *3 (S.D. Ala. Nov. 10, 2015) (same); *Collins Radio Co. of Dallas, Tex. v. Bell*, 623 P.2d 1039, 1053 (Okla. Civ. App. 1980) (same); *Shurtleff v. Jay Tuft & Co.*, 622 P.2d 1168, 1174 (Utah 1980) (same). Defendant's research was unable to locate Oregon or Wisconsin case law on this point, which is otherwise universally accepted.

[25] Plaintiff Arat's implied warranty claim under California's Song-Beverly Act (Count XI) also fails because privity is required to assert a breach of warranty claim under California law. "In general, privity of contract is required in an action for breach of express warranty and breach of implied warranty. There 'is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.'" *Tapia v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1159 (S.D. Cal. 2015). Arat is not in privity with BMW NA because he purchased a used vehicle from a third-party dealership or a private party – not from BMW NA. (CAC ¶ 13(p).) Thus, Arat's implied warranty claim fails. *See Annunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1141 (C.D. Cal. 2005) (citations omitted) (dismissing plaintiff's implied warranty claim because he purchased his laptop from BestBuy.com and not directly from eMachines). Count XI (on behalf of the Song-Beverly Subclass) should be dismissed.

comply with any obligation under this chapter, or under written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief."   15 U.S.C. § 2310(d)(1).   Plaintiffs do not take issue with the form of BMW NA's written New Passenger Car Limited Warranty, that is, they do not allege any violation of the MMWA's procedural requirements.   Rather, their MMWA claims are an attempt to "federalize" their state-law warranty claims.[26]

While the MMWA provides a federal cause of action, it does not create a federal "common law" of warranty; rather, state law governs warranty claims brought under the MMWA except when explicitly modified by the MMWA's minimum standards.[27]   Plaintiffs' MMWA claims are the analog of their state-law warranty claims.   Because Plaintiffs' state-law warranty claims fail, their MMWA claims fail as well – *i.e.*, Plaintiffs cannot bring MMWA claims because their

---

[26]   In addition to being substantively flawed, as explained below, Plaintiff's MMWA claim is also procedurally flawed.  To pursue an MMWA class action there must be at least one-hundred named plaintiffs.  15 U.S.C. § 2310(d)(3)(C).  MMWA claims brought by fewer than one-hundred plaintiffs should be dismissed.  *E.g., Abraham,* 795 F. 2d at 246.  *In Blumer v. Acu-Gen Biolabs, Inc.*, 638 F. Supp. 2d 81 (D. Mass. 2009), the district court analyzed separately whether plaintiffs had established jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) (amount in controversy) and MMWA (more than one-hundred plaintiffs and amount in controversy).  The court found that CAFA did not trump the MMWA's 100-plaintif requirement.  This Court should follow *Blumer*'s example.  The MMWA's unambiguous jurisdictional requirement of one-hundred named plaintiffs, adopted prior to CAFA's more general provisions, should govern, particularly given that CAFA did not specifically address the narrower jurisdictional limitations contained in the MMWA.  Plaintiffs' Complaint identifies twenty plaintiffs; they are thus eighty plaintiffs short of the MMWA's jurisdictional requirement, and their claims under the MMWA fail.

[27]   *Marcus*, 2010 WL 4853308, at *7 (MMWA "does not itself provide any substantive law, but rather imports state law on implied and express warranties") (citation omitted); *Schimmer v. Jaguar Cars*, 384 F.3d 402, 405 (7th Cir. 2004) (MMWA "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action").

vehicles' warranties had expired before the alleged defect manifested.[28]

**Point Five:**
**All But One Of Plaintiffs' Statutory Consumer-Fraud Claims Fail.**

Except for the claims of the New York Plaintiffs (Plaintiffs Guy, Zinn, and Heyman), the remaining Plaintiffs' consumer-protection claims, which are predicated on fraudulent concealment and knowing omission, are subject to Rule 9(b)'s fraud pleading standard.[29]  While Plaintiffs' consumer-fraud claims are governed by the substantive law of their home states, Rule 9(b)'s heightened

---

[28]   *E.g., Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010) ("Cooper's [MMWA] claim is based upon his state law claims of breach of express and implied warranties. Since the District Court correctly dismissed both of those claims, Cooper's [MMWA] claim was also properly dismissed."); *Woodson v. McGeorge Camping Ctr., Inc.*, 42 F.3d 1387 (4th Cir. 1994) ("[B]ecause the jury found in favor of the defendants on each of Woodson's state law warranty claims, there can be no basis for recovery under the MMWA."); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (explaining that "claims under the [MMWA] stand or fall with [plaintiff's] express and implied warranty claims under state law.").

[29]   *See Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 372 (D.N.J. 2015) (Rule 9(b) applies to CFA claims) (citing *F.D.I.C. v. Bathgate*, 27 F.3d 850 (3d Cir. 1994)); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 441 (7th Cir. 2011) ("When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of [Rule] 9(b) applies") (citation omitted); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 13 n.6 (1st Cir. 2017) ("A claim under [Mass. Gen. L.] Chapter 93A that involves fraud is subject to the heightened pleading requirement.") (citation omitted); *Jovine v. Abbott Labs., Inc.,* 795 F. Supp. 2d 1331, 1343 n.9 (S.D. Fla. 2011) (finding that plaintiff failed to plead a FDUTPA violation with Rule 9(b)'s requisite specificity) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997)); *see also Fisher v. Honda North America, Inc.*, 2014 WL 2808188 (S.D. Cal. June 2, 2014) (applying Rule 9(b) to fraud/omissions-based claims under UCL, FAL, and CLRA); *Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119 (E.D. Wis. 2016) (applying Rule 9(b) to fraud/omissions-based claims under WDTPA); *Kearney v. Equilon Enters., LLC*, 65 F. Supp. 3d 1033 (D. Or. 2014) (applying Rule 9(b) to fraud/omissions-based claims under OUTPA); *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212 (D. Colo. 2012) (applying Rule 9(b) to fraud/omissions-based claims under CCPA); *Jackson v. Philip Morris Inc.*, 46 F. Supp. 2d 1217 (D. Utah 1998) (applying Rule 9(b) to fraud/omissions-based claims under UCSPA); *Parrish v. Arvest Bank*, 2016 WL 3906814 (W.D. Okla. July 14, 2016) (applying Rule 9(b) to fraud/omissions-based claims under OCPA); *cf. Barcal v. Emd Serono, Inc.*, 2016 WL 1086028 (N.D. Ala. Mar. 21, 2016) (pursuit of fraud and misrepresentation claims waives ADTPA claim).

24

pleading requirements are procedural and therefore governed by Third Circuit and District of New Jersey precedent. *E.g., Weske v. Samsung Electronics America, Inc.*, 934 F. Supp. 2d 698, 703 (D.N.J. 2013) (applying Rule 9(b) to consumer-protection claims under California, Illinois, Minnesota, Ohio, and Washington laws).

In the consumer-fraud context, "Rule 9(b) requires a plaintiff to plead (1) a specific false representation [or omission] of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff suffered an ascertainable loss as a result of the misrepresentation." *Alban*, 2010 WL 3636253, at *9 (quotation omitted).

Plaintiffs contend Defendants knew of the alleged defect in the timing chain assemblies, but failed to inform them or take sufficient action to remedy it. Plaintiffs base their assertion of knowledge on anonymous complaints posted to NHTSA's website (CAC ¶ 40); alleged "warranty claims, field investigations, claims supervisors, customer complaints and monitoring of performance of class vehicles by BMW LLC quality assurance employees" (*id.* ¶ 72); and assertions that Defendants must have known of the alleged defect based on "the number of replacement components and subsequent component revisions," as well as premature failures of "identical chain assembly components" in "predecessor

25

models" of the Class Vehicles.  (*Ibid*.)

Countless courts have found these sorts of broad, generalized, and nebulous allegations insufficient to establish a defendant's "knowledge" of an alleged defect.[30]   Plaintiffs' statutory consumer-fraud claims are inadequately pled and should be dismissed.

**Point Six:**
**Plaintiffs' Negligent-Misrepresentation Claims Fail.**

Plaintiffs allege that BMW NA negligently misrepresented "the characteristics of class vehicles with respect to engine materials, workmanship, design and manufacture, including that the class engine had a sufficient and adequate primary and secondary chain assemblies."   (CAC ¶ 400.)   A close examination of Plaintiffs' allegations throughout the CAC, however, reveals that

---

[30]   *See, e.g., Wilson v. Hewlett-Packard Co.*, 668 F.2d. 1136, 1146-47 (9th Cir. 2012) (rejecting as conclusory allegation of knowledge of alleged defect based on access to "aggregate information and data" regarding the alleged defect); *Grodzitsky v. American Honda Motor Co., Inc.*, 2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ("Plaintiffs' generalized assertion that unspecified 'pre-release testing data' and 'aggregate data from Honda dealers' fails to suggest how this information could have informed Defendant of the alleged defect"); *McQueen v. BMW of N. Am., LLC*, 2014 WL 656619, at *4 (D.N.J. Feb. 20, 2014) (conclusory allegations that BMW NA had knowledge of the alleged defect by "consumer complaints" or "demands for repair" provide no facts describing those complaints or demands); *Luppino v. Mercedes-Benz USA, LLC*, 2010 WL 3258259, at *5 (D.N.J. Aug. 16, 2010) ("[A]llegations regarding the experience of members of the putative class, in general, cannot fulfill the requirement of pleading with adequate specificity."); *Rait v. Sears, Roebuck & Co.*, 2009 WL 2488155, at *4 (D.N.J. Aug. 11, 2009) ("[I]f Ms. Rait's position is accepted [] virtually every consumer product company would be subject to fraud claims and extensive discovery.  All any plaintiff would be required to show is that a product broke once and that someone had complained about it on the internet"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008) (plaintiff's allegation that defendant had "exclusive knowledge as the manufacturer" did not support claim that defendant was aware of alleged defect).

the misrepresentations Plaintiffs assert are really omissions.[31]  Stripping away their

boilerplate recitations and conclusory allegations, Plaintiffs do not plead sufficient

facts detailing a single, affirmative misrepresentation made by BMW NA.  Thus,

the thrust of Plaintiffs' negligent misrepresentation claims is that BMW failed to

disclose the alleged defect.  These misrepresentation-by-omission allegations are

inadequate as a matter of law.

**A.   Plaintiffs' Claims for Negligent Misrepresentation Fail Under Florida, California, and North Carolina Law.**

It is clearly established under Florida law that a claim for "[n]egligent

misrepresentation requires affirmative action on the part of the defendant."[32]

California and North Carolina courts appear to require the same.[33]

Here, Plaintiffs do not identify an affirmative misrepresentation made by

BMW NA, and their repeated statements of BMW NA's "failure" to provide

---

[31]   *See, e.g.*, *id.* ¶ 18 ("concealing defects"); ¶ 43 ("concealment of class vehicle defects and omission of material facts"); ¶¶ 50-52 ("failed to inform"); ¶ 60 ("not revealed"); ¶ 71 ("knowingly and actively concealed"); ¶ 76 ("fraudulently concealed and/or actively suppressed"); ¶ 107 ("fraudulently omitted").

[32]   *HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*, 2001 WL 36186526, at *21 (S.D. Fla. Dec. 14, 2001) (citing *Smith v. Cousins*, 358 So. 2d 1158, 1159 (Fla. Dist. Ct. App. 1978)); *accord Pelican Ventures, LLC v. Azimut S.p.A.*, 2004 WL 3142550, at *13 (S.D. Fla. July 28, 2004)

[33]   *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 70 Cal. Rptr. 3d 199, 213 (Cal. Ct. App. 2007) ("[A] a positive assertion is required; an omission or an implied assertion or representation is not sufficient [to sustain a claim for negligent misrepresentation]."); *Bonham v. Wolf Creek Acad.*, 767 F. Supp. 2d 558, 570 (W.D.N.C. 2011) ("Finally, negligent *omissions* (which appear to be what plaintiffs are claiming) as opposed to negligent misrepresentations cannot form the basis of a claim for negligent misrepresentation under North Carolina law.").

additional information are to no avail.[34]   Accordingly, Count XX on behalf of the

purported Florida and California subclasses should be dismissed.[35]

### B.   Plaintiffs' Claims for Negligent Misrepresentation Fail Under the Laws of the Remaining Plaintiffs' States Because BMW NA Did Not Have a Duty to Disclose Imposed by Law.

Under New Jersey law, a plaintiff can recover for negligent

misrepresentation by establishing a negligently made incorrect statement, upon

which he justifiably relied, and as a consequence of the reliance sustained

economic loss.[36]   An act of omission can support a negligent misrepresentation

claim, *see South Broward Hosp. Dist. v. MedQuist, Inc.*, 516 F. Supp. 2d 370, 397

(D.N.J. 2007), but only when the breaching party owes an independent duty

imposed by law." *Alin v. Am. Honda Motor Co*., 2010 WL 1372308, at *13-14

---

[34]   *See Ocasio v. C.R. Bard, Inc.*, 2015 WL 3496062, at *9 (M.D. Fla. June 3, 2015) ("Bard's alleged failure to provide additional truthful information does not satisfy any element of negligent misrepresentation; to the contrary, Plaintiffs must establish that Bard made an affirmative misrepresentation upon which Dr. Zweibel justifiably relied.") (citation omitted); *Diediker v. Peelle Fin. Corp.*, 70 Cal. Rptr. 2d 442, 448 (Cal Ct. App. 1997) (citing *Huber, Hunt & Nichols, Inc. v. Moore*, 136 Cal. Rptr. 603, 619 (Cal. Ct. App. 1977) ("No case has been cited and we find none in which any court held that the doctrine of negligent misrepresentation applies to Implied representations.   In all cases a 'positive assertion' was involved."); *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 202-03 (M.D.N.C. 1997) ("The Court has not been cited to, nor has it located, a case wherein North Carolina has extended the tort of negligent misrepresentation to cover 'negligent omissions'….   The Court finds the tort of negligent omission does not presently exist in North Carolina."

[35]   The state of the law in Oregon with respect to negligent misrepresentation-by-omission claims is unclear.   BMW NA has been unable to find any Oregon authorities explicitly establishing that an omission can support a claim for negligent misrepresentation.   *E.g., Onita Pac. Corp. v. Trustees of Bronson*, 843 P.2d 890, 895 (Or. 1992) (recognizing negligent misrepresentation in Oregon but only discussing tort in context of affirmative representations).

[36]   *See McClellan v. Feit*, 376 N.J. Super. 305, 317 (App. Div. 2005) (citing *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 334 (1983), *superseded on other grounds by statute*, *Cast Art Industries, LLC v. KPMG LLP*, 209 N.J. 208 (2012)).

(D.N.J. Mar. 31, 2010) (citing *Saltiel v. GSI Consultants, Inc.,* 170 N.J. 297, 315 (2002)).

In New Jersey, a duty to disclose arises: (1) when a fiduciary relationship exists between the parties; (2) when the transaction is intrinsically fiduciary in that it calls for good faith and full disclosure; or (3) when one party expressly reposes a special trust or confidence in the other. *Ibid.* This special, fiduciary relationship giving rise to the duty to disclose is a question of law. *See Salovaara v. Jackson Nat. Life Ins. Co.*, 66 F. Supp. 2d 593, 602 (D.N.J. 1999), *aff'd*, 246 F.3d 289 (3d Cir. 2001).[37]

Massachusetts, Illinois, Colorado, New York, Utah, Texas, Alabama, Oklahoma, Wisconsin, and Oregon also require a duty to disclose in order to pursue a negligent-misrepresentation-by-omission claim.[38]  As a matter of law, car

---

[37]  Whether a duty to disclose exists is a question of law for the Court to decide.  Plaintiffs' passing assertions in the Complaint that BMW NA had such a duty, *see* CAC ¶¶ 77-78, are unavailing.

[38]  *See First Marblehead Corp. v. House*, 473 F.3d 1, 10 (1st Cir. 2006) (liability for nondisclosure can arise "if, but only if, [defendant] is under a duty to the other to exercise reasonable care to disclose the matter in question.") (Massachusetts law) (citations omitted); *Dougherty v. Akzo Nobel Salt, Inc.*, 47 F. Supp. 2d 989, 992 (N.D. Ill. 1999) ("The Illinois Supreme Court recently held that negligent misrepresentation requires a plaintiff to establish a duty on the part of the defendant to communicate accurate information.") (citation omitted); *Aclys Int'l v. Equifax*, 438 F. App'x 689, 692 (10th Cir. 2011) ("an omission may be actionable as a negligent misrepresentation where the defendant has a duty to disclose") (Utah law); *Mullen v. Allstate Ins. Co.*, 232 P.3d 168, 174 (Colo. App. 2009) ("Because Allstate was not obligated to provide information about other types of coverage…the district court correctly determined that Allstate did not commit negligent misrepresentation by omission."); *JJM Sunrise Auto., LLC v. Volkswagen Grp. of Am., Inc.*, 46 Misc. 3d 755, 786 (N.Y. Sup. Ct. 2014) (dismissing claim for negligent misrepresentation because "Audi did not have a special duty of care owing to JJM" and further explaining that in such a commercial, automotive case, the existence of a special

makers and distributors do not stand in a special, fiduciary relationship with car buyers. "[T]he relationship between a car manufacturer and car buyer does not give rise to a duty to disclose." *Miller v. Chrysler Grp. LLC*, 2014 WL 12617598, at *6 (D.N.J. June 30, 2014) (citations omitted).[39]

---

relationship giving rise to such a duty regarding commercial speech would be "exceptional"); *Ironshore Europe DAC v. Schiff Hardin, LLP*, 284 F. Supp. 3d 845, 855 (E.D. Tex. 2018) (reasoning Texas law would recognize a negligent-misrepresentation-by-omission claim only when the defendant "has a duty to speak and does not"); *Cook's Pest Control, Inc. v. Rebar*, 28 So. 3d 716, 725 (Ala. 2009) (affirming dismissal of "negligent suppression" claim for lack of duty to inform); *Commercial Fin. Servs., Inc. v. Arthur Andersen LLP*, 94 P.3d 106, 112 (Okla. Civ. App. 2004) (reversing dismissal of negligent misrepresentation claim because "[i]n the instant case, there is a special relationship between the parties."); *Byrum v. Brand*, 268 Cal. Rptr. 609, 620 (Cal. Ct. App. 1990) (observing that "something more than an omission is required to give rise to recovery on [a negligent misrepresentation] theory"); *Betty Andrews Revocable Tr. v. Vrakas/Blum, S.C.*, 779 N.W.2d 723, at *11 (Wis. App. Ct. 2009) ("As a general rule, silence or a failure to disclose does not constitute misrepresentation unless the defendant had a duty to disclose.") (citing *Ollerman v. O'Rourke Co.*, 288 N.W.2d 95, 99-100 (Wis. 1980)); *Masood v. Safeco Ins. Co. of Oregon*, 365 P.3d 540, 564-65 (Or. App. Ct. 2015) ("[F]or the duty to avoid making negligent misrepresentations to arise, the parties must be in a 'special relationship,' in which the party sought to be held liable had some obligation to pursue the interests of the other party.").

[39]   *See also Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *9-10 (D.N.J. June 2, 2015) (car manufacturer had no duty to disclose alleged defect to car purchaser because "there [were] no allegations to suggest that defendant did anything that would have encouraged Plaintiff to place particular trust of confidence in it"); *Coba v. Ford Motor Co.*, 2013 WL 244687, at *12 (D.N.J. Jan. 22, 2013) ("New Jersey Courts have found no special relationship between individual consumers and automobile manufacturers that would impose a duty to disclose"); *Alin*, 2010 WL 1372308, at *13-14 ("Alin does not allege that the parties are in a fiduciary or intrinsically fiduciary relationship or that he reposed a special trust in Honda when he entered into his lease. Instead, the facts alleged in the complaint indicate that the parties entered into an arm's length contract for the lease of his vehicle. Accordingly, [plaintiff's allegations] that Honda failed to disclose a defect during the sale, lease, or servicing of the Class Vehicles is insufficient to state a claim for negligent misrepresentation by omission."); *Henderson v. Volvo Cars of N. Am., LLC*, 2010 WL 2925913, at *11-13 (D.N.J. July 21, 2010) (same); *Green v. GMC*, 2003 WL 21730592, at *8 (N.J. Sup. Ct. App. Div. July 10, 2003) ("no fiduciary or implied fiduciary relationship existed between plaintiffs and the manufacturers of their cars, and since neither defendants nor the dealers from whom plaintiffs purchased their cars did anything to encourage plaintiffs to repose special trust or confidence in their advice, thereby inducing plaintiffs' reliance").

Simply put, Plaintiffs here did not stand in a special, fiduciary relationship with BMW NA, which is fatal to their ability to maintain a claim for negligent-misrepresentation-by-omission.  Count XX should be accordingly dismissed.

## C.    Plaintiffs' Claims for Negligent Misrepresentation Are Additionally Barred By The Economic-Loss Doctrine.

Because BMW NA's relationship with Plaintiffs is grounded in contract (the New Vehicle Limited Warranty) and not a special, fiduciary relationship, Plaintiffs' claims for negligent misrepresentation are also barred by the economic-loss doctrine.  "Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law."  *Saltiel*, 170 N.J. at 315.  Without such an independent duty, the economic-loss doctrine bars contract claims disguised as tort claims in consumer settings.[40]

Courts from the remaining Plaintiffs' states have likewise held that, unless the defendant is "one who is in the business of supplying information for the guidance of others in their business transactions," in other words, standing in a special, fiduciary role, a manufacturer cannot be held liable under a negligent-

---

[40]  *See Boyes v. Greenwich Boat Works, Inc.*, 27 F. Supp. 2d 543, 551 (D.N.J. 1998) (explaining how New Jersey Supreme Court "extended the economic loss doctrine to transactions which could be characterized as consumer sales" because "to allow an exception for individual consumers would defeat the legislative intent in enacting the U.C.C. 'as the complete framework of the rights and remedies available to the parties to a sale of goods contract.'") (citing *Alloway v. Gen. Marine Indus., L.P.*, 149 N.J. 620 (1997) (consumer may not bring action in negligence and strict liability for economic loss arising from purchase of defective product, but must rely on UCC warranty remedies)).

misrepresentation theory for economic losses caused.[41]   Plaintiffs' negligent-

---

[41]   *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 692 N.E.2d 812, 818 (Ill.
App. Ct. 1998) (citing *Moorman Manufacturing Co. v. National Tank Co.*, 435 N.E.2d 443 (Ill.
1982)).  *See also In re Takata Airbag Prod. Liab. Litig.*, 193 F. Supp. 3d 1324, 1338-39 (S.D.
Fla. 2016) (holding that Florida's economic-loss rule bars a tort claim that "depends upon
precisely the same allegations as a warranty claim–*i.e.*, a claim the product failed to work as
promised."); *Loosli v. City of Salem*, 170 P.3d 1084, 1086 (Or. App. Ct. 2007) (en banc) (finding
"a plaintiff cannot maintain an action for purely economic loss based on a negligent
misrepresentation unless the defendant has breached a duty outside the common law of
negligence."), *aff'd*, 193 P.3d 623 (Or. 2008); *Sterling Chemicals, Inc. v. Texaco Inc.*, 259
S.W.3d 793, 797 (Tex. App. Ct. 2007) ("Under the economic loss rule, a plaintiff may not bring
a claim for negligent misrepresentation unless the plaintiff can establish that he suffered an
injury that is distinct, separate, and independent from the economic losses recoverable under a
breach of contract claim."); *Kelly v. Georgia-Pacific, LLC*, 671 F. Supp. 2d 785, 791 (E.D.N.C.
2009) ("To pursue a [negligent misrepresentation claim], a plaintiff must allege a duty owed him
by the defendant separate and distinct from any duty owed under a contract….North Carolina
courts have 'carefully circumscribed' this independent duty requirement….[and] have developed
(and the Fourth Circuit has applied) the economic loss rule, which prohibits recovery for purely
economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk.")
(citations omitted); *New York Disaster Interfaith Servs. Inc. v. Council of Peoples Org., Inc.*, 58
Misc. 3d 1212(A), at *6 (N.Y. Sup. Ct. 2018) ("[I]n New York, a claim for economic damages
based on negligent misrepresentations may proceed in the commercial context [only] if the
injured party can establish 'a special relationship of trust or confidence between the parties
which creates a duty for one party to impart correct information to another'"); *NuCal Foods, Inc.
v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013) (a plaintiff can only avoid the
economic loss rule barring a negligent misrepresentation claim if the "defendant breaches a legal
duty independent of the contract" or "a special relationship existed between the parties"); *Town
of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000) ("[W]e now expressly adopt the
economic loss rule.  We hold that a party suffering only economic loss from the breach of an
express or implied contractual duty may not assert a tort claim for such a breach absent an
independent duty of care under tort law."); *Donner v. Nicklaus*, 778 F.3d 857, 872 (10th Cir.
2015) (dismissing negligent misrepresentation claim pursuant to Utah's economic loss doctrine
because "the Donners have not adequately alleged that Mr. Nicklaus or Nicklaus Golf incurred a
duty outside of a contract.") (citation omitted); *Commercial Fin. Servs., Inc. v. Arthur Andersen
LLP*, 94 P.3d 106, 112 (Okla. Civ. App. 2004) (reversing district court's dismissal of negligent
misrepresentation claim because "[i]n the instant case, there is a special relationship between the
parties.") (citing *Stroud v. Arthur Andersen & Co.*, 37 P.3d 783, 794 (Okla. 2001)); *Nycal Corp.
v. KPMG Peat Marwick LLP*, 688 N.E.2d 1368, 1371 (Mass. 1998) (a plaintiff may recover for
negligent misrepresentation in the commercial context only if the defendant is obligated under a
necessary "duty of care"); *Vesta Fire Ins. Corp. v. Milam & Co. Const.*, 901 So. 2d 84, 106-07
(Ala. 2004) (explaining that under Alabama law, "[t]he economic-loss rule prevents tort recovery
when a product damages itself, causing economic loss, but does not cause personal injury or
damage to any property other than itself.").  *Kailin v. Armstrong*, 643 N.W.2d 132, 146 (Wis.
App. Ct. 2002) (under Wisconsin law, the only exception to the economic loss doctrine occurs

misrepresentation claims are plainly barred by the economic-loss doctrine under the various Plaintiffs' states laws.   Accordingly, Count XX should also be dismissed on the basis of the economic-loss doctrine.

## Point Seven:
## Plaintiffs' Unjust-Enrichment Claims Fail.

Plaintiffs seek to pursue claims for unjust enrichment under their respective states' laws.   However, their unjust-enrichment claims are fatally flawed for various reasons:

- The majority of Plaintiffs' home jurisdictions do not permit a claim for unjust enrichment where, as here, an adequate legal remedy exists.[42]

_____

when a plaintiff claims intentional misrepresentation; claims for "a negligent misrepresentation that induced a contract," on the other hand, are always barred by the doctrine (citing *Prent Corp. v. Martek Holdings, Inc.*, 618 N.W.2d 201, 205 (Wis. Ct. App. 2000)).

[42] *See, e.g., Carter v. L'Oreal USA, Inc.*, 2017 WL 3891666, at *3 (S.D. Ala. Sept. 6, 2017) ("When there is no dispute between the parties that an express warranty exists and a plaintiff alleges a breach of the express warranty, that plaintiff cannot also allege an unjust enrichment claim.") (citation omitted); *W. Ridge Grp., LLC v. First Trust Co. of Onaga*, 414 Fed. App'x 112, 120 (10th Cir. 2011) (under Colorado law, unjust enrichment "is a remedy designed for circumstances in which other remedies are unavailable.   As such, it is not available as a mere alternative legal theory when the subject is covered by an express contract." (citing *Interbank Investments, LLC v. Eagle River Water & San. Dist.*, 77 P.3d 814, 819 (Colo. App. 2003)); *Jovine*, 795 F. Supp. 2d at 1331 ("the Court must dismiss Plaintiff's claim for unjust enrichment because he does not lack an adequate legal remedy.") (citation omitted); *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy.") (footnote omitted); *Aronstein v. Mass. Mut. Life Ins. Co.*, 2016 WL 1626835, at *3 (D. Mass. Apr. 22, 2016) (granting motion to dismiss, noting, "because there is a valid and enforceable contract, Plaintiff's unjust enrichment claim must fail."); *Goldemburg v. J&J Consumer Cos.*, 8 F. Supp. 3d 467, 483-84 (S.D.N.Y. 2014) (dismissing unjust-enrichment claim because "not available where it simply duplicates, or replaces, a conventional contract or tort claim.") (quotation omitted) (citations omitted); *U.S. Bank N.A. v. Sofield*, 2017 WL 2569740, at *4 (W.D.N.C. June 13, 2017) (dismissing unjust-enrichment claim, noting, "although a plaintiff may allege alternative theories of recovery, the ability of a party to raise an unjust enrichment claim in the alternative to a breach of contract claim . . . rests on the absence of evidence establishing the existence of an express contract.

- New Jersey and California require a direct transaction between the plaintiff and the defendant.[43]   Yet none of the New Jersey or California Plaintiffs claims to have purchased from *BMW NA*; rather, each alleges he purchased from an independent BMW Center or third-party seller.  (*See* CAC, ¶¶ 13(a)-(c), (p).)

- Illinois does not recognize an independent cause of action for unjust enrichment; rather, it stands or falls based upon a plaintiff's other fraud-based claims.[44]  Because the Illinois plaintiff's other fraud-based claims fail,

Here, U.S. Bank attaches the [contract] to its own complaint and relies on provisions of the" contract to support its claims) (citations omitted) (quotations omitted); *Tillman v. Camelot Music, Inc.*, 408 F.3d 1300, 1309 (10th Cir. 2005) (affirming district court's dismissal of unjust-enrichment claims; "Oklahoma law provides that courts are not to invoke their equitable jurisdiction when an adequate legal remedy is available.") (citation omitted); *Harney v. Associated Materials, LLC*, 2018 WL 468303, at *4 (D. Or. Jan. 18, 2018) (although the parties disputed the viability of warranty claim, "[n]either party disputes that the express warranty that Plaintiffs have pleaded and attached to their Second Amended Complaint is a legally enforceable contract.  Because there is a legally enforceable contract in the form of an express warranty, and because [] Oregon… do[es] not allow unjust enrichment claims to be pleaded as an alternate theory of recovery when a valid contract exists, Plaintiffs' unjust enrichment claim cannot survive.")(citations omitted); *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (affirming district court's dismissal of unjust-enrichment claim; "In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists.") (citations omitted); *FDIC v. Aviano*, 184 F. Supp. 3d 1276, 1292 (D. Utah 2016) (dismissing unjust-enrichment claim where complaint identified contract "because unjust enrichment is designed to provide an equitable remedy where one does not exist at law, the doctrine may be invoked only when no express contract is present that governs the remedies available to an injured party.") (citation omitted) (quotation omitted) *Harley Marine Svs., Inc. v. Manitowoc Marine Grp.*, LLC, 759 F. Supp. 2d 1059, 1062-63 (E.D. Wis. 2010) ("where a plaintiff asserts a breach of contract claim and fails to allege any facts from which it could at least be inferred that the contract on which that claim is based might be invalid, the plaintiff is precluded from pleading in the alternative claims that are legally incompatible with the contract claim.").

[43]   *See, e.g., Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 505-06 (D.N.J. 2009) (dismissing unjust-enrichment claim against manufacturer where consumer purchased product from non-party retailer) (New Jersey law); *Gray*, 22 F. Supp. 3d at 386 (same) (California law).

[44]   *See, e.g. Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (under Illinois law, unjust enrichment is ordinarily based on "another claim against the defendant in tort, contract, or statute.  So, if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim– and, of course, unjust enrichment will stand or fall with the related claim.") (citation omitted) (footnote omitted); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (same); *Walsh Chiropractic, Ltd. v. Stratacare, Inc.*, 752 F. Supp. 2d 896, 909 (N.D. Ill. 2010) (same).  Some California courts have

34

so, too, does the Illinois unjust-enrichment claim.

For these reasons, Plaintiffs' unjust-enrichment claims should be dismissed.

## Point Eight:
## Plaintiffs' Claims for Injunctive and Declaratory Relief are Moot and Duplicative of Their Legal Claims and Should be Dismissed.

Plaintiffs contend that there is a "justiciable dispute" about whether the timing chains "should be covered under the Limited Powertrain Warranty[45] and/or New Vehicle Limited Warranty accompanying class vehicles."   (CAC ¶ 437.) Plaintiffs seek a declaration that "going forward the remedial and/or replacement work necessary to correct the defective chain assemblies incorporated in class engines together with all resulting damages are covered warranty claims."  (CAC ¶ 438.)  This request for "declaratory" relief is both moot and duplicative of the relief Plaintiffs seek in their legal claims.

It's moot because damage to the timing chains and associated components is *already* covered under the New Vehicle Limited Warranty (and, now, the 7-year/70,000-mile extension).    Furthermore, insofar as Plaintiffs seek reimbursement as a form of declaratory relief, that claim is moot due to the already-existing reimbursement program.   This count is duplicative because Plaintiffs' warranty and consumer-fraud claims seek precisely the same relief, that

---

held that unjust enrichment is not an independent cause of action.  *E.g. Nordberg v. Trilegiant Corp.*, 445 F.Supp.2d 1082, 1100 (N.D. Cal. 2006) ("The state and the federal courts appear to be unclear whether in California a court may recognize a claim for 'unjust enrichment' as a separate cause of action.") (collecting cases).

[45]   BMW NA does not offer a "Limited Powertrain Warranty."

is, a finding that there is a common defect which BMW NA should be required to remedy as "covered warranty claims." (CAC ¶ 438.) Thus, if Plaintiffs prevailed on their legal claims, they would obtain the relief they seek in this declaratory-judgment count. Indeed, Plaintiffs recognize as much, asserting that "[t]his remedy is authorized under the consumer fraud statutes of New Jersey together with all other states that grant each respective proposed class representative and proposed class member the right to seek injunctive or declaratory relief for violations of their respective state's consumer fraud statutes." (CAC ¶ 440.)

Courts have found declaratory relief duplicative in analogous circumstances. For example, in *Maniscalco v. Brother Int'l Corp.*, in addition to their legal claims, plaintiffs sought a declaratory judgment that defendant's "conduct violates the [NJCFA]...and [defendant] is obligated to reimburse class members for the cost of repairing and/or replacing" the allegedly defective machines. 627 F. Supp. 2d at 504. The court granted defendant's motion to dismiss this claim, finding that the "declaration Plaintiffs seek… is duplicative of a favorable finding for Plaintiffs on their CFA claims. If there is a finding in favor of Plaintiffs on their CFA claims, then an actual judgment, rather than a mere declaration, would be entered….Unless Plaintiffs identify a basis in the CFA whereby the Court must grant declaratory relief as a prerequisite for a finding of liability, the Court need not issue a separate declaratory judgment on the merits of the action." *Id.* at 505. Likewise, Plaintiffs'

request for declaratory relief here is subsumed in their legal claims, and should be dismissed.[46]

### Point Nine:
### Various of the Plaintiffs' Claims Fail and Should be Dismissed.

**A.    The Claims of Gelis, Henderson, and Lash Should be Dismissed.[47]**

Illinois Plaintiff Gelis alleges that in July 2013 he purchased a model year 2013 BMW 328i, that the timing-chain assembly failed in August 2017 at 65,000 miles, and that BMW NA replaced his engine for free.    (CAC ¶ 13(d).) Nonetheless, he seeks to pursue his various claims because he alleges he spent $500 for "alternative transportation."   (*Ibid*.)   Gelis's claims should be dismissed because terms and conditions of BMW NA's warranty, which also apply to the warranty extension, exclude such consequential damages.   (*See* Dalton Decl., **Exhibit D**.)

Colorado Plaintiff Henderson purchased a used model year 2013 BMW vehicle on March 2016.   (CAC ¶ 13(j).)   In October 2017, at 58,000 miles, her timing-chain assembly failed, and she alleges that she incurred $10,000 in costs to

---

[46]   *See Fancaster, Inc. v. Comcast Corp.*, 832 F. Supp. 2d 380, 427 (D.N.J. 2011) (entering summary judgment on duplicative declaratory-judgment claim); *see also Thunander v. Uponor, Inc.,* 2012 WL 3430749, at *22 (D. Minn. Aug. 14, 2012) (holding plaintiff's declaratory-judgment count, which duplicated the allegations in plaintiff's other claims, failed as a matter of law because other adequate legal remedies existed); *Miami Valley Mobile Health Services*, 852 F. Supp. 2d 925, 938-39 (S.D. Ohio 2012) (dismissing declaratory-judgment claim as duplicative of plaintiffs' breach-of-contract claims).

[47]   Because they are the only class members from Illinois, Colorado, and Oregon, Counts V, XIII, and XVI of the CAC, alleging violations of those states' consumer-protection laws, must also be dismissed.

repair her vehicle.  (*Ibid.*)  Oregon Plaintiff Lash purchased a new model year 2013 BMW X3 in April 2013.  (CAC ¶ 13(r).)  Lash claims his vehicle's timing-chain assembly failed in August 2017 with 45,000 miles on the odometer, causing him to incur $3,045 to repair his vehicle.  (*Ibid*.)  These claims fall within the reimbursement program BMW NA has offered in connection with the warranty extension, but neither Plaintiff alleges he or she sought recovery under that program or was denied recovery under that program.  Because neither Plaintiff has sought recovery under an available remedy, their claims should be dismissed.[48]

## B.   The Claims of Zinn and Richardson Should be Dismissed.

Neither New York Plaintiff Zinn nor North Carolina Plaintiff Richardson alleges his vehicle has experienced a timing-chain failure of any sort.  Neither Zinn nor Richardson alleges any out-of-pocket loss.  Neither Zinn nor Richardson alleges any harm at all.  Rather, each is suing essentially for "fear of failure."  But, as explained above, damages are essential to claims for breach of warranty,

---

[48]   *See Fiberglass Component Production, Inc. v. Reichhold Chem., Inc.*, 983 F. Supp. 948, 953 (D. Colo. 1997) ("To recover for breach of express warranty, a plaintiff must prove that: 1) a warranty existed; 2) the defendant breached the warranty; 3) the breach proximately caused the losses claimed as damages; and 4) *timely notice of the breach was given to defendant*.") (citations omitted) (emphasis added); *CHMM, LLC v. Freeman Marine Equip., Inc.*, 2013 WL 3025137, at *3 (D. Or. May 14, 2013) ("'The elements of a cause of action for breach of warranty are: (1) a warranty; (2) breach of that warranty; (3) *notice to the warrantor of the breach*; and (4) damages proximately caused by the breach.'") (quoting *Wagner Tractor, Inc. v. Shields*, 381 F2d 441, 443-44 (9th Cir 1967)) (emphasis added); *see also Green v. Green Mountain Coffee Roasters*, 279 F.R.D. 275, 281 (D.N.J. 2011) ("Because Plaintiff has not availed himself of Defendants' warranty he cannot allege that the warranty does not address the defect in his machine"); *cf. Theidemann*, 183 N.J. at 251 ("defects that arise and are addressed by warranty, at no cost to the consumer, do not provide the predicate 'loss' that the CFA expressly requires for a private claim under the CFA.").

consumer fraud, negligent misrepresentation, or unjust enrichment. Neither Zinn

nor Richardson alleges damages and, therefore, their claims should be dismissed.

**C.   Plaintiff Malske's Claim Under the Wisconsin Deceptive Trade Practices Act Should Be Dismissed.**

As Wisconsin Plaintiff Malske acknowledges (CAC ¶ 323), the Wisconsin

Deceptive Trade Practices Act (WDTPA), Wis. Stat. §100.18, *et seq*., is limited

strictly to affirmative misrepresentations.[49]   Yet Plaintiffs only allege omissions

and concealment.   Therefore, Malske's WDTPA claim fails and should be

dismissed. *See Tietsworth v. Harley Davidson, Inc.*, 677N.W.2d 233, 245 (Wis.

2004) ("plaintiffs' case is premised primarily on the allegation that Harley failed to

disclose the alleged motorcycle engine defect.   A nondisclosure is not an

'assertion, representation or statement of fact' under [the WDTPA].   Silence[–]an

omission to speak[–] is insufficient to support a claim under" the WDTPA)).

**D.   Plaintiff Stovall's Claim Under the Alabama Deceptive Trade Practices Act Should Be Dismissed.**

Alabama Plaintiff Stovall seeks to pursue claims under the Alabama

Deceptive Trade Practices Act (ADTPA) and for negligent misrepresentation.

---

[49]   *See* Wis. Stat. § 100.18(1) ("No person…shall make, publish, disseminate, circulate, or place before the public…an advertisement, announcement, statement or representation of any kind …which…contains any assertion, representation, or statement of fact which is untrue, deceptive, or misleading."); *Novell v. Migliaccio*, 749 N.W.2d 544, 552 (Wis. 2008) (to prevail on a WDTPA claim, "the plaintiff must prove three elements: (1) the defendant made a representation to the public with the intent to induce an obligation, (2) that the representation was untrue, deceptive or misleading, and (3) that the representation caused the plaintiff a pecuniary loss.") (quotations omitted) (citation omitted).

However, he cannot do both:  Under the ADTPA's election-of-remedies provision, Ala. Code § 8-19-15, he cannot pursue a common-law claim for negligent-misrepresentation if he is pursuing a claim under the ADTPA, and vice-versa. Stovall's ADTPA claim should be dismissed.[50]

## <u>CONCLUSION</u>

For the reasons explained above, Plaintiffs' claims for breach of warranty, consumer fraud, negligent misrepresentation, unjust enrichment, and injunctive or declaratory relief fail and should be dismissed.  And, even if they're not, in no way could Plaintiffs pursue a nationwide class action under New Jersey law, and their request for such relief must be dismissed.

Respectfully submitted,

*/s/ Christopher J. Dalton*
Christopher J. Dalton, Esq.
**BUCHANAN INGERSOLL & ROONEY PC**
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey  07102

*Attorneys for Defendant*
Dated:  April 16, 2018        *BMW of North America, LLC*

---

[50]   If Stovall elects to pursue an ADTPA claim, he should also be prohibited from pursuing it on a classwide basis, as the statute forbids private class actions.  Ala. Code § 8-19-10(f).

40