UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTEM V. GELIS, BHAWAR PATEL, ROBERT MCDONALD, JAMES V. OLSON, GREGORY HEYMAN, SUSAN HEYMAN, DEBRA P. WARD, DARRIAN STOVALL, ALEX MARTINEZ, AMANDA GOREY, CHRIS WILLIAMS, ASHOK PATEL, KENNETH GAGNON, MICHAEL CERNY, MARIA MEZA, ANDRE MALSKE, NICOLE GUY, DAVID RICHARDSON, STACEY TURNER and ERIC T. ZINN, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>     v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>         Defendant. | Civil Action No. 17-cv-7386 SDW-CLW |

**JOINT DECLARATION OF GARY S. GRAIFMAN,
THOMAS P. SOBRAN AND BRUCE H. NAGEL IN SUPPORT
OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

GARY S. GRAIFMAN, THOMAS P. SOBRAN and BRUCE H. NAGEL, declare under the penalties of perjury as follows:

1.  Gary S. Graifman is a shareholder of the law firm Kantrowitz, Goldhamer & Graifman, P.C. (hereinafter "KGG"); Thomas P. Sobran is the sole proprietor of Thomas P. Sobran, P.C. (hereinafter "TPS") and Bruce H. Nagel is a partner in the firm of Nagel Rice, LLP (hereinafter "NR"). Each firm was appointed Interim Class Counsel by Judge Walls on February 27, 2018 and Settlement Counsel pursuant to the Order Granting Preliminary Approval of Class Action Settlement (hereinafter "Preliminary Approval Order") entered September 9, 2020 (Dkt. No. 75). In the Preliminary Approval Order, the Court also preliminarily approved the class action

1

settlement, conditionally certified the class (as defined below) and approved the notice to be sent to settlement class members (hereinafter "Settlement Class" or "Settlement Class Member(s)"). Plaintiffs have separately filed a motion for an award of attorney's fees, reimbursement of expenses and for a service award for the Class Representatives (Dkt. No.89 through 89-8) ("Attorneys' Fee Motion").

2. This class action (the "Action") was filed on September 22, 2017 (Dkt. No. 1) and asserted counts on behalf of a nationwide class and state subclasses. Prior to filing the initial complaint Class Counsel undertook an extensive and though investigation of the BMW N20/N26 class vehicle engine. This investigation included analysis of chain assemblies' functionality and an understanding of the causes of alleged failures. Other activities included multiple exemplar N20/N26 engine tear-downs, measurement and analysis of failed chain assemblies and a review of the replacement component part design and manufacturing changes. Materials reviewed include but are not limited to BMW workshop manuals, engine parts manuals and technical service bulletins. In addition, Class Counsel regularly reviewed the National Highway Traffic Safety Administration (hereinafter "NHTSA") Office of Defect Investigation website, including complaints and comments to NHTSA by BMW owners. Class Counsel also spoke with hundreds of Class Vehicle owners who experienced chain assembly failure. A related BMW N20/N26 engine class action was filed in November 2017 and the two cases were consolidated in January 2018.

3. In March of 2018, BMW of North America, LLC (hereinafter "BMW NA") moved to dismiss the consolidated complaint, raising unique issues as to statutes of limitations, failure to demonstrate fraudulent concealment, application of the economic loss doctrine, limitations on the scope of the alleged class including opposition to the nationwide class, challenges under Fed. R.

Civ. P. 9(b) as to the particularity of the pleadings, challenges to each state consumer law claim, implication of the discovery rule and equitable tolling, *inter alia*. The parties fully briefed the motion to dismiss. (Dkt. Nos. 26, 34 and 36). Judge Walls entered an opinion and order on the motion to dismiss on October 30, 2018 that allowed the majority of Plaintiffs' claims to proceed. (Dkt Nos. 42-43). Plaintiffs filed the Second Amended Complaint on February 4, 2019. (Dkt. No. 47). Plaintiffs and BMW NA then engaged in extensive discovery practice that resulted in the production of thousands of technical documents, Class Vehicle service records and related materials.

4. The Action was subsequently referred to retired United States District Judge Stephen Orlofsky for mediation. A mediation session convened on July 21, 2019. In addition to counsel for Plaintiffs and BMW NA, representatives of BMW NA's German parent Bayerische Motoren Werke Aktiengesellschaft attended. Subsequent to the mediation session, a settlement was reached on the substantive claims. A term sheet was prepared and executed on July 23, 2019. No discussions concerning attorneys' fees occurred prior to execution of the term sheet.

5. Counsel subsequently discussed the fee issue and although the parties made progress, the fee issue was not resolved. A second mediation was held with Judge Orlofsky on November 18, 2019 to address the open issue of legal fees, but failed to resolve the issue. Magistrate Judge Cathy L. Waldor convened an in-person fee settlement conference on February 14, 2020 that also failed to resolve the fee issue. The parties continued to discuss the issue and ultimately agreed to a partial resolution whereby Plaintiffs could request attorney's fees and costs together with service awards with a guaranteed floor of $1.5 million and a ceiling of $3.7 million.

6. A formal settlement agreement was negotiated and drafted, as well as a notice plan and exhibits to the Settlement Agreement.[1] The Settlement Agreement was executed on August 21, 2020. The Court granted preliminary approval of the Settlement Agreement, together with the Notice Plan and Class Notices on September 9, 2020 (Dkt. No. 75). The Notice Plan was implemented in accordance with the Preliminary Approval Order.

7. Attached hereto as **Exhibit 1** is a true and accurate copy of the executed Settlement Agreement together with exhibits comprised of Exhibit A (proposed Class Notice of Settlement (hereinafter "Class Settlement Notice"); Exhibit B (the proposed claim form); and, Exhibit C (the Proposed Preliminary Approval Order).

8. The terms of the Settlement Agreement are set out in the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement (hereinafter "Final Settlement Memorandum") submitted concurrently herewith. The terms include primarily two components: a reimbursement program for past repairs and a prospective Extended Warranty Program for future repairs (commencing after the "Effective Date" of the Settlement). The Settlement terms involve an extension of the warranty for the timing and oil pump drive chain components in class vehicle engines, with partial reimbursement for repairs up to 100,000 miles or 8 years in-service, whichever occurs first.

9. The reimbursement terms briefly are as follows:

   A. **Reimbursement Program**. Class members who submit valid claims establishing they paid for the diagnosis, repair and/or replacement for a failed timing chain module and/or failed oil pump drive chain module and whose failure occurred

---

[1] Unless otherwise indicated herein, capitalized terms have the same meaning as set forth in the Settlement Agreement.

within 7 years of the in-service date and 70,000 miles will receive reimbursement of 100% of the invoice amount for work performed at either an authorized BMW dealer (hereinafter "BMW Center") or an Independent Service Center (hereinafter "ISC"). However, for work performed at an ISC, there is a cap of $3,000 for the timing chain module and/or oil pump drive chain module repair (hereinafter "Chain Assemblies Cap") and $7,500 for engine failure directly related to the chain assembly failure (hereinafter "Engine Repair Cap").

B. For vehicles experiencing a timing chain module/oil pump drive chain module failure *after* 7 years or 70,000 miles (whichever occurs first) but *before* 8 years in-service or 100,000 miles, if the work is performed at either an authorized BMW dealer or ISC, the repairs will be reimbursed according to the following reimbursement schedule (subject to the same Chain Assemblies Cap and Engine Repair Cap set forth above if performed at an ISC):

For Class Vehicles with between:

- 70,001 to 80,000 miles and within 7 to 8 years-in-service: 75% BMW/25% Customer Contribution;

- 80,001 to 90,000 miles and less than 8 years-in-service:   55 % BMW/45% Customer Contribution;

- 90,001 to 100,000 miles and less than 8 years-in-service:   40% BMW/60% Customer Contribution;

- 100,001 miles and above or or more than 8 years-in-service:            0% BMW/100% Customer Contribution.

C. **Prospective Extended Warranty Program**. There is also a prospective repair program which requires the work be performed by an authorized BMW Center. The repair or replacement of the defective parts (timing chain module, oil pump

    drive chain module, engine) in class vehicles up to 8 years/100,000 miles (whichever comes first) subject to the above referenced contribution schedule.

  D. In connection with the prospective Extended Warranty which goes into effect as of the Effective Date of the Settlement, an additional benefit negotiated by Plaintiffs' counsel is that for one year from the Effective Date of the Settlement, any Class Vehicle with less than 100,000 miles, regardless of Class Vehicle age, (*e.g.*, years-in-service) that experiences timing chain module failure, oil pump drive chain module failure, or engine damage, due to timing chain module or oil pump drive chain module failure, may go to an authorized BMW Center for repair, and BMW will cover a portion of the repair pursuant to the above-referenced contribution schedule.

10. The class definition and description of Class Vehicles are as follows:

**The definition of the Class:**

  All current (as of the Effective Date) and former owners and lessees in the United States, including the District of Columbia and Puerto Rico, of certain of the following U.S.-specification BMW vehicles distributed for sale, registered, and operated in the United States, including the District of Columbia and Puerto Rico:

| Model Description | Model Years |
|---|---|
| X1 SAV | 2012 - 2015 |
| X3 SAV | 2013 - 2015 |
| X4 SAV | 2015 |
| Z4 | 2012 - 2015 |
| 228i Coupe, Convertible | 2014 - 2015 |

| | |
|---|---|
| 320i Sedan | 2012 - 2015 |
| 328i Sedan, Sports Wagon, Gran Turismo | 2012 - 2015 |
| 428i Coupe, Convertible, Gran Coupe | 2014 - 2015 |
| 428i xDrive | 2014 - 2015 |
| 528i Sedan | 2012 - 2015 |

*\*Model Years are not fully indicative of actual Class Vehicles, which will depend on production ranges.*

11. There are approximately 575,303 class vehicles included in this class action. Because vehicles may be subject to multiple owners, there were 1,305,981 Class Settlement Notices sent to putative Class Members (*e.g., see* Declaration of Jason M. Stinehart, Project Manager with Rust Consulting, the Court-appointed Claims Administrator, to be filed on February 5th, 2021. The essence of the claims in this case are that BMW NA allegedly sold class vehicles with defective components in the N20/N26 engine timing chain and oil pump chain modules which were prone to premature failure. Class vehicles incorporating the alleged defective chain modules were sold to Class Members without disclosure. Repairs of class engines range from $3,500 to $4,500 if there is no engine damage and upwards of $12,000 for engine replacement with a BMW remanufactured engine where the assembly failure causes damage to the engine.

12. The settlement obtained in this case was negotiated at arm's-length and was the result of extensive negotiations with the assistance of a neutral mediator retired Judge Stephen M. Orlofsky.

13. The Settlement Agreement is an excellent result that is fair, reasonable, and adequate. This new 100K mileage limitation is a 42.86% increase over the 70K warranty extension BMW NA implemented in late 2017 (three months after Plaintiffs commenced suit).

14. Based on the current claims rate, there has been a robust response to the Settlement and it is projected there will be approximately 13,315 claims submitted by the March 18, 2021 filing deadline. The approximately 100-day claims period for Settlement Class Members to seek reimbursement under the Settlement Agreement terms provides a more than reasonable period of time and was preliminarily approved by this Court (Dkt. No. 75).

15. Despite a population of 575,303 Class Vehicles in the Settlement and 1.3 million Class Notices disseminated, only 44 objections have been filed together with 141 requests for exclusion. Accordingly, the Settlement, by all accounts is fair, reasonable and adequate. The Court should grant the final approval to this Settlement.

16. The notice program approved by the Court in the Order Granting Preliminary Approval of Class Action Settlement (hereinafter "Preliminary Approval Order") ( Dkt. No. 75) is similar to the notices used in many other automobile defect class action settlements and is also similar to the notice procedures used in NHTSA mandated vehicle recalls. Claims Administrator Rust Consulting obtained the information as to registered owners of the BMW Class Vehicles from the Department of Motor Vehicles (hereinafter "DMV") in all fifty (50) states and the District of Columbia and Puerto Rico involved in this Settlement. BMW NA utilized its registration records in its database to supplement the notice program to identify and notify Class Members. The Class Settlement Notice was sent individually, via U.S. mail, to the current or last known addresses of the absent Class Members for whose identities and addresses are reasonably ascertainable from DMV records and the records of BMW NA. Rust Consulting sent out approximately 1,300,000 separate notices to Class Vehicle owners on or about December 8, 2020. Rust Consulting pursuant to the Settlement Agreement established a settlement website located at www.timingchainmodulesettlement.com.

17. The website provides additional Settlement information including links to the Class Settlement Notice, FAQ's and answers. It also contains a copy of the settlement documents together with other important case documents, and an online portal to file claims together with deadlines and instructions on how to submit a claim, opt-out, or object to the Settlement as specified in the Court's Preliminary Approval Order. *See* Settlement Agreement ¶ IVB. The website also has a toll-free number for Class Members to reach the Claims Administrator to answer questions. *Id.*

18. There have been approximately 6,315 claims filed as of Friday, January 29, 2021. The claims rate is currently running an average of approximately 1,000 claims per week. As there are still seven weeks until the March 18, 2021 claims deadline, it is projected there will be approximately 7,000 additional claims, making the total number of filed claims approximately 13,315. Even if one-half the claims submitted (*e.g.*, 6,658) are approved by the Claims Administrator as qualified claims (a substantially conservative estimate), the value of the reimbursement portion of the Settlement is $19,974,000 if the damages cap of $3,000 per claim is used and *without* including any claims for related engine damage which would obviously significantly increase that number. The prospective Extended Warranty component has been evaluated by Plaintiffs' valuation expert, Kirk D. Kleckner who analyzed warranty data produced by BMW NA. Kleckner concluded that the warranty extension has a value of $64 million if the initial component warranty extension of seven years/70k miles is included and a value of $42.3 million if excluded from the calculus. *See* Declaration of Kirk D. Kleckner ("Kleckner Decl.") (Dkt. Nos. 113-4). Without question, the benefits conferred on Class Members in this Settlement are substantial.

19. Although there are 1,305,981 members of the Settlement Class, to date there have **been only 141 requests for exclusion** and **only 44 objections**, lodged. This represents a miniscule percentage of Class Member objectors (approximately 0.0034%) and opt-outs requests (approximately 0.0108%). Such a small number of exclusions and objections weighs heavily in favor of approval of the Settlement. A list of the objections is annexed hereto as **Exhibit 2.** Class Counsel concurrently filed a separate memorandum addressing the objections.

20. Co-Class Counsel Thomas Sobran performed extensive tear-downs of two class engines. Mr. Sobran is an automotive expert who is a factory-trained Volvo, Honda, BMW, Mercedes-Benz and Porsche automotive technician and service manager. He possesses extensive knowledge of vehicle-component design and manufacture together with assembly, test and repair procedures as well as extensive experience in motorcycle and automotive engine blueprinting and race preparation including designing, machining/fabricating components. (*See*, Sobran Resume at Dkt. No. 72-5 and 85-5).

21. Counsel also seeks to supplement the prior Attorneys' Fees Motion with additional time incurred since the January 11, 2021 submission, which was the last day of the prior reporting period. At that time, counsel had a combined lodestar of $1,713,222.[2] Since then, the parties have incurred additional time as follows:

1. Thomas P. Sobran since January 11, 2021, has incurred additional time of 71.1 hours at his hourly rate of $750/hr., which totals $53,325 of additional lodestar. However, there was a previous credit for future time anticipated which was an additional 86 hours of future time included in the lodestar calculation when the Attorneys' Fee Motion was made. As of the date of

---

[2] See Plaintiffs' Reply Brief in Support of an Award of Attorneys' Fees, Reimbursement of Expenses and Award of Class Representative Service Payments and accompanying time and expense declarations (Dkt. Nos. 113 to 113-3).

filing the reply papers on the Attorneys' Fee Motion, the Sobran firm still had a remaining credit of 30 hours of the 86 hours which had been added into the lodestar as anticipated future time (*See* Supplemental Declaration of Thomas P. Sobran in Support of Application for Attorneys' Fees and Expenses (Dkt. No. 113-3 at ¶ 4)).  Thus, deducting the 30 hours already included towards future work leaves an amount of 41.1 hours not billed yet.  The new adjusted lodestar based on that (41.1 hours times $750/hr) is **$30,825**.

  2. NR has incurred an additional $17,610 in lodestar comprised of 20.7 hours by partner, Randee Matloff, and 2 hours by associates Emma McElligot and Scott Jacobson additional time of 1 hour, as follows:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| RANDEE MATLOFF | 20.7 | $800/hr | $16,560.00 |
| EMMA McELLIGOT | 2.0 | $350/hr | $   700.00 |
| SCOTT JACOBSON | 1.0 | $350/hr | $   350.00 |
| **TOTAL** | **23.7** |  | **$ 17,610.00** |

  3. The KGG firm has incurred an additional $51,112 in lodestar comprised of 82.8 hours of time, which was incurred as follows: 40.6 hours incurred by partner, Gary S. Graifman, 13.2 hours of time incurred by associate, Jay I. Brody, and 29 hours incurred by paralegal, Elizabeth Moccia.  That translates to the additional lodestar as follows:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| GARY S. GRAIFMAN | 40.6 | $895/hr | $36,337.00 |
| JAY I. BRODY | 13.2 | $625/hr | $ 8,250.00 |
| ELIZABETH MOCCIA | 29.0 | $225/hr | $6,525.00 |
| **TOTAL** | **82.8** |  | **$51,112.00 (adjusted to $42,664.50)** [3] |

---

[3] In the Attorneys' Fee Motion, KGG had added 86 hours for time not yet billed but anticipated to be incurred in the future. *Hanlon v. Chrysler Corp*. 150 F.3d 1011, 1029-30 (9th Cir.1998).  Of that time $8447.50 was still not used as of January 11th, the last reporting period made in the reply

4.      The new lodestar for each of the respective firms (as adjusted for the previous credit taken of 86 hours of anticipated future time) and the new additional lodestar total is:

| | |
|---|---|
| KGG | $42,664.50 |
| TPS, PC | $30,825.00 |
| NR | <u>$17,610.00</u> |
| **NEW LODESTAR TOTAL** | **$91,099.50** |

5.      The previous lodestar totals as of January 11, 2021 were

| | |
|---|---|
| KGG | $   410,172.00 |
| TPS, PC | $   667,425.00 |
| NR | <u>$   612,895.00</u> |
| **TOTAL** | **$1,690,492.00** |

6.  Adding the new lodestar (as adjusted for previous credits) of **$91,099.50**, the new total lodestar of Class Counsel is **$1,781,591.50.**

7.      The expenses of Class Counsel were set forth in the Attorneys' Fee Motion Papers in the Joint Declaration of Class Counsel (ECF Doc. 89-2, at ¶39); *See also* Attorneys' Fee Brief (ECF Doc. 89-1 at p. 36). A slight increase from the prior request reflects the additional payment of $10,000 made to valuation expert Kirk D. Kleckner.

8.      The total expenses to date are as follows:

| | |
|---|---|
| KGG | $11,217.45[4] |
| TPS, PC | $12,400.27 |
| NR | <u>$12,090.21</u> |

---

papers filed on the Attorneys Fee Motion (*see* Reply Declaration of Gary S. Graifman in Support of Application for Attorneys' Fees and Expenses, submitted January 14, 2021 (Dkt. No. 113-1). Therefore, deducting the $8,447.50 from the KGG new lodestar of $51,112 leaves an adjusted additional lodestar of **$42,664.50**

[4] The increase of KGG Expenses from $8,217.15 to $11,217.45 is the result of an additional $3,000 payment to Kirk D. Kleckner, the Class' valuation expert.

12

**TOTAL  EXPENSES:   $35,707.93**

9. The fee and expense award requested by Class Counsel and Plaintiffs is $3,700,000. After deducting from the requested $3,700,000.00 fee and expense award, the requested expenses of $35,707.93 and the $20,000 to be paid to the Class Representatives as a service award, the net fee request herein is **$3,644,292.07**.  When compared to the new lodestar total of **$1,781,591.50**, the fee award requested equals a **2.04 lodestar multiple,** which is well within the range of reasonableness.

10. In connection with the additional lodestar incurred since January 11, 2021 as set forth above, Class Counsel certify they have engaged in that additional work since January 11, 2021, which was the last day of the prior reporting period.  This work has included (and will continue to include) facilitating the settlement process and interacting with Settlement Class Members.  These Class Members have been routinely reaching out seeking guidance and posing questions via phone and email as to the Settlement Agreement terms, the claims process, rights and remedies of Settlement Class Members going forward under the Settlement and the status of submitted claims, how to submit claims and what to include and how to navigate the prospective Extended Warranty when it comes into effect.  Class Counsel has also been reviewing, categorizing and drafting responses to the 44 objections filed.  Class Counsel have also incurred time and the additional lodestar in connection with drafting and finalizing the final approval motion papers being filed herewith on February 1st.

11. In addition Class Counsel will be engaged in yet more work in the case going forward, including preparing for and attending the final approval hearing, addressing issues as the claims are vetted including attorney review and appeals of denials of claims, questions presented by Class Members as to filing claims and curing any claimed deficiencies with the claims filed


and the general administrative issues to ensure the claims process moves forward fairly and effectively.  Other additional future activities include coordinating with defense counsel and claims administrator Rust Consulting as to issues concerning claims and payments, addressing any questions or issues raised by Settlement Class Members in relation to the warranty extension and addressing any issues in connection with the final approval motion.  Thus, the lodestar in this case will be greater than currently set forth herein and the lodestar multiple requested is anticipated to be less than the current 2.04 multiplier.

12. For the reasons set forth here and in the Plaintiffs' Memorandum of Law in Support of Final Approval of Class Action Settlement, the parties request that the Court (i) grant Final Approval of the Class Action Settlement; (ii) certify the nationwide Class of owners and lessees of the Class Vehicles; (iii) appoint proposed Settlement Class Representatives as class representatives for the Class; and, (iv) appoint Kantrowitz, Goldhamer & Graifman, P.C., Thomas P. Sobran, P.C. and Nagel Rice, LLP as Class Counsel.  A separate motion for an award of attorneys' fees and reimbursement of expenses has been previously filed in this matter (Dkt. Nos. 87, 113).

13. A copy of the decision granting final approval to the class settlement in the matter *Herremans v BMW of N.A., LLC,* CV 14-2363-GW(PJWX) (C.D. Cal.), is annexed hereto as **Exhibit 3.**  The extended warranty approved in *Herremans* was for seven years and 84,000 miles but involved a reimbursement cap of $500.00 and did not have a one year from the Effective State safe harbor which allowed for a prospective Extended Warranty for one year regardless of years-in-service if the failure occurred prospectively under 100,000 miles.  The *Herremans* case was deemed fair, reasonable and adequate by the Court.

Declared and executed under the penalties of perjury this 1st day of February, 2021.

_____
GARY S. GRAIFMAN

_____
THOMAS P. SOBRAN

_____
BRUCE H. NAGEL

15