# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs and Class Representatives Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner, and Eric T. Zinn ("Plaintiffs" or "Class Representatives"), by and through their counsel, and Defendant BMW of North America, LLC ("BMW NA" or "Defendant"), by and through its counsel, hereby enter into this Settlement Agreement providing, subject to the approval of the Court, for the settlement of the claims herein described against BMW NA (the "Settlement").

**WHEREAS**, Plaintiffs filed a putative class action against BMW NA in the United States District Court for the District of New Jersey (*Gelis, et al. v. Bayerische Motoren Werke Aktiengesellschaft and BMW of North America, LLC,* Civil Action No. 2:17-cv-07386) on September 22, 2017 (the "Action"); and

**WHEREAS**, BMW NA filed a Motion to Dismiss (DE 26) on April 16, 2018; and

**WHEREAS**, Plaintiffs voluntarily dismissed defendant Bayerische Motoren Werke Aktiengesellschaft, without prejudice, on September 24, 2018 (DE 41); and

**WHEREAS**, the Court granted in part and denied in the part Defendant's Motion to Dismiss on October 30, 2018 (DE 42-43); and

**WHEREAS**, the Plaintiffs filed a Second Amended Class Action Complaint on February 4, 2019 (DE 47); and

**WHEREAS**, Defendant answered the Second Amended Class Action Complaint on March 8, 2019 (DE 50); and

**WHEREAS**, the Parties exchanged formal and informal discovery; and

**WHEREAS**, Plaintiffs and Defendant have conducted a thorough examination and

1

investigation of the facts and law relating to the matters in the Action; and

**WHEREAS**, the parties conducted full-day mediations with retired United States District Judge Stephen Orlofsky on July 31, 2019 and November 18, 2019; and

**WHEREAS**, the parties attended an in-person settlement conference before Magistrate Judge Cathy L. Waldor on February 14, 2020 (DE 58-59); and

**WHEREAS**, after extensive, vigorous discussions and arm's-length negotiations, and numerous exchanges of information and settlement proposals, the Parties were able to reach an agreement to resolve the Action and the disputes between them; and

**WHEREAS**, for purposes of this settlement only, Plaintiffs and Defendant (the "Parties") agree to the certification of a settlement class ("Class" or "Settlement Class"), subject to the Court's approval, defined as follows:

> All current (as of the Effective Date) and former owners and lessees in the United States, including the District of Columbia and Puerto Rico, of certain of the following U.S.-specification BMW vehicles distributed for sale, registered, and operated in the United States, including the District of Columbia and Puerto Rico:

| **Model Description** | **Model Years** |
|---|---|
| X1 SAV | 2012 - 2015 |
| X3 SAV | 2013 - 2015 |
| X4 SAV | 2015 |
| Z4 | 2012 - 2015 |
| 228i Coupe, Convertible | 2014 - 2015 |
| 320i Sedan | 2012 - 2015 |
| 328i Sedan, Sports Wagon, Gran Turismo | 2012 - 2015 |
| 428i Coupe, Convertible, Gran Coupe | 2014 - 2015 |
| 528i Sedan | 2012 - 2015 |

*\*Model Years are not fully indicative of actual Class Vehicles, which will depend on production ranges.*

**WHEREAS**, the Parties agree that the following persons and entities should be excluded

from the Class: Defendant, as well as Defendant's affiliates, employees, officers, and directors, attorneys, agents, insurers, third-party providers of extended warranty/service contracts, franchised dealers and their owners and immediate family members, independent repair/service facilities and their owners and immediate family members, fleet owners and operators, rental companies and vehicles, the attorneys representing Defendant in this case, the Judges and Mediator to whom this case is assigned and their immediate family members, all persons who request exclusion from (opt-out of) the Settlement, owners and lessees of vehicles purchased from salvage yards/junkyards/recyclers, vehicles with a salvage title or deemed a total loss, vehicles purchased from salvage yards/junkyards/recyclers, anyone claiming personal injury or property damage other than to a Class Vehicle due to failure of the timing chain or oil pump chain modules or through subrogation, all persons who previously released any claims encompassed in this Settlement, and owners and lessees of vehicles registered or transported outside the United States; and

**WHEREAS**, Defendant expressly denies any wrongdoing alleged in the pleadings and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action.  Even though Defendant expressly denies any wrongdoing, Defendant has concluded that settlement is desirable in order to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all pending and potential claims of the Plaintiffs and all members of the Class which were or could have been asserted by Plaintiffs and the Class in the Action; and

**WHEREAS**, while Plaintiffs firmly believed in the merits of their case, Plaintiffs recognize the substantial benefits to Plaintiffs and the Class under the terms of this Settlement Agreement and the costs, risks, and uncertainty of protracted litigation, especially in complex

actions such as this, as well as the difficulties and delays inherent in such litigation, and believe that it is in their interest, and the interest of all Class Members, to resolve the Action, and any and all claims asserted in the Action against Defendant, in order to provide effective relief promptly to Plaintiffs and the Class in this Settlement Agreement; and

**WHEREAS**, the undersigned Parties believe that this Settlement Agreement offers significant benefits to Class Members and is fair, adequate, reasonable, and in the best interest of Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and among Plaintiffs, individually and on behalf of the Class, and Defendant;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the undersigned Parties, as follows:

## I.     DEFINITIONS.

As used in this Settlement Agreement and the attached exhibits (which are an integral part of this Settlement Agreement and are incorporated in their entirety by reference), the following terms will have the meanings set forth below, unless this Settlement Agreement specifically provides otherwise.  Where appropriate, terms used in the singular will be deemed to include the plural and vice versa.

A.     **Action**.  "Action" means the litigation entitled *Gelis, et al. v. Bayerische Motoren Werke Aktiengesellschaft and BMW of North America, LLC,* Civil Action No. 2:17-cv-07386, pending in the United States District Court for the District of New Jersey.

B.     **BMW NA.**  "BMW NA" means Defendant BMW of North America, LLC.

C.     **Claim Form**.  "Claim Form" means a form in substantially the same form as that attached hereto as Exhibit "B."

D.     **Claim Validation Process.** "Claim Validation Process" means the process by which properly submitted claims which are conditionally approved by the Claims Administrator will be reviewed and validated by BMW NA to determine that (1) the Class Vehicle's New Passenger Vehicle Limited Warranty has not been invalidated, (2) the VIN number associated with the Claim matches the Settlement Class Member vehicle's VIN number, (3) neither BMW NA nor a BMW authorized dealer (i.e., "BMW Center" hereinafter) has previously paid for the same claim(s) being submitted for reimbursement, (4) the claim is for an item covered under this Settlement Agreement; (5) the claim is not for a vehicle excluded from the Settlement Class; (6) the claim for reimbursement has not been submitted by someone excluded from the Settlement Class under Section I.EE herein; (7) in the event the Settlement Class Member has received "goodwill" or other cost/price adjustment, coupon, reimbursement, or refund from BMW NA, a BMW Center, any person or entity associated with Defendant, an insurer, or a provider of an extended service contract, then that amount will be applied against the amount of the claim submitted; and (8) the claim has not been fraudulently submitted.

E.     **Claims Administrator.** "Claims Administrator" means the third-party entity that Defendant has selected, and which Defendant will pay for, to administer the Settlement and the claims process.

F.     **Claims Submission Period.** "Claims Submission Period" means the time period during which Class Members may submit claims which will commence with the mailing of the Settlement Class Notice and will conclude thirty (30) days after the Final Approval Order or the Effective Date, whichever is later.

G.     **Class Vehicles.** "Class Vehicles" means certain of the following U.S.-specification BMW vehicles distributed for sale, registered, and operated in the United States, including the

District of Columbia and Puerto Rico:

| Model Description | Model Years |
|---|---|
| X1 SAV | 2012 - 2015 |
| X3 SAV | 2013-2015 |
| X4 SAV | 2015 |
| Z4 | 2012 - 2015 |
| 228i Coupe, Convertible | 2014-2015 |
| 320i Sedan | 2012-2015 |
| 328i Sedan, Sports Wagon, Gran Turismo | 2012-2015 |
| 428i Coupe, Convertible, Gran Coupe | 2014-2015 |
| 528i Sedan | 2012 - 2015 |

*Model Years are not fully indicative of actual Class Vehicles, which will depend on production ranges.*

H.     **Component Warranty Extension**.  "Component Warranty Extension" means Defendant's existing 7 year/70,000 mile component-specific warranty extension covering the Class Vehicles' timing chain and oil pump chain modules, which was announced in November 2017.

I.     **Court**.  "Court" means the United States District Court for the District of New Jersey, the Honorable Susan D. Wigenton, presiding, or Magistrate Judge Cathy L. Waldor, or their duly appointed successor.

J.     **Defendant**.  "Defendant" means BMW NA, as well as its predecessors, successors, assigns, parents, affiliates, directors, officers, agents, attorneys, representatives, and employees.

K.     **Defendant's Counsel**.  "Defendant's Counsel" means Buchanan Ingersoll & Rooney PC.

L.     **Effective Date.**  "Effective Date" means the earliest of the following: (1) the date on which the time for appeal from the Final Judgment approving the settlement has elapsed without any appeals being filed; or (2) the date on which all appeals from the Final Judgment approving

6

this Settlement or from any appellate court decisions affirming the Final Judgment have been exhausted, and no further appeal may be taken.

       M.      **Final Approval Hearing**.  "Final Approval Hearing" means the hearing at which the Court will consider and decide whether to enter the Final Approval Order.

       N.      **Final Approval Motion.**  "Final Approval Motion" means the motion Plaintiffs will file in support of the Court's final approval of the Settlement.

       O.      **Final Approval Order**.  "Final Approval Order" means the Court order that approves this Settlement Agreement and makes such other final rulings as are contemplated by this Settlement Agreement.

       P.      **New Passenger Vehicle Limited Warranty Period**.  "New Passenger Vehicle Limited Warranty Period" means four years or 50,000 miles from the date the Settlement Class Vehicle was first placed into service, whichever comes first, as provided in BMW NA's New Passenger Vehicle Limited Warranty.

       Q.      **Objection Deadline**.  "Objection Deadline" means the date agreed upon by the Parties, or otherwise ordered by the Court in the Preliminary Approval Order, by which any Class Members who wish to do so must object to the Settlement Agreement's terms or provisions and submit any required statements, proof, or other materials and/or argument.

       R.      **Oil Pump Chain Module**.  "Oil Pump Chain Module" means the oil pump drive chain, chain sprockets, and tensioning device in the Class Vehicle engines.

       S.      **Opt-Out Deadline**.  "Opt-Out Deadline" means the date agreed upon by the Parties, or otherwise ordered by the Court in the Preliminary Approval Order, by which any Settlement Class Members who do not wish to be included in the Settlement Class and participate in the Settlement Agreement must complete the acts necessary to properly effect such election.

T.    **Opt-Out List**.  "Opt-Out List" means a written list prepared by Settlement Class Counsel or the Claims Administrator of all Settlement Class Members who submit timely Requests for Exclusion.

U.    **Parties**.  "Parties" means the Plaintiffs and Defendant.

V.    **Plaintiffs**.  "Plaintiffs" means the Settlement Class Representatives, Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner, and Eric T. Zinn.

W.    **Preliminary Approval Motion.**  "Preliminary Approval Motion" means the motion Plaintiffs file in support of the Court's preliminary approval of the Settlement.

X.    **Preliminary Approval Order**.  "Preliminary Approval Order" means the order of the Court preliminarily approving this Settlement Agreement, a proposed version of which is attached hereto as Exhibit "C."

Y.    **Release.**  "Release" means the release and waiver set forth in Section VII of this Settlement Agreement and in the Final Approval Order.

Z.    **Request for Exclusion**.  "Request for Exclusion" means any request by any Settlement Class Member to be excluded from (opt-out of) the Settlement.

AA.    **Settlement**.  "Settlement" means the agreement by the Parties to resolve the Action, the terms of which have been memorialized and provided for in this Settlement Agreement and all the exhibits attached hereto.

BB.    **Settlement Agreement**.    "Settlement Agreement" means this Settlement Agreement and all the exhibits attached hereto.

CC. **Settlement Class Counsel.** "Settlement Class Counsel" means Kantrowitz, Goldhamer & Graifman, P.C., Thomas P. Sobran, Esq., and Nagel Rice, LLP.

DD. **Settlement Class Counsel Fees and Expenses.** "Settlement Class Counsel Fees and Expenses" means the reasonable attorneys' fees and expenses approved by the Court, to be paid by Defendant.

EE. **Settlement Class Members or Settlement Class.** "Settlement Class Members" or "Settlement Class" means all current (as of the Effective Date) and former owners and lessees of a Class Vehicle in the United States, including the District of Columbia and Puerto Rico who do not exclude themselves from (opt-out of) the class. Excluded from this definition are Defendant, as well as Defendant's affiliates, employees, officers, and directors, attorneys, agents, insurers, third-party providers of extended warranty/service contracts, franchised dealers and their owners and immediate family members, independent repair/service facilities and their owners and immediate family members, fleet owners and operators, rental companies and vehicles, the attorneys representing Defendant in this case, the Judges and Mediator to whom this case is assigned and their immediate family members, all persons who request exclusion from (opt-out of) the Settlement, vehicles where the true mileage is unknown, owners and lessees of vehicles purchased from a salvage yard/junkyard/recycler, vehicles with a salvage title, vehicles deemed a total loss, anyone claiming personal injury, property damage (other than to a Class Vehicle) or subrogation, all persons who previously released any claims encompassed in this Settlement, and owners or lessees of vehicles registered or transported outside the United States.

FF. **Settlement Class Notice.** "Settlement Class Notice" means the Court-approved form of notice to current and former owners and lessees of Settlement Class Vehicles, in substantially the same form as that attached hereto as Exhibit "A," informing them of, among other

things, the (i) preliminary approval of the Settlement; (ii) scheduling of the Final Approval Hearing; (iii) opportunity to submit a claim; (iv) opportunity to submit an objection; and (v) opportunity to request exclusion.

GG.     **Settlement Class Representatives**. "Settlement Class Representatives" means Plaintiffs Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner, and Eric T. Zinn.

HH.     **Settlement Class Representative Service Payments**.   "Settlement Class Representative Service Payments" means the reasonable service payments approved by the Court.

II.     **Settlement Class Vehicles**. "Settlement Class Vehicles" means Class Vehicles currently or formerly owned or leased by Settlement Class Members.

JJ.     **Timing Chain Module**.  "Timing Chain Module" means the timing chain, chain tensioner, guide rail, slide rail, and chain sprockets in Class Vehicle engines.

KK.     **VIN**.  "VIN" means Vehicle Identification Number.

**II.**     <u>**REQUIRED EVENTS.**</u>

A.     Promptly after execution of this Settlement Agreement by all Parties:

1.     Settlement Class Counsel and Defendant's Counsel will take all reasonable and necessary steps, subject to the Court's availability, to obtain entry of the Preliminary Approval Order and the Final Approval Order as expeditiously as possible.

2.     The Parties will seek entry of a Preliminary Approval Order in substantially the same form as that attached hereto as Exhibit "C."  Plaintiffs will file their Preliminary Approval

Motion with the proposed Preliminary Approval Order and supporting documents. The Preliminary Approval Order will, among other things:

        a.     Certify a nationwide (United States, District of Columbia, and Puerto Rico) settlement-only class; approve Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner, and Eric T. Zinn as Settlement Class Representatives; and appoint their counsel as Settlement Class Counsel, pursuant to Fed. R. Civ. P. 23;

        b.     Preliminarily approve the Settlement;

        c.     Appoint the Claims Administrator;

        d.     Require Defendant's Counsel to provide notice under the Class Action Fairness Act, 28 U.S.C. § 1715 to the States' Attorneys General within ten (10) days from the date of the Preliminary Approval Order, if they have not already done so;

        e.     Require the Claims Administrator within seventy-five (75) days of the date of the Preliminary Approval Order to establish and maintain a website and 800 number, which will remain available until all claims decisions by the Claims Administrator and payment to claimants have been made;

        f.     Require the dissemination of Settlement Class Notice within ninety (90) days of the date of the Preliminary Approval Order or such additional time as is reasonably required, and the taking of all necessary and appropriate steps to accomplish this task;

        g.     Determine that the Settlement Class Notice complies with all legal requirements, including, but not limited to, the Due Process Clause of the United States

Constitution;

h.      Schedule a date and time for a Final Approval Hearing, not less than one hundred and sixty (160) days after the date of the Preliminary Approval Order, to determine whether the Settlement should be finally approved by the Court;

i.      Set a deadline for all claims by Settlement Class Members to be submitted, thirty (30) days after the Final Approval Order or the Effective Date, whichever is later;

j.      Require Settlement Class Members who wish to exclude themselves from or object to the Settlement to submit an appropriate and timely written request for exclusion or objection by a date certain as specified in the Notice that will be one hundred and thirty (130) days after the Preliminary Approval Order;

k.      Require Settlement Class Members who wish to appear to object to the Settlement Agreement to submit an appropriate and timely written statement by a date certain as specified in the Notice that will be one hundred and thirty (130) days after the Preliminary Approval Order;

l.      Require attorneys representing objecting Settlement Class Members, at the time the objection is filed, at the objecting Settlement Class Members' expense, to file a notice of appearance by a date certain as specified in the Notice that will be one hundred and thirty (130) days after the Preliminary Approval Order;

m.     Require Settlement Class Counsel to file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments, ninety (90) days after the Preliminary Approval Order.  Defendant shall file any objection or opposition to the motion twenty-one (21) days thereafter (111 days after the Preliminary Approval Order).  Settlement Class Counsel shall file any reply papers in response to

the opposition and reply papers in response to any objections, fourteen (14) days thereafter (125 days after the Preliminary Approval Order);

n.      Require Settlement Class Counsel to file their Final Approval Motion one-hundred and forty-five (145) days after the Preliminary Approval Order;

o.      Require Defendant to file with the Court an affidavit no less than ten (10) days prior to the Final Approval Hearing from the Claims Administrator: (i) indicating the number of claims, requests for exclusion, and objections submitted by Settlement Class Members to date; and (ii) attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement and the Class Action Fairness Act, 28 U.S.C. §1711 *et seq.*, or those otherwise required by the Court; and

p.      Issue other related orders as necessary to effectuate the preliminary approval of the Settlement Agreement.

3.      After the Preliminary Approval Hearing, the Parties will seek to obtain from the Court a Final Approval Order in a form to be agreed upon by the Parties.  The Final Approval Order will be determined by the Court but is expected to, among other things:

a.      Find that the Court has personal jurisdiction over all Settlement Class Members, subject-matter jurisdiction over the claims asserted in the Action, and that venue is proper;

b.      Approve the Settlement Agreement, pursuant to Fed. R. Civ. P. 23;

c.      Finally certify the Settlement Class for settlement purposes only;

d.      Find that the Settlement Class Notice was the best practicable notice and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

        e.      Determine and award reasonable and agreed upon attorneys' fees, costs, and expenses and Settlement Class Representative Service Awards to be paid to Settlement Class Counsel;

        f.      Dismiss the Action with prejudice;

        g.      Incorporate the Release set forth in the Settlement Agreement and make the Release effective as of the date of the Final Approval Order;

        h.      Authorize the Parties to implement the terms of the Settlement Agreement;

        i.      Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, and for any other necessary purpose; and

        j.      Issue any related orders necessary to effectuate the final approval of the Settlement Agreement and its implementation.

4.      The Parties will use their best efforts, consistent with the terms of this Settlement Agreement, to promptly obtain a Final Approval Order.

5.      If the Court fails to issue the Preliminary Approval Order, or fails to issue the Final Approval Order without leave to resubmit, the terms of this Settlement Agreement are voidable by either Party.  However, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court.

6.      The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential.  The Parties will cooperate with each other in good faith to carry out the purposes of and to effectuate this Settlement Agreement, will promptly perform their respective obligations hereunder, and will

promptly take any and all actions and execute and deliver any and all additional documents and all other materials or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

7.      Upon Entry of the Final Approval Order, the Action will be dismissed, on its merits and with prejudice, subject to the continuing jurisdiction of this Court, and Settlement Class Members will be forever barred and enjoined from pursuing any claims which have been resolved by this Settlement.

## III.    SETTLEMENT TERMS.

### A.     Reimbursement Program

Defendant's existing 7 year/70,000 mile Component Warranty Extension remains in place. In addition, prior to the Effective Date, any Settlement Class Member who has incurred eligible out-of-pocket expense(s) for costs (parts and labor) not previously reimbursed to repair or replace one (1) failed BMW original equipment manufacturer ("OEM") timing chain module and/or one (1) failed BMW OEM oil pump drive chain module and, if also damaged due to a failed timing chain module and/or failed oil pump drive chain module, one (1) BMW OEM engine, per VIN, per owner/lessee will be entitled to submit a claim for reimbursement under the Reimbursement Program subject to the following conditions:

1.      For costs incurred during the earlier of a Class Vehicle's first 7 years or 70,000 miles in service (whichever comes first) and prior to the claims submission deadline, Settlement Class Members will be reimbursed:

    a.      For work performed at an authorized BMW Center:  100% of the invoice amount.

    b.      For work to repair or replace the timing chain module or oil pump drive chain module performed at independent service centers, up to $3,000 total reimbursement.

c.      For work to replace the engine performed at independent service centers, up to $7,500 total reimbursement.

2.      For costs incurred after 7 years or 70,000 miles in service (whichever comes first), but before the earlier of a Class Vehicle's first 8 years or 100,000 miles in service (whichever comes first) and prior to the Effective Date, Settlement Class Members will be reimbursed:

a.      For work performed at an authorized BMW Center:  In accordance with the Reimbursement Schedule below, without monetary limitation.

b.      For work to repair or replace the timing chain module or oil pump drive chain module performed at independent service centers:  In accordance with the Reimbursement Schedule below, capped at $3,000 total reimbursement, inclusive of parts and labor.

c.      For work to replace the engine performed at independent service centers:  In accordance with the Reimbursement Schedule below, capped at $7,500 total reimbursement, inclusive of parts and labor.

d.      Reimbursement Schedule:

| Mileage and Years in Service | Defendant Contribution | Class Member Contribution | Reimbursement Cap for Repair at BMW Center | Reimbursement Cap for Repair at Independent Service Center | |
|---|---|---|---|---|---|
| | | | | Timing Chain Module/Oil Pump Drive Chain Module | Engine |
| Less than 70,000 miles and 7 years in service | 100% | 0% | None | $3,000 | $7,500 |
| 70,001 to 80,000 miles, or less than 70,000 miles but more than 7 years and less than 8 years in service | 75% | 25% | None | $3,000 | $7,500 |

| 80,001 to 90,000 miles and less than 8 years in service | 55% | 45% | None | $3,000 | $7,500 |
|---|---|---|---|---|---|
| 90,001 to 100,000 miles and less than 8 years in service | 40% | 60% | None | $3,000 | $7,500 |
| Over 100,000 miles or 8 years in service (whichever comes first) | Not Eligible For Relief | | | | |

3.   <u>Required Proof</u>.   In order for a claim to be eligible for reimbursement pursuant to Section III, Settlement Class Members must submit a Claim Form to the Claims Administrator that is post-marked during the Claims Submission Period or submitted through the online portal during the Claims Submission Period and include:

a.   a legible repair order from an authorized BMW Center or independent repair facility licensed to perform such repairs that identifies a Settlement Class Vehicle and VIN, the part number(s) used, and the cost of the repair, with parts and labor separated;

b.   documentation that identifies the owner/lessee of the Settlement Class Vehicle (*i.e.*, a true copy of a vehicle title or registration) at the time of the repair;

c.   proof of payment, in the form of a canceled check, credit-card receipt, credit-card statement, or receipt from the repairing entity demonstrating that the Settlement Class Member paid for the amount(s) sought for reimbursement;

d.   the mileage of the Settlement Class Vehicle at the time of repair;

e.    the nature of the repair and the part(s) used in the repair;

f.   the date of repair; and

g.   evidence of adherence to regular oil changes in accordance with the Class Vehicle's Condition Based Service Indicator.  Documents evidencing a claimant's adherence to the relevant aspects of the vehicle maintenance schedule during the time they owned the vehicle

are required, in particular, scheduled oil changes up to date/mileage of replacement/repair, within a variance of 1,000 miles of the scheduled time or mileage maintenance requirements.  However, in the event maintenance records cannot be obtained despite a good faith effort to obtain them, the claimant may submit a declaration under penalty of perjury detailing what efforts were made to obtain the records, who he/she communicated with and when, why the records were not available, and attesting to adherence to the maintenance schedule and, in particular, scheduled oil changes up to the date/mileage of the replacement/repair, within the variance set forth above.

4.    Reimbursement amounts will be reduced by goodwill or other adjustment, coupon, refund, or payment made by a BMW Center, BMW of North America, LLC ("BMW NA"), any person or entity associated with BMW NA, an insurer, or a provider of an extended service contract.

5.    <u>Limitations.</u>    Defendant does not warrant or guarantee any repairs performed at third-party repair shops or using non-OEM parts and, should any such repairs or parts fail after a Settlement Class Member has made a claim for reimbursement under the Settlement, the Settlement Class Member will not be entitled to submit an additional claim.

B.    **Prospective Repair Program**

The Prospective Repair Program will commence on the Effective Date.  The Effective Date will be posted on the settlement website.  All future repair work for chain assemblies or engine repair/replacement due to timing chain module or oil pump drive chain module failure must be performed at an authorized BMW Center.

1.    For Class Vehicles with less than 7 years or 70,000 miles in service (whichever comes first), all future repairs to the timing chain module, oil pump drive chain module, and/or engine (where engine damage is due to timing chain module or oil pump drive chain module failure) will be covered 100% under the Component Warranty Extension.

2.    For Class Vehicles with more than 7 years or 70,001 miles in service (whichever comes first) but less than 8 years or 100,000 miles in service (whichever comes first), all future repairs to the timing chain module, oil pump drive chain module, and/or engine (where engine damage is due to timing chain module or oil pump drive chain module failure) will be covered per the following Contribution Schedule:

| Mileage and Years in Service | Defendant Contribution | Class Member Contribution |
|---|---|---|
| Less than 70,000 miles and 7 years in service | Covered by existing 7 year/70,000 mile Component Warranty Extension | |
| 70,001 to 80,000 miles, or less than 70,000 miles but more than 7 years and less than 8 years in service | 75% | 25% |
| 80,001 to 90,000 miles and less than 8 years in service | 55% | 45% |
| 90,001 to 100,000 miles and less than 8 years in service | 40% | 60% |
| Over 100,000 miles or 8 years in service (whichever comes first) | Not Eligible For Relief | |

3.    For one year from the Effective Date of the Settlement, any Class Vehicle with 100,000 miles or less, regardless of age (*i.e.*, years in service), that experiences timing chain module failure, oil pump drive chain module failure, or engine damage/failure due to timing chain module or oil pump drive chain module failure, may go to an authorized BMW Center for repair, subject to the following Contribution Schedule:

| Mileage | Defendant Contribution | |
|---|---|---|

|  |  | Class Member Contribution |
|---|---|---|
| Less than 70,000 miles | 100% | 0% |
| 70,001 to 80,000 miles | 75% | 25% |
| 80,001 to 90,000 miles | 55% | 45% |
| 90,001 to 100,000 miles | 40% | 60% |
| Over 100,000 miles | Not Eligible For Relief | |

4.    <u>Limitations</u>.  Only one Prospective Repair Program repair per VIN is permitted, although recovery under the Prospective Repair Program does not affect a Settlement Class Member's eligibility to recover under the Reimbursement Program.

## C.    Reimbursement and Prospective Repair Programs Coverage Exclusions

Under the Reimbursement Program or the Prospective Repair Program, Defendant is not obligated to cover, and Settlement Class Members are not entitled to coverage for:

1.    Costs for damage objectively resulting from negligence; improper maintenance or repairs of the powertrain (*e.g.*, sludged or contaminated oil); wear and tear or deterioration due to driving habits or conditions; improper repair; environmental influences, flood, accident, or fire damage; road-salt corrosion; alteration; installation of used or non-genuine OEM parts or accessories; or use of improper, poor quality, or contaminated fuel;

2.    Costs for vehicles with failed used or salvaged engines or parts, including where a used or salvaged timing chain, oil pump drive chain, or engine have been used as replacement;

3.    Costs incurred for vehicles for which the VIN has been altered or cannot be read;

20

4.      Costs incurred to replace parts after a vehicle has been declared a total loss, sold for salvage purposes, or branded with a "salvage" title, for reasons unrelated to timing chain or oil pump drive chain failure;

5.      Costs incurred for vehicles that have been used in any racing event;

6.      Costs incurred for vehicles with failed aftermarket (non-BMW) timing chain modules, oil pump drive chain modules, or engines;

7.      Costs incurred for vehicles whose true mileage is unknown;

8.      Costs incurred for vehicles purchased from salvage yards/junkyards/recyclers;

9.      Vehicles shipped outside the US; and

10.     Vehicles registered/titled outside the US.

All retrospective and prospective relief offered pursuant to this Settlement is subject to evidence of adherence to regular oil changes in accordance with the Class Vehicle's Condition Based Service Indicator.  Documents evidencing a claimant's adherence to the relevant aspects of the vehicle maintenance schedule during the time they owned the vehicle are required, in particular, scheduled oil changes up to date/mileage of replacement/repair, within a variance of 1,000 miles of the scheduled time or mileage maintenance requirements.  However, in the event maintenance records cannot be obtained despite a good faith effort to obtain them, the claimant may submit a declaration under penalty of perjury detailing what efforts were made to obtain the records, who he/she communicated with and when, why the records were not available, and attesting to adherence to the maintenance schedule and, in particular, scheduled oil changes up to the date/mileage of the replacement/repair, within the variance set forth above.

**D.      Claim Review and Processing, Claim Validation, and Appeal from Denial**.

1.      <u>Claim Review and Processing</u>.

a.      All claims properly submitted for reimbursement will be reviewed on a rolling basis upon receipt by the Claims Administrator, which will be responsible for conditionally approving the claim by ensuring that all information and documentation required under this Settlement Agreement has been submitted.  The Claims Administrator will submit those properly supported and conditionally approved claims to BMW NA for the Claim Validation Process, pursuant to Section III.D.2., below.

b.      <u>Deficient Claims</u>: Any Settlement Class Member whose claim is deemed deficient will receive from the Claims Administrator by first-class mail, postmarked within thirty (30) days of the determination that the claim is deficient, a written explanation stating the reason(s) the claim was deemed deficient, including steps the Settlement Class Member can take to cure the deficiencies, if possible.  The Settlement Class Member receiving such notice will be allowed thirty (30) days from mailing to cure the deficiency if possible.  If the Settlement Class Member does not provide the materials identified in the Claims Administrator's letter or fails to respond to the Claims Administrator's letter, the claim will be no longer eligible for reimbursement or appeal.

2.      <u>Claim Validation Process</u>:  After Claim Review and Processing, the Claims Administrator will calculate the amount due to each Settlement Class Member for all claims approved as complying with the requirements of this Settlement Agreement.   The Claims Administrator will, on a weekly rolling basis, submit those conditionally approved claims to Defendant for the Claim Validation Process to determine if there is any reason to believe that a claim is fraudulent or otherwise invalid.  Within a rolling forty-five (45) days basis of Defendant's receipt from the Claims Administrator of the conditionally approved claims, Defendant may object to the approval of the claim based on evidence that:

a.      the vehicle's warranty was voided because (i) the VIN has been altered or cannot be read; (ii) the vehicle was purchased from a salvage yard/junkyard/recycler, was declared a total loss, was sold for salvage purposes, or had a "salvage" title before a repair of the Timing Chain Module or Oil Pump Chain Module; (iii) the odometer of the vehicle was tampered with or the true mileage of the vehicle is unknown; or (iv) the vehicle has been used in any competitive racing event;

b.      the VIN associated with the claim does not match the Settlement Class Member's vehicle's VIN;

c.      the claim for reimbursement is for an item or service that is not covered under this Settlement Agreement;

d.      the claim is for a vehicle excluded from the Settlement Class;

e.      the claim for reimbursement has already been made and paid (i.e., a duplicate claim);

f.      the claim for reimbursement is submitted by someone excluded from the Settlement Class;

g.      the claim is fraudulently submitted; or

h.      the Settlement Class Member has received "goodwill" or other cost/price adjustment, coupon, reimbursement, or refund from BMW NA, a BMW Center, any person or entity associated with Defendant, an insurer, or a provider of an extended service contract, in which case that amount will be applied against the amount of the claim submitted.

3.      <u>Denied Claims</u>: Any Settlement Class Member whose claim is denied, in whole or in part, either by the Claims Administrator or Defendant, will receive from the Claims Administrator by first-class mail a written explanation stating the reason(s) for the denial.  The

Claims Administrator's letter will also inform Settlement Class Members that they may appeal from a denial if they have a basis to do so and have timely submitted all required documentation in support of an eligible claim by submitting an appeal in writing to the Claims Administrator within thirty (30) days of mailing of the notice of denial.

        4.    <u>Appeals from Claim Denial</u>.

        a.    Exclusions:  Claims that were denied for failing to submit all required documentation in support of an eligible claim, either with the initial submission or within the additional time period after being notified of a deficiency by the Claims Administrator as provided in Section III.B.1.b., above, or for claims seeking reimbursement for an item or service that is not covered under this Settlement Agreement, are <u>not</u> eligible for appeal.

        b.    Settlement Class Members must appeal in writing to the Claims Administrator within thirty (30) days of mailing of the notice of the denial, setting forth in detail why the Settlement Class Member believes his or her claim should have been approved.  On appeal, Settlement Class Members may not submit additional documents beyond those they submitted to the Claims Administrator in connection with their claim submissions (whether initial or as supplemented pursuant to Section III.D.1.b.).  The Claims Administrator will maintain a file of all timely-submitted appeals from claim denials.

        c.    Thirty (30) days after the Claims Administrator sends the last claim denial letter, the Claims Administrator will provide Settlement Class Counsel and Defense Counsel with a list of all timely-submitted appeals and all documents related to such Settlement Class Members' appeals.

        d.    Settlement Class Counsel and Defendant's Counsel will review all timely filed appeals within thirty (30) days after receipt of the Claims Administrator's list of all

timely-submitted appeals and all documents related to such Settlement Class Members' appeals. The Parties will conduct only one such review session, it being the intention of the parties to resolve all appeals expeditiously, in good faith, and at one time.

      e.    If the parties cannot agree on whether a timely-submitted appeal should be granted, the Parties agree to submit the claim for review to a third-party neutral, who will make the final and binding decision regarding the claim.  Each party will bear its own costs in connection with such appeals.

      5.    <u>Claim Payment</u>:  Beginning thirty (30) days after the Effective Date and on a rolling basis thereafter, the Claims Administrator will commence issuing payment for approved and validated Claims.

## IV.   **NOTIFICATION TO CLASS MEMBERS.**

      A.    Unless otherwise specified, Defendant will pay all costs related to the following notice program (subject to the Court approving the same, notice dissemination will be commenced within ninety (90) days after entry of the Preliminary Approval Order):

      1.    Defendant will retain a third party to obtain mailing addresses from the applicable state motor vehicle agencies' registration databases to identify the last known addresses of all Settlement Class Members and provide the mailing addresses to the Claims Administrator.

      2.    The Claims Administrator or the DMV records provider will use current U.S. Postal Service software and the National Change of Address database to update the address records so that Settlement Class Members' most recent addresses will be used to provide a Settlement Class Notice to those Settlement Class Members by a direct first-class mailing.  If a Settlement Class Notice is returned to the Claims Administrator by the U.S. Postal Service because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the

Claims Administrator will re-send the Settlement Class Notice to the forwarding address within seven (7) days of receiving the returned Settlement Class Notice.

B.      Within seventy-five (75) days after entry of the Preliminary Approval Order, the Claims Administrator will be responsible for, without limitation: (a) establishing, maintaining, and administering a toll-free telephone number dedicated to the Settlement which will provide information about the Settlement and (b) establishing and maintaining a website dedicated to the Settlement which (i) will provide information about the Settlement and all relevant documents, including the Claim Form available for download; (ii) an email address for Class Members to ask the Claims Administrator questions; and (iii) will provide an online claims submission portal and instructions on how Settlement Class Members may submit their claims by U.S. Mail or via an online submission portal.  The website and toll-free telephone number will remain available until all claims decisions by the Claims Administrator and payment to claimants have been made.

C.      Within ninety (90) days of the Preliminary Approval Order, or such longer period as may be required due to a delay in securing registration data from one or more state motor vehicle agencies, the Claims Administrator will disseminate Settlement Class Notice to the Settlement Class as specified in the Preliminary Approval Order and herein, and in compliance with all applicable laws, including, but not limited to, the Due Process Clause of the Constitution.

D.      All costs associated with Settlement Administration will be paid by Defendant.

E.      Contents of the Settlement Class Notice:  The Settlement Class Notice, in a form substantially similar to the one attached to the Settlement Agreement as Exhibit "A," will advise Class Members of the following:

1.      General Terms:  The Settlement Class Notice will contain a plain and concise description of the nature of the Action, the history of the Action, the preliminary

certification of the Settlement Class, and the proposed Settlement, including information on the identity of Settlement Class Members, how the proposed Settlement would provide relief to the Settlement Class Members, what claims are released under the proposed Settlement, and other relevant terms and conditions.

2.      Exclusion/Opt-Out Rights: The Settlement Class Notice will inform Settlement Class Members that they have the right to request exclusion from (opt out of) the Settlement.  The Settlement Class Notice will provide the deadlines and procedures for exercising this right.

3.      Objection to Settlement: The Settlement Class Notice will inform Settlement Class Members of their right to object to the proposed Settlement and to appear at the Final Approval Hearing.  The Settlement Class Notice will provide the deadlines and procedures for exercising these rights.

4.      Attorneys' Fees and Expenses, and Settlement Class Representative Service Payments:  The Settlement Class Notice will inform Settlement Class Members about the amounts being sought by Settlement Class Counsel as attorneys' fees and expenses, as well as service payments to Settlement Class Representatives, and will explain that Defendant will pay the attorneys' fees and expenses awarded to Settlement Class Counsel and the service payments awarded to Settlement Class Representatives in addition to and without reducing the relief being made available to Settlement Class Members.

5.      Claim Form: The Settlement Class Notice will include the Claim Form, in a form substantially similar to the one attached to the Settlement Agreement as Exhibit "B," which will inform the Settlement Class Member that he/she must fully complete and timely return the Claim Form and supporting documents within the Claim Period to be eligible to obtain a recovery.

6.      Media Inquiries: If the media contacts any Party, that Party may respond to the inquiry.

## V.      REQUESTS FOR EXCLUSION BY SETTLEMENT CLASS MEMBERS.

A.      The provisions of this paragraph will apply to any Request for Exclusion.  Any Settlement Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Claims Administrator.  Any Request for Exclusion must be postmarked and received not later than the Opt-Out Deadline specified in the Court's Preliminary Approval Order. Any Request for Exclusion must (1) state the Settlement Class Member's full name and current address; (2) identify the model year, model, and Vehicle Identification Number ("VIN") of his/her Class Vehicle(s) and the date(s) of purchase or lease; (3) specifically and clearly state his/her desire to be excluded from the Settlement and from the Settlement Class; and (4) include the Settlement Class Member's signature.

B.      Any Settlement Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and will be deemed to have waived any rights or benefits under this Settlement Agreement.

## VI.      OBJECTIONS BY SETTLEMENT CLASS MEMBERS.

A.      Any Settlement Class Member who has not filed a timely written Request for Exclusion and who wishes to object to the fairness, adequacy, or reasonableness of this Settlement Agreement or the Settlement, or to the requested award of attorneys' fees and expenses, or Settlement Class Representative Service Payments, must file with the Clerk of the Court a written notice of objection by the Objection Deadline.  To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in the Settlement Class Member's written objection: (1) his/her full name, current address, and current telephone

number; (2) the model year and model of his/her Class Vehicle(s), as well as the VIN of his/her Class Vehicle(s) and the date(s) of purchase or lease; (3) whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class; (4) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (5) provide copies of relevant repair history or other proof that the objector owns or leases, or has owned or leased, the Class Vehicles (*i.e.*, a true copy of a vehicle title, registration, or license receipt); and (6) any other documents that the objector wishes to submit in support of his/her position.  If the objector wishes to appear and be heard at the Final Approval Hearing, he or she must file a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") pursuant to the requirements of Section VI.C. below.

B.      To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection.  In addition, any Settlement Class Member objecting to the Settlement must provide a detailed statement of any objections to any other class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five (5) years.  If the Settlement Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she must affirmatively so state in the written materials provided in connection with the objection to this Settlement.  Upon the filing of an objection, of their own choosing, Class Counsel may take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection.  Failure by an objector to make himself or herself available for deposition or comply with expedited discovery may result in the Court striking the objection.  The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made

for an improper purpose.

C.      Finally, subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any requests for attorneys' fees, expenses, or Settlement Class Representative Service Payments. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Settlement Class Notice a Notice of Intention to Appear by the Objection Deadline or on such other date that may be set forth in the Settlement Class Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Settlement Class Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Settlement and the Settlement Class Notice, will be deemed to have waived any objections to the Settlement and will be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

D.      The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement, in accordance with such Settlement Class Member's due process rights.

E.      The Preliminary Approval Order and Settlement Class Notice will require all Settlement Class Members who have any objections to submit such notice of objection or request to be heard with the Court, and serve by mail or hand delivery such notice of objection or request

to be heard upon Settlement Class Counsel, the Claims Administrator, and Defendant's Counsel at the addresses set forth in the Settlement Class Notice, by no later than the Objection Deadline.

F.     The Preliminary Approval Order will further provide that objectors who fail properly and/or timely to file their objections with the Court, along with the required information and documentation set forth above, or to serve them as provided above, will not be heard during the Final Approval Hearing, and their objections will be waived and will not be considered by the Court.

G.     Class Counsel will be responsible for addressing all objections.

H.     Any Settlement Class Member who objects to the Settlement will be entitled to all of the benefits of the Settlement if this Settlement Agreement and the terms contained herein are approved, as long as the objecting Settlement Class Member complies with all the requirements of this Settlement Agreement applicable to Settlement Class Members.

## VII.   RELEASE, DISMISSAL OF ACTION, AND JURISDICTION OF COURT.

The Parties agree to the following release and waiver, which will take effect upon the Effective Date:

A.     By this Settlement Agreement and the following Release, the released parties include BMW NA and its direct and indirect parents, subsidiaries, affiliates, successors in interest, officers, directors, agents, authorized BMW dealers, attorneys, and all other persons or entities acting on its behalf; suppliers, licensors, licensees, distributors, assemblers, partners, component part designers, manufacturers, holding companies, joint ventures, and any individuals or entities involved in the chain of design, development, testing, manufacture, sale, assembly, distribution, marketing, advertising, financing, warranting, repair, and maintenance of the Settlement Class Vehicles and their component parts ("Released Parties").  The released claims refer to any and all

claims, including demands, rights, liabilities, and causes of action, of every nature and description that were asserted or could have been asserted in the Action, which relate to the timing chain module, oil pump drive chain module, or engine damage due to timing chain module failure or oil pump drive chain module failure in the Settlement Class Vehicles, excluding claims for property damage (other than damage to a Class Vehicle) or personal injury ("Released Claims").  Upon the Effective Date of this Settlement, the Settlement Class Representatives and Settlement Class shall each and do hereby forever release, discharge, waive, and covenant not to sue the Released Parties regarding any and all of the Released Claims.  This release includes any such claims that the Settlement Class Representatives and Settlement Class do not know of or suspect to exist in their favor at the time of this release and that, if known by them, might have affected their settlement and release of the Released Parties, or might have affected their decision not to object to this Settlement.  The foregoing waiver includes without limitation an express waiver, to the fullest extent permitted by New Jersey law, and any and all other state laws, including any and all rights conferred by section 1542 of the *California Civil Code*, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The foregoing waiver also includes without limitation an express waiver, to the fullest extent permitted by law, of any and all rights under any law of any state or territory of the United States, including the District of Columbia and Puerto Rico, and any federal law or principle of common law or equity, or of international foreign law, that is comparable to section 1542 of the *California Civil Code*.  The Settlement Class Representatives and Settlement Class recognize that even if they later discover facts in addition to or different from those they know or believe to be true, they nevertheless agree that upon entry of the final approval order and judgment, the Settlement Class

Representatives and Settlement Class fully, finally, and forever settle and release any and all of the Released Claims. The foregoing waiver and release was bargained for and is a material element of this Settlement Agreement.

B.      The Settlement Class Representatives represent and warrant that they are the sole and exclusive owners of the claims they have asserted and are releasing under this Settlement Agreement. The Settlement Class Representatives further acknowledge that they have not assigned, pledged, or in any manner whatsoever sold, transferred, assigned, or encumbered any right, title, interest, or claim arising out of or in any way whatsoever pertaining to the Action, including, without limitation, any claim for benefits, proceeds, or value under the Action, and that the Settlement Class Representatives are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds, or values under the Action.

C.      The Settlement Class Representatives further represent that, as of the date of this agreement, they are not aware of any Settlement Class Members who have filed claims or actions for the relief sought in this Action, other than the Settlement Class Representatives.

D.      Without in any way limiting its scope, this Release encompasses, by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, consultant fees, interest, litigation fees, costs, or any other fees, costs, and/or disbursements incurred by Settlement Class Counsel or by Plaintiffs, except to the extent otherwise specified in the Settlement Agreement.

E.      The Settlement Class Representatives expressly agree that this Release will be and may be raised as a complete defense to and will preclude any action or proceeding relating to the Released Claims.

F.      This Settlement Agreement and Release does not affect the rights of Settlement Class Members who timely and properly request exclusion from (opt-out of) the Settlement.

G.      The administration and consummation of the Settlement as embodied in this Settlement Agreement will be under the authority of the Court.  The Court will retain jurisdiction to protect, preserve, and implement the Settlement Agreement including, but not limited to, the Release.  The Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

H.      Upon the Effective Date: (1) the Settlement Agreement will be the exclusive remedy for any and all Settlement Class Members for Released Claims, except those who have properly requested exclusion from (opted out of) the Settlement in accordance with the terms and provisions hereof; (2) the Defendant will not be subject to liability or expense of any kind to any Settlement Class Member(s) for Released Claims except as set forth herein; and (3) Settlement Class Members will be permanently barred from initiating, asserting, or prosecuting any and all Released Claims against Defendant in any federal or state court in the United States or any other tribunal.

I.      Nothing in this Release will preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

## VIII.   ATTORNEYS' FEES AND EXPENSES AND SERVICE PAYMENTS.

A.      All expenses incurred in administering this Settlement Agreement, including, without limitation, all attorneys' fees and costs, Settlement Class Representative Service Payments, the cost of the Settlement Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, will be paid by Defendant, subject to the limitations

contained herein.   The Settlement Class Counsel Fees and Expenses, and Settlement Class Representative Service Payments, if any, will be paid separate and apart from any relief provided to the Settlement Class.

B.      As part of the resolution of the Action, the Parties have agreed that Settlement Class Counsel may apply to the Court for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments, and that Defendant may object to or oppose that application, although Defendant will not object to Settlement Class Counsel's application for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments up to $1,500,000 in the aggregate.   While not agreeing to the total amount of such an award, the Parties have agreed that Settlement Class Counsel may apply for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments not to exceed $3,700,000 in the aggregate.   The Parties further agree that Settlement Class Counsel will not seek payment of any amount for any fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments in excess of $3,700,000 if awarded by the Court.   Defendant, while reserving the right to respond to Plaintiffs' fee motion, will not encourage or assist any third party in opposing Settlement Class Counsel's request for attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Services Payments between $1,500,000 and $3,700,000 in the aggregate.

C.      The Parties agree to submit the issue of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Services Payments to Magistrate Judge Cathy L. Waldor for final evaluation and decision of the exact amount of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Services Payments that should reasonably be awarded in this case, within the $1,500,000 to $3,700,000 range agreed upon by the Parties.   The Settlement Class

Counsel Fees and Expenses and Settlement Class Representative Services Payments will be paid separate and apart from any relief provided to the Settlement Class.

D.      Also as part of the resolution of the Action, the Parties have agreed that Settlement Class Counsel will seek approval from the Court for Settlement Class Representative Service Payments in the amount of $1,000 each for each Settlement Class Representative ($20,000 in the aggregate), to be paid from the amount awarded by the Court pursuant to Section VIII.C, above. Settlement Class Counsel will apply to the Court for a payment to each Settlement Class Representative who participated in the Action as a named Plaintiff, for their effort, service, time, and expenses.  Defendant does not oppose, and will not encourage or assist any third party in opposing, Settlement Class Counsel's request for Settlement Class Representative Service Payments up to and not exceeding $20,000 in the aggregate, nor will Defendant contest the reasonableness of the amounts requested under this Agreement.

E.      Plaintiffs shall file a Motion for Attorneys' Fees, Expenses, and Settlement Class Representative Service Payments ninety (90) days after the Preliminary Approval Order. Defendant shall file any objection or opposition to the motion twenty-one (21) days thereafter (111 days after the Preliminary Approval Order).  Settlement Class Counsel shall file any reply papers in response to the opposition and reply papers in response ot any objections, fourteen (14) days thereafter (125 days after the Preliminary Approval Order).

F.      The total amount of Settlement Class Counsel attorneys' fees, expenses, and Settlement Class Representative Service Payments awarded by the Court, subject to Settlement Class Counsel's and Defendant's agreed-upon amount, will be paid by wire transfer to Settlement Class Counsel within thirty (30) days after the Effective Date.

G.     Defendant will not be liable for or obligated to pay any fees, expenses, costs, or disbursements to, or incur any expense on behalf of, any person or entity, either directly or indirectly, in connection with this Action, this Settlement Agreement, or the proposed Settlement, other than the amount or amounts expressly provided for in this Settlement Agreement.

H.     Defendant is not responsible for any of Settlement Class Counsel's attorneys' fees or internal costs for the settlement, including, but not limited to, any investigative, expert, and actuarial costs, or any other claims for fees or expenses, other than the attorneys' fees and expenses awarded by the Court pursuant to this Agreement.

## IX.    REPRESENTATIONS, WARRANTIES, AND COVENANTS.

A.     Settlement Class Counsel, who are signatories hereof, represent and warrant that they have the authority, on behalf of Plaintiffs and Settlement Class Counsel, to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby.  This Settlement Agreement has been duly and validly executed and delivered by Settlement Class Counsel and Plaintiffs and constitutes their legal, valid, and binding obligation.

B.     Defendant, through its undersigned attorneys, represents and warrants that it has the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby.  The execution, delivery, and performance by Defendant of this Settlement Agreement and the consummation by it of the actions contemplated hereby have been duly authorized by all necessary corporate action on the part of Defendant.  This Settlement Agreement has been duly and validly executed and delivered by Defendant and constitutes its legal, valid, and binding obligation.

## X.    MISCELLANEOUS PROVISIONS.

A.     The Parties expressly acknowledge and agree that this Settlement Agreement and

the exhibits and related documents thereto along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state.  In no event will this Settlement Agreement, any of its provisions, or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory, or other proceedings, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties or their counsel.

Without limiting the foregoing, this Settlement Agreement, the exhibits thereto, any related documents, any related negotiations, statements, or court proceedings will not be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability, wrongdoing, fault, or omission of any kind whatsoever by Defendant with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Defendant specifically denies all of the allegations made in connection with the Action.  Neither this Settlement Agreement nor any class certification pursuant to it will constitute, in this or in any other proceeding, an admission by the Defendant, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement.   This Settlement Agreement also is made with the Parties' understanding and agreement that (1) under applicable laws, it is appropriate that a class be certified for settlement purposes only (*i.e.*, without needing to satisfy fully the standard required for certification of the matter for litigation purposes); (2) Defendant contests and denies that any class, including the proposed Settlement Class, is

suitable for certification as a class under the law of any jurisdiction, other than for the purposes of this Settlement Agreement; and (3) notwithstanding any other provisions of this Settlement Agreement, all actions and proceedings pursuant to it will be consistent with the foregoing.  This provision will survive the expiration or voiding of the Settlement Agreement.

B.      This Settlement Agreement is entered into only for purposes of settlement.  If the Final Approval Order is not entered, then this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, will have any effect, nor will any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties will be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

C.      This Settlement Agreement will terminate by decision of either the Defendant or the Plaintiffs, through Settlement Class Counsel, if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Settlement Agreement or the proposed Settlement that the terminating Party reasonably determines(s) is material, including without limitation, the terms of relief, the findings or conclusions of the Court, the provisions relating to notice, the definition of the Class, or the terms of the Release; (2) the Court, or any appellate court, does not enter or completely affirm, or alters or expands, any portion of the Final Approval Order, or any of the Court's findings of fact or conclusions of law, that the terminating Party reasonably determine(s) is material; or (3) more than two percent (2%) of Class Members exclude themselves from (opt out of) the Settlement.  The terminating Party must exercise the option to withdraw from and terminate this Settlement Agreement, as provided in this paragraph, no later than twenty (20) days after receiving notice of the event prompting the termination.  In such event, the Parties will

be returned to the positions that they occupied as of February 28, 2020.

Further, Defendant may unilaterally withdraw from and terminate this Settlement Agreement within twenty (20) days after receiving notice of either of the following events:

1.      any state attorney general, federal agency, or regulatory or administrative authority institutes a proceeding against the Defendant arising out of or otherwise related to the Release and any of the terms or conditions of this Settlement Agreement; or

2.      any federal or state regulator or agency: (a) objects either to any aspect or term of the Settlement Agreement and (b) requires any substantial modification to the Settlement Agreement, including, without limitation, a constriction or expansion of the scope of the contemplated relief that Defendant, in its sole discretion, deems reasonably material.

D.      If this Settlement Agreement is terminated pursuant to this Section X then:

1.      This Settlement Agreement will be null and void and will have no force or effect and no Party to this Settlement Agreement will be bound by any of its terms, except for the terms set forth in this Paragraph D;

2.      The Parties will petition to have lifted any stay orders entered pursuant to this Agreement;

3.      All of the provisions, and all negotiations, statements, and proceedings relating to it, will be without prejudice to the rights of Defendant, Plaintiffs, or any Settlement Class Member, all of whom will be restored to their respective positions occupied as of February 28, 2020, except that the Parties will cooperate in requesting that the Court set a new scheduling order such that no Parties' substantive or procedural rights are prejudiced by the attempted settlement;

4.      Defendant expressly and affirmatively reserves all defenses, arguments, and

motions as to all claims that have been or might later be asserted in the Action, including, without limitation, the argument that this Action may not be litigated as a class action;

5.      Neither this Settlement Agreement, nor the fact of its having been made, nor the negotiations leading to it, nor any discovery or action taken by a Party or Settlement Class Member pursuant to this Settlement Agreement, will be admissible or entered into evidence for any purpose whatsoever;

6.      Any Settlement-related order(s) or judgment(s) entered in this Action after the date of execution of this Agreement will be deemed vacated and will be without any force or effect;

7.      Settlement Class Members, Plaintiffs, and Settlement Class Counsel shall not in any way be responsible or liable for any Settlement Administration expenses or taxes, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and Defendant's future payment obligations shall cease; and

8.      Defendant shall have no further obligations to pay Settlement Class Members, Plaintiffs, or Settlement Class Counsel under the terms of this Settlement set forth in this Agreement and shall be responsible for only the Settlement Administration expenses and taxes actually incurred, for which Plaintiffs and Settlement Class Counsel are not liable.

E.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and will not be deemed to constitute part of this Settlement Agreement or to affect its construction.

F.      This Settlement Agreement, including all exhibits attached hereto, may not be modified or amended except in writing and signed by all of the Parties and with approval of the

Court.

G.      This Settlement Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

H.      This Settlement Agreement and any amendments thereto will be governed by and construed in accordance with the substantive laws of the State of New Jersey. The Settlement Agreement will be interpreted and enforced pursuant to New Jersey law. Federal law (including Fed. R. Civ. P. 23 and federal case law) will govern approval of the settlement, preliminary and final certification of the Settlement Class, and all related issues such as Class Counsel's motion for attorneys' fees and expenses.

I.      Any disagreement or action to enforce this Settlement Agreement will be commenced and maintained only in the Court in which this Action is pending.

J.      Except as otherwise provided in this Settlement Agreement, each Party to this Settlement Agreement will bear his, her, or its own costs of the Action.

K.      The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that may be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers, without additional costs or attorneys' fees.

L.      Proper notice will be given to Plaintiffs and Defendant of all applications for Court approval or Court orders required under this Settlement Agreement.

M.      The determination of the terms of, and the drafting of, this Settlement Agreement, including its exhibits, has been by mutual agreement after negotiation, with consideration by and

participation of all Parties and their counsel.  Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities will be construed against the drafter does not apply.  Each of the Parties was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.  No parol or other evidence may be offered to explain, modify, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.

N.     All of the exhibits to this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference.  This Settlement Agreement and the exhibits hereto constitute the entire, fully integrated agreement among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the Settlement of the Actions.

O.     The Parties agree that any disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, or the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, will be submitted to the Court for resolution.

P.     The Parties agree and acknowledge that this Settlement Agreement includes a covenant of good faith and fair dealing.

Q.     The waiver by one Party of any breach of this Settlement Agreement by another Party will not be deemed a waiver of any prior or subsequent breach of this Settlement Agreement.

R.     If one Party to this Settlement Agreement considers another Party to be in breach of its obligations under this Settlement Agreement, that Party must provide the breaching Party

with written notice of the alleged breach within ten (10) days of discovery of the breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Settlement Agreement.

      S.      All time periods set forth herein will be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run will not be included.  The last day of the period so computed will be included, unless it is a Saturday, Sunday, or legal holiday, or, when the action to be done is the filing of a paper in court, a day on which conditions or events have made the office of the clerk of the court inaccessible, in which event the period will run until the end of the next day that is not one of the aforementioned days.  As used in this section "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States.

      T.      All notices to the Parties or counsel required by this Settlement Agreement will be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

If to Class Counsel:

    Gary S. Graifman, Esq.
    KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
    210 Summit Avenue
    Montvale, New Jersey 07645
    ggraifman@kgglaw.com

    Thomas P. Sobran, Esq.
    7 Evergreen Lane
    Hingham, MA 02043
    tsobran@sobranlaw.com

    Bruce H. Nagel, Esq.
    Randee M. Matloff, Esq.
    NAGEL RICE, LLP
    103 Eisenhower Parkway
    Roseland, NJ 07068
    bnagel@nagelrice.com
    rmatloff@nagelrice.com

If to Defendant's Counsel:

    Christopher J. Dalton, Esq.
    Argia J. DiMarco, Esq.
    Buchanan Ingersoll & Rooney PC
    550 Broad Street, Suite 810
    Newark, New Jersey 07102
    christopher.dalton@bicp.com
    argia.dimarco@bipc.com

**IN WITNESS WHEREOF**, Plaintiffs and Defendant, by and through their respective counsel, have executed this Settlement Agreement as of the date(s) indicated on the lines below.

Gary S. Graifman, Esq.
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
210 Summit Avenue
Montvale, New Jersey 07645

Date:  Aug.  21, 20

Thomas P. Sobran, Esq.
7 Evergreen Lane
Hingham, MA 02043

Date:

Bruce H. Nagel, Esq.
Randee M. Matloff, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068

Date: 8/21/2020

*Attorneys for Plaintiffs
and the Putative Classes*

Christopher J. Dalton, Esq.
Argia J. DiMarco, Esq.
Buchanan Ingersoll & Rooney PC
550 Broad Street, Suite 810
Newark, New Jersey 07102

Date: 8/21/2020

*Attorneys for Defendant
BMW of North America, LLC*

46

# EXHIBIT A

# United States District Court for the District of New Jersey

## If you are a current or former owner or lessee of a model-year 2012 to 2015 BMW vehicle, you could get benefits from a class-action settlement.

*A federal court has authorized this notice.  This is not a solicitation from a lawyer.*

• A nationwide settlement has been reached in a class action lawsuit against BMW of North America, LLC, entitled *Gelis, et al. v. Bayerische Motoren Werke Aktiengesellschaft and BMW of North America, LLC,* Civil Action No. 2:17-cv-07386, involving the timing chain and oil pump drive chain modules in certain model-year 2012 to 2015 BMW vehicles.

• The Settlement provides an opportunity to be reimbursed for certain past expenses and covered for certain future repairs.

• **Your legal rights are affected whether you act or don't act, so please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | Make a claim to receive reimbursement for eligible past expenses potentially available to you under the Settlement. | Claims must be submitted by the later of thirty (30) days after the date of Final Approval of the Settlement or the Effective Date of the Settlement, to be posted on the Settlement Website but estimated to be _____, **2021**.  *See Question 8, below.* |
| **EXCLUDE YOURSELF** | Write to Settlement Class Counsel and Defendant's Counsel to exclude yourself from ("opt out" of) the Settlement.  This is the only option that allows you to be part of any other lawsuit, or your own lawsuit, against BMW of North America about the legal claims released in this Settlement. | Requests for Exclusion must be postmarked by _____, **2020**.  *See Question 12, below.* |
| **OBJECT** | Write to the judge about why you do not like the Settlement. | Objections must be postmarked by _____, **2020**.  *See Question 17, below.* |
| **GO TO A HEARING** | Ask to speak in court to the judge about the Settlement. | The Final Approval Hearing is currently scheduled for _____, **2021**.  *See Questions 19 to 21, below.* |

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

| DO NOTHING | Give up the benefits to which you may be entitled under the Settlement and your right to be part of any other lawsuit against the BMW of North America about the legal claims released by the Settlement (but not your right to future repairs under the prospective repair program, explained below). | *See Question 22, below.* |
|---|---|---|

• These rights and options -- **and the deadlines to exercise them** -- are explained in this notice.

• The Court in charge of this case still must decide whether to approve the Settlement **before any benefits can be distributed**.  Please be patient and check the settlement website for updates.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ..................................................................PAGE
    1.    Why have I received this notice?
    2.    What is the lawsuit about?
    3.    Why is this a class action?
    4.    Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ...................................................PAGE
    5.    How do I know if I am part of the Settlement? What vehicles are included in the Settlement?

**THE BENEFITS: WHAT YOU GET** ................................................PAGE
    6.    What are the benefits of the Settlement?
    7.    What am I giving up in exchange for the Settlement benefits?

**HOW TO GET BENEFITS**............................................................. PAGE
    8.    How do I get the benefits of the Settlement?
    9.    What if my claim for benefits is denied?
    10.   When will I get the benefits?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..............................PAGE
    11.   Can I exclude myself from this Settlement?
    12.   If I exclude myself, can I get anything from this Settlement?
    13.   If I don't exclude myself, can I sue later?
    14.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................PAGE
    15.   Do I have a lawyer in the case?
    16.   How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...........................................PAGE

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

17.    How do I tell the Court if I don't like the Settlement?
18.    What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** ..............................................PAGE
19.    When and where will the Court decide whether to approve the Settlement?
20.    Do I need to go to the hearing?
21.    May I speak at the hearing?

**WHAT IF I DO NOTHING?** ...............................................................PAGE
22.    What happens if I do nothing?

**GETTING MORE INFORMATION** .................................................PAGE
23.    Can I get more details about the Settlement?

| **1.** | **Why have I received this notice?** |
|---|---|

A Court has authorized this notice because you have a right to know about the proposed settlement of this class-action lawsuit, and your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the lawsuit, the proposed Settlement, and your legal rights.  You have received this notice because BMW of North America's records indicate that you are a current or former owner or lessee of one or more of the following vehicles purchased or leased in the United States, including the District of Columbia and Puerto Rico ("Class Vehicles"):

| **Model Description** | **Model Years** |
|---|---|
| X1 SAV | 2012-2015 |
| X3 SAV | 2013-2015 |
| X4 SAV | 2015 |
| Z4 | 2012-2015 |
| 228i Coupe, Convertible | 2014-2015 |
| 320i Sedan | 2012-2015 |
| 328i Sedan, Sports Wagon, Gran Turismo | 2012-2015 |
| 428i Coupe, Convertible, Gran Coupe | 2014-2015 |
| 528i Sedan | 2012-2015 |

*\*Model Years are not fully indicative of actual vehicles, which will depend on production ranges.*

Judge Cathy L. Waldor of the United States District Court for the District of New Jersey is overseeing this class-action lawsuit, known *Gelis v. Bayerische Motoren Werke Aktiengesellschaft and BMW of North America, LLC,* Civil Action No. 2:17-cv-07386 (the "Action").  Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner, and Eric T. Zinn, the people who sued, are called the "Plaintiffs," and the company that was sued, BMW of North America, LLC, is called the "Defendant."

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

| 2. | What is the lawsuit about? |
|---|---|

This lawsuit alleges that the Class Vehicles' timing chain and oil pump drive chain modules are defective and could lead to sudden engine failure and loss of power to the vehicles.  BMW of North America, which distributes and warrants BMW vehicles in the U.S., denies these allegations and stands behind and supports its products.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called "Class Representatives" assert claims on behalf of people who have similar claims.  All of these people are the "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who timely exclude themselves from ("opt out" of) the Class.  The Class Representatives in the Action are the Plaintiffs identified above.  You have received this notice because you have been identified as potentially being a Class Member.

| 4. | Why is there a Settlement? |
|---|---|

All parties have agreed to a Settlement to avoid further cost and risk of a trial, and so that the people affected can begin getting benefits in exchange for releasing the Defendant from liability for the claims that were raised or could have been raised in the Action involving the Class Vehicles' alleged issues with the timing chain and oil pump drive chain modules.  The Settlement does not mean that BMW of North America broke any laws, or otherwise did anything wrong, because Judge Waldor did not decide which side was right.  The Class Representatives and the lawyers representing them think the Settlement is fair and reasonable for the Class.

| 5. | How do I know if I am part of the Settlement? What vehicles are included in the Settlement? |
|---|---|

The Settlement Class includes all persons or entities (as of the Effective Date) in the United States, including the District of Columbia and Puerto Rico, who currently own or lease, or previously owned or leased, certain of the following U.S.-specification 2012-2015 model year BMW vehicles purchased or leased, and registered and operated in the United States, including the District of Columbia and Puerto Rico:

| Model Description | Model Years |
|---|---|
| X1 SAV | 2012 - 2015 |
| X3 SAV | 2013-2015 |
| X4 SAV | 2015 |
| Z4 | 2012 - 2015 |
| 228i Coupe, Convertible | 2014-2015 |
| 320i Sedan | 2012-2015 |
| 328i Sedan, Sports Wagon, Gran Turismo | 2012-2015 |
| 428i Coupe, Convertible, Gran Coupe | 2014-2015 |
| 528i Sedan | 2012 - 2015 |

*Model Years are not fully indicative of actual vehicles, which will depend on production ranges.*

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

4

| 6. | **What are the benefits of the Settlement?** |
|---|---|

If Judge Waldor grants final approval of the Settlement and the Settlement becomes effective **(the "Effective Date")**, you may be entitled to reimbursement for some or all of your past out-of-pocket expenses incurred for repairing or replacing one failed timing chain module, oil pump drive chain module, and engine (if damaged due to a failure of the timing chain or oil pump drive chain modules), as follows:

Reimbursement Program:  You may be eligible for full or partial reimbursement of costs for repairing or replacing one failed timing chain module, one failed oil pump drive chain module, or replacing one failed engine if damaged due to a failure of the timing chain or oil pump drive chain modules, per VIN, per owner/lessee if the replacement occurred before the Effective Date and prior to the earlier of the first 8 years or 100,000 miles of the Class Vehicle's in-service date (whichever comes first).  Repairs performed at authorized BMW Centers will be reimbursed 100%, without any cap.  Repairs performed at independent service centers will be capped at $3,000.00 for timing chain/oil pump drive chain repairs, and at $7,500.00 for engine replacement, inclusive of parts and labor.  In addition to this cap for independent service center repairs, reimbursements will be scaled to vehicle age and mileage as follows:

| Mileage and Years in Service | Defendant Contribution | Class Member Contribution | Reimbursement Cap for Repair at BMW Center | Reimbursement Cap for Repair at Independent Service Center | |
|---|---|---|---|---|---|
| | | | | Timing Chain Module/Oil Pump Drive Chain Module | Engine |
| Less than 70,000 miles and 7 years in service | 100% | 0% | None | $3,000 | $7,500 |
| 70,001 to 80,000 miles, or less than 70,000 miles but more than 7 years and less than 8 years in service | 75% | 25% | None | $3,000 | $7,500 |
| 80,001 to 90,000 miles and less than 8 years in service | 55% | 45% | None | $3,000 | $7,500 |
| 90,001 to 100,000 miles and less than 8 years in service | 40% | 60% | None | $3,000 | $7,500 |
| Over 100,000 miles or 8 years in service (whichever comes first) | Not Eligible For Relief | | | | |

\*    *If you are unsure of your Vehicle's in-service date, please check with your local BMW Center, which can look up the date based on your Vehicle Identification Number (VIN).*

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

Prospective Repair Program:  After the Effective Date, you may be eligible for full or partial coverage of the costs of *future* repairs to your vehicle's timing chain module, oil pump drive chain module, or engine (if damaged due to a failure of the timing chain or oil pump drive chain modules) if the repair is performed at an authorized BMW Center and the Class Vehicle has less than 8 years or 100,000 miles in service (whichever comes first).  Repair coverage will be scaled to vehicle age and mileage as follows:

| Mileage and Years in Service | Defendant Contribution | Class Member Contribution |
|---|---|---|
| Less than 70,000 miles and 7 years in service | Covered by existing 7 year/70,000 mile Component Warranty Extension | |
| 70,001 to 80,000 miles, or less than 70,000 miles but more than 7 years and less than 8 years in service | 75% | 25% |
| 80,001 to 90,000 miles and less than 8 years in service | 55% | 45% |
| 90,001 to 100,000 and less than 8 years in service | 40% | 60% |
| Over 100,000 miles or 8 years in service (whichever comes first) | Not Eligible For Relief | |

Additionally, for one year after the Effective Date, any Class Vehicle regardless of age (*i.e.*, years in service) you may be eligible for full or partial coverage of the costs of these same future repairs as long as the vehicle has 100,000 miles or less and is taken to an authorized BMW Center for the repairs.  This repair coverage will also be scaled to vehicle mileage as follows:

| Mileage | Defendant Contribution | Class Member Contribution |
|---|---|---|
| Less than 70,000 miles | 100% | 0% |
| 70,001 to 80,000 miles | 75% | 25% |
| 80,001 to 90,000 miles | 55% | 45% |
| 90,001 to 100,000 miles | 40% | 60% |

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

| Over 100,000 miles | Not Eligible For Relief |
|---|---|

*    *    *

**Limitations**:  BMW of North America does not warrant or guarantee any repairs performed at third-party (non-BMW Center) repair shops and should any such repairs fail after a Settlement Class Member has made a reimbursement claim under the Settlement, the Settlement Class Member will not be entitled to submit an additional claim or seek replacement under the extended warranty.  BMW of North America does not warrant replacement parts that were not certified by the original equipment manufacturer.  Only one Prospective Repair Program repair per VIN is permitted, although recovery under the Prospective Repair Program does not affect your eligibility to recover under the Reimbursement Program.  There are additional limitations and exclusions from coverage contained set forth in BMW of North America's New Passenger Vehicle Limited Warranty and in Section III of the Settlement Agreement, which you should review at www.[to be inserted].com.

In order to obtain reimbursement for eligible past out-of-pocket expenses, you must submit a Claim Form and include all of the documentation identified on the Claim Form.  In order to receive benefits under the prospective repair program, you must take your Class Vehicle to an authorized BMW Center.

| **7.** | **What am I giving up in exchange for the Settlement benefits?** |
|---|---|

If the Settlement becomes final, Class Members will be releasing Defendant and related people and entities from all of the claims described and identified in Section VII.A of the Settlement Agreement.  In essence, Class Members are releasing all claims (except for personal injury or damage to property other than the Class Vehicle) that could arise based on alleged defect in the timing chain module or oil pump drive chain module in the Class Vehicles.  The Settlement Agreement is available at www.[to be inserted].com.  The Settlement Agreement describes the released claims with specific descriptions, in necessarily precise legal terminology, so read it carefully.

Judge Waldor has approved specific lawyers to represent you in this lawsuit and Settlement.  You can talk to one of the lawyers listed in Question 15 below, free of charge, if you have questions about the released claims or what they mean.  You can also speak with your own lawyer, should you have one, about this Settlement.

| **8.** | **How do I get the benefits of the Settlement?** |
|---|---|

If you are a Class Member and would like to obtain the reimbursement benefits (described in Question 6 above), you need to complete the Claim Form that accompanies this Notice and mail it, with all the required proofs, to the address provided on the Claim Form or file the Claim Form online through the Settlement website portal.  Additional Claim Forms are available at www.[to be inserted].com.  The current deadline for submitting your Claim Form is _____, 2021.

These benefits are also subject to limitations, which are discussed in Question 6 and in the Settlement Agreement.

If you have any questions on how to complete the Claim Form or what information is needed, you can call the toll-free number at the bottom of this notice.

| **9.** | **What if my claim for benefits is denied?** |
|---|---|

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

There is a process in the Settlement Agreement to resolve disagreements between you and Defendant over your claim.  During this process, the court-appointed lawyers listed in Question 15 below will represent you in any dispute regarding relief under the terms of the Settlement, and the dispute will be handled in accordance with the procedures set forth in Section III.B of the Settlement Agreement.  If you have questions regarding this process, visit www.[to be inserted].com to see a copy of the Settlement Agreement, or contact Class Counsel below.

| **10.** | **When will I get the Settlement benefits?** |
|---|---|

If you have submitted a claim, your Claim Form will be processed and payments will be issued on a continuing, rolling basis **after the Effective Date**, which will be after the Court's Final Approval hearing, scheduled for _____, **2021**, and all appeals, if any, are resolved.

*Please be patient, and feel free to check **www.[to be inserted].com** for current status.*

| **11.** | **Can I exclude myself from this Settlement?** |
|---|---|

Yes.  If you want to keep the right to sue or if you are already suing Defendant in another action over the legal issues in this case, then you must take steps to do so.  This is called asking to be excluded from – sometimes called "opting out" of – the Settlement.

| **12.** | **If I exclude myself, can I get anything from this Settlement?** |
|---|---|

No.  If you ask to be excluded, you will not receive any of the reimbursement benefits of the Settlement or the warranty extension and you cannot object to the Settlement.  But you may sue, continue to sue, or be part of a different lawsuit against Defendant in the future, including for claims that this Settlement resolves.  You will not be bound by anything that happens in this lawsuit.

| **13.** | **If I don't exclude myself, can I sue later?** |
|---|---|

No.  Unless you exclude yourself, you give up the right to sue Defendant for the claims that this Settlement resolves.

| **14.** | **How do I exclude myself from the Settlement?** |
|---|---|

To exclude yourself from the Settlement, you must send a letter by mail to the Claims Administrator saying that you want to be excluded from *Gelis v. Bayerische Motoren Werke Aktiengesellschaft,* Civil Action No. 2:17-cv-07386.  Be sure to include: (1) your full name and current address; (2) the model-year, model, and VIN of your Class Vehicle(s) and the date(s) of purchase/lease; (3) specifically and clearly state your desire to be excluded from the Settlement and from the Settlement Class; and (4) your signature.  You cannot ask to be excluded over the phone or via the internet.  You must mail your request to be excluded, postmarked no later than _____, **2020**, to the Claims Administrator at the address listed in Question 17.

Failure to comply with any of these requirements for excluding yourself will result in you being bound by this Settlement.

| **15.** | **Do I have a lawyer in the case?** |
|---|---|

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

The Plaintiffs and you have been represented by the law firms of Kantrowitz Goldhamer & Graifman, P.C.; Thomas P. Sobran, Esq.; and Nagel Rice, LLP.  Judge Waldor has approved as "Class Counsel" the following lawyers to represent you and other Class Members:

Gary S. Graifman, Esq.
KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.
210 Summit Avenue
Montvale, New Jersey 07645

Thomas P. Sobran, Esq.
7 Evergreen Lane
Hingham, MA 02043

Bruce H. Nagel, Esq.
Randee M. Matloff, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068

You will not be charged for these lawyers.  If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| 16. | How will the lawyers be paid? |
|-----|-------------------------------|

As part of the resolution of the Action, Class Counsel and BMW of North America have agreed that Class Counsel may apply for an award of attorneys' fees, costs, expenses, and service payments for the twenty Class Representatives between $1,500,000 and $3,700,000 in the aggregate.  BMW of North America has agreed not to object to or oppose Class Counsel's application for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Services Payments up to $1,500,000 in the aggregate.  The Parties have agreed that Class Counsel will not seek payment of any amount in excess of $3,700,000 in the aggregate, and that they will submit the issue to Judge Waldor to decide the exact final award amount.  The Parties have also agreed that Class Counsel may apply for service payments to the Class Representatives in the amount of $1,000 each ($20,000 in the aggregate) if awarded by Judge Waldor, which will be included in Class Counsel's final award amount.  The Class Counsel attorneys' fees, costs, expenses, and Class Representative service payments, not to exceed $3,700,000 in the aggregate, that Judge Waldor awards will be paid separate and apart from any relief provided to the Class and will not reduce the value of the benefits distributed to Class Members.  Defendant will also separately pay the costs to administer the Settlement.  Judge Waldor will determine the amount of attorneys' fees, costs, expenses, and service payments after evaluating Plaintiffs' submission.

| 17. | How do I tell the Court if I don't like the Settlement? |
|-----|---------------------------------------------------------|

If you don't like some part of the Settlement, you can object to it.  You can give reasons why you think Judge Waldor should not approve it.  To object, you must send a letter to the Clerk of Court saying that you object to the Settlement in *Gelis v. Bayerische Motoren Werke Aktiengesellschaft,* Civil Action No. 2:17-cv-07386.  You must include: (1) your full name, current address, current telephone number, and if you are represented by a lawyer other than Class Counsel, the name of your lawyer and your lawyer's address; (2) the model year, model, and VIN of your Class Vehicle(s) and the date(s) of purchase or lease; (3) whether the objection applies

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

9

only to you, to a specific subset of the Class, or to the entire Class; (4) the reasons why you object and the factual and legal reasons for your objection (including all relevant documents that pertain to your objection); (5) copies of relevant repair history and proof that you have owned or leased the Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (6) a statement that you have reviewed the Settlement Class definition and understand that you are a Settlement Class Member, and you have not opted out of the Settlement Class; (7) a detailed list of any other objections to any class action settlements you have submitted in the previous five (5) years to any court, whether state, federal, or otherwise, in the United States; (8) a Notice of Intention to Appear at the Final Approval Hearing, if you intend to appear in person at the hearing; and (9) your signature. **The objection must be mailed to the Court, the Claims Administrator, Class Counsel, and Defendant's Counsel at the addresses below.** The mailed copies must be postmarked on or before _____ , 2020:

| COURT | Clerk of Court<br>United States District Court for the District of New Jersey<br>Rev. Dr. Martin Luther King, Jr. Federal Building & U.S. Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |
|---|---|
| CLAIMS ADMINISTRATOR | *Gelis* Claims Administrator<br>c/o Rust Consulting<br>PO Box XXXX<br>City, State XXXXX-XXXX |
| CLASS COUNSEL | Gary S. Graifman, Esq.<br>KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.<br>210 Summit Avenue<br>Montvale, New Jersey 07645<br><br>Thomas P. Sobran, Esq.<br>7 Evergreen Lane<br>Hingham, MA 02043<br><br>Bruce H. Nagel, Esq.<br>Randee M. Matloff, Esq.<br>NAGEL RICE, LLP<br>103 Eisenhower Parkway<br>Roseland, NJ 07068 |
| DEEFENDANT'S COUNSEL | Christopher J. Dalton, Esq.<br>Argia J. DiMarco, Esq.<br>BUCHANAN INGERSOLL & ROONEY PC<br>550 Broad Street, Suite 810<br>Newark, New Jersey 07102-4582 |

| **18.** | **What's the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling Judge Waldor that you don't like something about the Settlement. You can object only if you stay in the Settlement. Excluding yourself is telling Judge Waldor that you don't want to be part of the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

| 19. | When and where will Judge Waldor **decide whether to approve the Settlement?** |
|---|---|

Judge Waldor will hold a "Final Approval Hearing" to decide whether to approve the Settlement on **_____, 2021 at _____ a.m.**, at the United States District Court for the District of New Jersey, Rev. Dr. Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102.  At this hearing, Judge Waldor will determine whether the Settlement is fair, adequate, and reasonable and whether the objections by Class Members, if any, have merit.  If you have filed an objection on time, you may attend and ask to speak, but you don't have to.  However, Judge Waldor will only listen to people who have asked to speak at the hearing (*see* Question 21 below).  At this hearing, Judge Waldor will also decide the service payments for the Class Representatives, as well as the attorney's fees for the lawyers representing the Class Members.  We do not know how long the Court's decision will take, and the hearing date may change due to other court business.  You should monitor www.[to be inserted].com to find out if any dates have changed and to learn if Judge Waldor has approved the Settlement.

| 20. | Do I need to go to the hearing? |
|---|---|

No.  Class Counsel will answer any questions Judge Waldor may have, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mail your valid written objection on time, Judge Waldor will consider it.  You may also pay another lawyer to attend, but it's not required.

| 21. | May I speak at the hearing? |
|---|---|

You may ask Judge Waldor for permission to speak at the Final Approval Hearing.  To do so, you must file a "Notice of Intent to Appear" in *Gelis v. Bayerische Motoren Werke Aktiengesellschaft,* Civil Action No. 2:17-cv-07386.  Be sure to include your name, address, telephone number, signature, and other requirements outlined in Question 17.  Your Notice of Intent to Appear must be postmarked no later than **_____, 2020**, and mailed to the addresses listed in Question 17.  You cannot speak at the hearing if you have excluded yourself from the Settlement.

| 22. | What if I do nothing? |
|---|---|

If you do nothing, you will give up the right to be part of any other lawsuit against BMW of North America about the legal claims released by the Settlement.  You will not receive any of the reimbursement benefits described in Question 6 offered by this Settlement unless you timely submit a Claim Form.  You will be eligible for the future repair program.

| 23. | Can I get more details about the Settlement? |
|---|---|

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can review the Settlement Agreement and related documents at www.[to be inserted].com.

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT www.[to be inserted].com**
**PARA UNA NOTIFICACION EN ESPANOL, LLAMAR O VISITAR NUESTRO WEBSITE**

11

# EXHIBIT B

**CLAIM FORM TO RECEIVE REIMBURSEMENT FOR ELIGIBLE PAST EXPENSES IN *GELIS v. BMW OF NORTH AMERICA, LLC***

This form must be submitted or postmarked on or before _____, 2020

*Complete this form only if you wish to make a claim for reimbursement for eligible past expenses available under the Settlement.*

**PLEASE TYPE OR PRINT LEGIBLY**

*You must supply all of the following information in order to obtain reimbursement for eligible past expenses under this Settlement.*

Name: _____

Address: _____

_____

_____

Email: _____

BMW Model Year:   20 __ __        Model: _____ (ex: 528i)

Vehicle Identification Number: __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __
(The VIN is 17 characters and can be found on the metal plate at the bottom of the driver's side front windshield or on your sale or title documents.)

Date of Purchase/Lease: _____

**YOU MAY BE ELIGIBLE FOR THE FOLLOWING REIMBURSEMENTS FOR PAST EXPENSES PROVIDED UNDER THE SETTLEMENT:**

A.    *If repairs were performed at an authorized BMW Center, costs (parts and labor) to repair or replace the timing chain module, oil pump drive chain module, or replace the engine (if damaged due to timing chain or oil pump drive chain failure) will be reimbursed in full.*

B.    *If repairs were performed at an independent service center, costs (parts and labor) will be reimbursed up to $3,000.00 for repairing or replacing one failed timing chain module and/or oil pump drive chain module.*

C.    *If repairs were performed at an independent service center, costs (parts and labor) will be reimbursed up to $7,500.00 for replacing the engine if damaged due to a failure of the timing chain module and/or oil pump drive chain module.*

**QUESTIONS?  CALL TOLL-FREE _____ OR VISIT WWW.**

1

**PLEASE COMPLETE THIS CLAIM FORM <u>ONLY</u> IF YOU ARE SEEKING ANY OF THE REIMBURSEMENT BENEFITS LISTED ABOVE.**

**PLEASE SEE QUESTIONS 6 THROUGH 8 ON THE NOTICE FORM, OR SECTION III OF THE SETTLEMENT AGREEMENT, FOR MORE INFORMATION AND LIMITATIONS.**

---------------------------------------------------------------------------------------------------

# CLAIMS FOR REIMBURSEMENT FOR PAST EXPENSES

To obtain reimbursement for costs for replacing one (1) failed timing chain module, one (1) failed oil pump drive chain module, or one (1) failed engine if damaged due to a failure of the timing chain and/or oil pump drive chain modules, you must submit documents showing:

a. Whether the repair or replacement was made at an authorized BMW dealer (*e.g.*, a BMW Center), or at a third-party repair shop; and

b. Your Settlement Class Vehicle's model, model year, and VIN; and

c. The identity of the owner/lessee of the Settlement Class Vehicle at the time of repair (such as a true copy of a vehicle title, registration, or license receipt); and

d. That your Settlement Class Vehicle had fewer than 8 years and 100,000 miles (whichever comes first) at the time of the repair, as evidenced by a repair order with vehicle mileage from the entity that performed the repair or replacement, or service records from before and after the repair or replacement; and

e. The cost of repair, with parts and labor separated; and

f. Proof of payment for the amount(s) sought for reimbursement (credit-card receipt, credit-card statement, or cancelled check); and

g. The nature of the repair; and

h. The part(s) description and part(s) numbers used in the repair; and

i. The date of repair; and

j. Evidence of adherence to regular oil changes in accordance with the Class Vehicle's Condition Based Service Indicator.  Documents evidencing your adherence to the relevant aspects of the vehicle maintenance schedule during the time you owned the vehicle are required, in particular, scheduled oil changes up to date/mileage of replacement/repair, within a variance of 1,000 miles of the scheduled time or mileage maintenance requirements.  However, if you cannot obtain maintenance records despite a good faith effort to obtain them, you may submit a declaration under penalty of perjury detailing what efforts you made to obtain the records, who you communicated with and when, why the records were not available, and attesting to adherence to the maintenance schedule and, in particular, scheduled oil changes up to the date/mileage of the

replacement/repair, within the variance set forth above.
-----------------------------------------------------------------------------------------------------------------------

**COMPLETED CLAIMS FORMS CAN BE SUBMITTED BY MAIL OR ONLINE.**

IF SUBMITTING BY <u>MAIL,</u> COMPLETE THIS CLAIM FORM AND MAIL IT,
POSTMARKED ON OR BEFORE THE LATER OF 30 DAYS AFTER THE DATE OF FINAL
APPROVAL OF THE SETTLEMENT OR THE EFFECTIVE DATE OF THE SETTLEMENT,
TO BE POSTED ON THE SETTLEMENT WEBSITE BUT ESTIMATED TO BE _____,
**2021** TO:

*Gelis* Claims Administrator
c/o Rust Consulting
PO Box \_\_\_\_]
[City, State, ZIP Code]

IF SUBMITTING <u>ONLINE,</u> COMPLETE AND SUBMIT THE CLAIM FORM AVAILABLE
AT WWW.[INSERT WEBSITE].COM ON OR BEFORE THE LATER OF 30 DAYS AFTER
THE DATE OF FINAL APPROVAL OF THE SETTLEMENT OR THE EFFECTIVE DATE
OF THE SETTLEMENT, TO BE POSTED ON THE SETTLEMENT WEBSITE BUT
ESTIMATED TO BE _____, **2021**.

## <u>CLAIMANT DECLARATION</u>

I declare under penalty of perjury that the information above and the documents I have supplied are true and correct.

Signed On:  _____

(DD/MM/YYYY)

in _____, _____.

(City)                              (State)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person signing - if applicable)

**QUESTIONS?  CALL TOLL-FREE** _____ **OR VISIT** WWW.

4

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTEM V. GELIS, BHAWAR PATEL, ROBERT MCDONALD, JAMES V. OLSON, GREGORY HEYMAN, SUSAN HEYMAN, DEBRA P. WARD, DARRIAN STOVALL, ALEX MARTINEZ, AMANDA GOREY, CHRIS WILLIAMS, ASHOK PATEL, KENNETH GAGNON, MICHAEL CERNY, MARIA MEZA, ANDRE MALSKE, NICOLE GUY, DAVID RICHARDSON, STACEY TURNER, and ERIC T. ZINN, individually and on behalf of all others similarly situated, | : : : : : : : : : : : : | Civil Action No. 2:17-cv-007386-SDW-CLW  **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| *Plaintiffs*, | : : | |
| v. | : : | |
| BMW OF NORTH AMERICA, LLC, | : : | |
| *Defendant*. | : : | |

WHEREAS, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the parties seek entry of an order preliminarily approving the settlement of this action pursuant to the settlement agreement fully executed on August 21, 2020 (the "Settlement Agreement" or "Settlement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court has read and considered the Settlement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval;

**NOW, THEREFORE, IT IS ON THIS _____ DAY OF _____, 2020, ORDERED THAT:**

1.     This Order incorporates by reference the definitions in the Settlement, and all terms used in this Order shall have the same meanings as set forth in the Settlement.

2.     The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> All current (as of the Effective Date) and former owners and lessees in the United States, including the District of Columbia and Puerto Rico, of certain of the following U.S.-specification BMW vehicles distributed, registered, and operated in the United States, including the District of Columbia and Puerto Rico:

| Model Description | Model Years |
|---|---|
| X1 SAV | 2012 - 2015 |
| X3 SAV | 2013-2015 |
| X4 SAV | 2015 |
| Z4 | 2012 - 2015 |
| 228i Coupe, Convertible | 2014-2015 |
| 320i Sedan | 2012-2015 |
| 328i Sedan, Sports Wagon, Gran Turismo | 2012-2015 |
| 428i Coupe, Convertible, Gran Coupe | 2014-2015 |
| 528i Sedan | 2012 - 2015 |

> *Model Years are not fully indicative of actual vehicles, which will depend on production ranges.*

Excluded from the Class are:  Defendant, as well as Defendant's affiliates, employees, officers, and directors, attorneys, agents, insurers, third-party providers of extended warranty/service contracts, franchised dealers and their owners and immediate family members, independent repair/service facilities and their owners and immediate family members, fleet owners and operators, rental companies and vehicles, the attorneys representing Defendant in this case, the Judges and Mediator to whom this case is assigned and their immediate family members, all

persons who request exclusion from (opt-out of) the Settlement, vehicles with a salvage title or deemed a total loss, vehicles purchased from salvage yards/junkyards/recyclers, anyone claiming personal injury or property damage other than to a Class Vehicle or through subrogation, all persons who previously released any claims encompassed in this Settlement, and vehicles transported outside the United States.

4.    The Court appoints Kantrowitz, Goldhamer & Graifman, P.C., Thomas P. Sobran, Esq., and Nagel Rice, LLP as Settlement Class Counsel for the Settlement Class.  Any Settlement Class Member may enter an appearance in the action, at his, her, or its own expense, either individually or through counsel.  However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

5.    The Court appoints Plaintiffs Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner, and Eric T. Zinn as Settlement Class Representatives.

6.    The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.  The Court preliminarily finds that

certification of the Settlement Class is appropriate when balanced against the risks relating to further litigation.  It further appears that extensive and costly investigation, research, and discovery have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action.  It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral.

7.      The Court approves the form and content of the Settlement Class Notice (Exhibit A to the Settlement Agreement) and Claim Form (Exhibit B to the Settlement Agreement).  The Court finds that the mailing of the Settlement Class Notice in the manner set forth in the Settlement, as well as the establishment of a settlement website and toll-free number, satisfies due process.  The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled to Settlement Class Notice.  The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

8.      The Court directs that, if they have not already done so, Defendant's Counsel shall provide notice under the Class Action Fairness Act, 28 U.S.C. § 1715 to the States' Attorneys General within ten (10) days from the date of this Order.

9.      The Court appoints Rust Consulting as the Claims Administrator.  The Claims Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including:

a.      Establishing, maintaining, and administering a toll-free phone number and a website, on or before _____, 2020 (seventy-five (75) days after this Order) dedicated to the Settlement which will provide information about the Settlement including all relevant

documents and will provide information on how Settlement Class Members may submit their claims by U.S. Mail or through an online portal on the website.

        b.     Disseminating Settlement Class Notice on or before _____, 2020 (ninety (90) days after the date of this Order) by:

        i.     Individual direct mail (first class) notice regarding the Settlement will be sent to all current and former owners and lessees of Class Vehicles using BMW NA's database and information from state motor vehicle agencies obtained by Experian Information Solutions, Inc. or similar provider; and

        ii.     Publication on a website to be established and maintained by the Claims Administrator.

    10.     At least ten days before the Final Approval Hearing, Defendant shall file an affidavit from the Claims Administrator (i) indicating the number of claims, requests for exclusion, and objections submitted by Settlement Class Members to date; and (ii) attesting that Settlement Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement and the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*, or those otherwise required by the Court.

    11.     If Settlement Class Members do not wish to participate in the Settlement Class they may exclude themselves.  All requests to be excluded from the Settlement Class must be in writing, sent to the Claims Administrator at the addresses set forth in the Settlement Class Notice, and postmarked on or before the Opt-Out Deadline, which is _____, 2021 (one hundred and thirty (130) days after the date of this Order).

        a.     Any request for exclusion must (1) state the Settlement Class Member's full name and current address; (2) identify the model year and Vehicle Identification Number ("VIN")

of his/her vehicle(s) and the date(s) of purchase or lease; and (3) specifically and clearly state his/her desire to be excluded from the Settlement and from the Settlement Class. No Request for Exclusion will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against BMW and other Released Persons.

12.     Any Settlement Class Member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement.

a.      The following information must be provided in the Settlement Class Member's written objection: (1) his/her full name, current address, and current telephone number; (2) the model year and model of his/her Vehicle(s), as well as the VIN of his/her Vehicle(s) and the date(s) of purchase or lease; (3) whether the objection applies only to the objecting Class Member, to a specific subset of the Class, or to the entire Class; (4) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (5) provide copies of relevant repair history or other proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); and (6) any other documents that the objector wishes to submit in support of his/her position and of any other documents that the objector wishes to submit in support of his/her position.  To be valid, an objection also must include a detailed statement of each objection asserted, including the grounds for objection.  In addition, any Settlement Class Member objecting to the Settlement must provide a detailed statement of any objections to any other class action settlements submitted in any court,

7

whether state, federal, or otherwise, in the United States in the previous five (5) years.  If the Settlement Class Member has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she must affirmatively so state in the written materials provided in connection with the objection to this Settlement.

b.      All objections and requests to appear at the Final Approval Hearing must be in writing, sent to the Clerk of this Court, the Claims Administrator, Settlement Class Counsel, and Defendant's Counsel at the addresses set forth in the Settlement Class Notice.  All objections and requests to appear must be postmarked on or before _____, 2021 (one hundred and thirty (130) days after the date of this Order).

13.     Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

14.     Settlement Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments by _____, 2020 (ninety (90) days after the date of this Order).  Defendant shall file any objection or opposition to the motion by _____, 2020 (twenty-one (21) days thereafter (or 111 days after the date of this Order)).  Settlement Class Counsel shall file any reply papers by _____, 2021 (fourteen (14) days thereafter (or one hundred and twenty-five (125) days after the date of this Order)).

15.     Settlement Class Counsel shall file their Final Approval Motion by _____, 2021 (one hundred and forty-five (145) days after the date of this Order).

16.     The Court hereby schedules the Final Approval Hearing for _____ ___, 2021 at _____ a.m./p.m. (not less than one hundred and sixty (160) days after the date of this Order).  The Final Approval Hearing will take place in the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark NJ 07102, to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Settlement Class Counsel's application for attorneys' fees and for incentive awards to the Settlement Class Representatives should be approved.  The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

17.     Settlement Class Members shall have until the later of thirty (30) days after the entry of the Final Approval Order or the Effective Date of the Settlement to submit Claim Forms. Claim Forms must be postmarked by that date to be considered timely.

_____
Honorable Cathy L. Waldor
United States Magistrate Judge