UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTEM V. GELIS, BHAWAR PATEL, ROBERT MCDONALD, JAMES V. OLSON, GREGORY HEYMAN, SUSAN HEYMAN, DEBRA P. WARD, DARRIAN STOVALL, ALEX MARTINEZ, AMANDA GOREY, CHRIS WILLIAMS, ASHOK PATEL, KENNETH GAGNON, MICHAEL CERNY, MARIA MEZA, ANDRE MALSKE, NICOLE GUY, DAVID RICHARDSON, STACEY TURNER and ERIC T. ZINN, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>*Defendant*. | Civil Action No. 2:17-cv-7386-WHW-CLW |

**FINAL ORDER AND JUDGMENT CERTIFYING SETTLEMENT CLASS, AND GRANTING FINAL APPROVAL OF SETTLEMENT**

Having considered the Motion for Final Approval (hereinafter "Motion", Dkt. No. __) of the Class Settlement (hereinafter "Settlement") between the Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner and Eric T. Zinn (hereinafter "Plaintiffs" or "Class Representatives") and BMW of North America, LLC (hereinafter "BMW NA"); the supporting Joint Declaration of Gary S. Graifman, Thomas P. Sobran and Bruce H. Nagel, filed February 1, 2021 (hereinafter "Joint Declaration") (Dkt. No. __) and exhibits annexed thereto including the Settlement Agreement and Release (hereinafter "Settlement Agreement"); the Declaration of Jason M. Stinehart, Project Manager for the Claims Administrator,

- 1 -

Rust Consulting (Dkt. No. __ ) and exhibits annexed thereto; the objections to the Settlement (Dkt. Nos. 82, 90, 91, 98, 99, 100-107, 109-112, 114-120, 122-126, 129-136, 138-141, 143, 144, 146); the Brief in Further Support of Final Approval on behalf of Defendant BMW NA (Dkt. No. __); Plaintiffs' Brief in Response to Objections (Dkt. No. __); and the Court, having held a fairness hearing on February 16, 2021 and having carefully considered all of the submissions and arguments with respect to the Motion; and having provisionally certified, by the Court's prior Order Granting Preliminary Approval of Class Action Settlement dated September 9, 2020 (Dkt. No. 75) (the "Preliminary Approval Order"), a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and directed the dissemination of Class Notice pursuant to the approved Notice Plan; and the Court being fully advised in the premises, the Court finds and orders as follows:

       1.    **Certification of the Class**. The Court finds that, for purposes of Settlement, the applicable prerequisites for class action treatment under FED. R. CIV. P. 23(a) and 23(b)(3) are satisfied, to wit: The Class or Settlement Class as defined in the first paragraph on pages 2-3 of the Settlement Agreement and also defined below, consisting of approximately 1.3 million Settlement Class Members, is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and, a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

       2.    **Notice of the Class Action Settlement**.  The Court finds as demonstrated by the Declaration of the Claims Administrator Project Manager, and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with FED. R. CIV. P. (e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order.  The Court finds the Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

3. **CAFA Notice.** In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Claims Administrator caused to be mailed a copy of the proposed Class Action Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Class Members reside, thereby satisfying the requirements of CAFA. None of the Attorneys General filed objections to the Settlement.

4. **Defined Terms of the Settlement Agreement.** Unless otherwise defined herein, the terms used in the Settlement Agreement shall have the same meaning as set forth in this Order.

5. **The Settlement is Fair, Reasonable and Adequate.** The Court finds that the Settlement is fair, reasonable, and adequate and in all respects satisfies the requirements for a class settlement under Rule 23. The Settlement provides substantial benefits to the Class such as:

    A. Class Members who submit valid claims establishing they paid for the diagnosis, repair and/or replacement of a failed timing chain module and/or failed oil pump drive chain module and whose failure occurred within 7 years of the in-service date and 70,000 miles will receive reimbursement of 100% of the invoice amount for work performed at an authorized BMW Center and for work performed at an Independent Service Center (hereinafter "ISC"), subject to the application of a cap for repairs done at an ISC of up to $3,000 for the timing chain module/oil pump drive chain module ("Timing Chain Cap") and up to $7,500 for engine failure directly related to the timing chain failure (Engine Repair Cap").

    B. For valid claims for Class Vehicles with prior repairs done after 7 years of the in-service date or 70,000 miles (whichever occurs first) but before 8 years of the in-service date or 100,000 miles, if the work is performed at either an authorized BMW Center or ISC, the work will be reimbursed according to the following reimbursement schedule, subject to the above-referenced Timing Chain Cap and/or the Engine Repair Cap if the work was done at an ISC:

    For Class Vehicles with between:

- 70,001 to 80,000 miles and
  within 7 to 8 years-in-service:    75% BMW/25% Customer Contribution;
- 80,001 to 90,000 miles and
  less than 8 years-in-service:     55 % BMW/45% Customer Contribution;
- 90,001 to 100,000 miles and
  less than 8 years-in-service:     40% BMW/60% Customer Contribution;
- 100,001 miles and above or
  or more than 8
  years-in-service:                 0% BMW/100% Customer Contribution.

    C.    There is also a prospective Extended Warranty repair program which requires the work be performed by an authorized BMW Center. The repair or replacement of the defective parts (timing chain module, oil pump drive chain module, and engine if damaged by chain failure) in class vehicles up to 8 years or /100,000 miles (whichever occurs first) will be performed at the BMW Center, subject to the above-referenced contribution schedule.

    D.    As an additional benefit negotiated by Plaintiffs' counsel, for one year from the Effective Date, of the Settlement, any class vehicle with less than 100,000 miles, regardless of class vehicle age (*e.g.,* years-in-service), that experiences timing chain module failure, oil pump drive chain module failure, or engine damage, due to timing chain module or oil pump drive chain module failure, may go to an authorized BMW Center for repair, subject to the above-referenced contribution schedule.

This new 100K mileage limitation is a 42.86% increase over the 70K warranty extension BMW NA implemented in late 2017.

    6.    The Court finds that the Settlement is fair, reasonable and adequate, and in all respects satisfies FED. R. CIV. P. 23, especially considering the facts and circumstances of this case, the claims and defenses asserted, and the risks of non-recovery or reduced recovery, class certification issues and potential delays of recovery associated with the continued litigation of these claims. There are approximately 1.3 million Settlement Class Members and approximately 575,303 Settlement Class Vehicles.

    7.    The Court also finds that the Settlement was entered as a result of extensive arm's-length negotiations of disputed claims among experienced counsel, and that there was no collusion.

The Settlement was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective cases, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, damages, class certification, and maintenance of class certification through trial and potential appeals.  These factors have been explained to the Court's satisfaction in the parties' submissions.

8. As set forth in the Settlement Agreement, the Court finds that the Settlement does not and shall not constitute any admission, acknowledgement or evidence of any wrongdoing or liability on the part of Defendant BMW NA or any Released Party, or of the merit of any claim or allegation that was or could have been asserted in this Litigation.

9. Of the 1,305,981 million potential Settlement Class Members, only 44 timely objections were received and only 141 Settlement Class Members submitted timely and valid requests for exclusion from the Settlement.  The Court finds that this demonstrates an extremely favorable reaction of the Class to the Settlement, which further supports the finding the Settlement is fair, reasonable and adequate.

10. The Court, having carefully considered the objections of those objectors identified by the chart set forth as Exhibit 2 to the Joint Declaration (Dkt. No. __), including all related submissions and arguments, finds that these objections lack merit.  These objections are hereby overruled.

11. The Parties and Settlement Class Members have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement.

12. It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability, scope and/or interpretation of the Settlement Agreement or this Final Order and Judgment, should be presented exclusively to this Court for resolution by this Court.

13.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT:**

The Court certifies, for the purpose of this Settlement, a Settlement Class consisting of the following:

All current (as of the Effective Date) and former owners and lessees in the United States, including the District of Columbia and Puerto Rico, of certain of the following U.S.-specification BMW vehicles distributed for sale, registered, and operated in the United States, including the District of Columbia and Puerto Rico:

| Model Description | Model Years |
|---|---|
| X1 SAV | 2012 - 2015 |
| X3 SAV | 2013 - 2015 |
| X4 SAV | 2015 |
| Z4 | 2012 - 2015 |
| 228i Coupe, Convertible | 2014 - 2015 |
| 320i Sedan | 2012 - 2015 |
| 328i Sedan, Sports Wagon, Gran Turismo | 2012 - 2015 |
| 428i Coupe, Convertible, Gran Coupe | 2014 - 2015 |
| 428i xDrive | 2014 - 2015 |
| 528i Sedan | 2012 - 2015 |

*Model Years are not fully indicative of actual Class Vehicles, which will depend on production ranges.*

Excluded from the Class: Defendant, as well as Defendant's affiliates, employees, officers, and directors, attorneys, agents, insurers, third-party providers of extended warranty/service contracts, franchised dealers and their owners and immediate family members, independent repair/service facilities and their owners and immediate family members, fleet owners and operators, rental companies and vehicles, the attorneys representing Defendant in this case, the Judges and Mediator to whom this case is assigned and their immediate family members, all persons who request exclusion from (opt-out of) the Settlement, vehicles with a salvage title or deemed a total loss, vehicles purchased from salvage yards/junkyards/recyclers, anyone claiming personal injury or property damage other than to a Class Vehicle or through subrogation, all persons who previously released any claims encompassed in this Settlement, and vehicles transported outside the United States.

14. The Settlement Agreement submitted by the Parties is in all respects approved pursuant to FED. R. CIV. P. 23(e) as fair, reasonable, adequate, and in the best interests of the Settlement Class.

15. Each of the Objections of the objectors identified on Exhibit 2 of the Joint Declaration have been duly considered and are hereby overruled.

16. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the 141 Settlement Class Members who are listed on Exhibit A annexed hereto. Any other requests for exclusion are hereby rejected as untimely or as otherwise deficient for failing to provide information required by this Court.

17. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

18. The Parties and each person or entity within the definition of the Settlement Class are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the release of claims contained therein, except for those identified in Exhibit A annexed hereto, who have duly and timely excluded themselves from the Settlement.

19. The Action is hereby dismissed, with prejudice and without costs.

20. This Final Approval Order and Judgment has been entered without any admission by any Party as to the merits of any allegation in this Action and shall not constitute a finding of either fact or law as to the merits of any claim or defense that was or could have been asserted in the Action. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, the proceedings, or any documents, filings or statements related thereto, is or shall be deemed or construed to be an admission, or evidence, of any liability or wrongdoing on the part of the Defendant BMW NA, or of any allegation or claim asserted in this action, all of which are expressly denied by Defendant BMW NA.

21. The Released Claims, as set forth in the Settlement Agreement, are hereby fully and finally deemed released, discharged, compromised, settled and dismissed with prejudice against Defendant BMW NA and all Released Parties.

22. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, maintaining or continuing to prosecute or maintain, either directly or indirectly, any Released Claim against any of the Released Parties in any forum, whether judicial, administrative or otherwise, with the exception of any Settlement Class Members who have duly and timely excluded themselves from the Settlement, as listed for purposes of identification on Exhibit A annexed hereto.

23. The Court appoints Plaintiffs Artem V. Gelis, Bhawar Patel, Robert McDonald, James V. Olson, Gregory Heyman, Susan Heyman, Debra P. Ward, Darrian Stovall, Alex Martinez, Amanda Gorey, Chris Williams, Ashok Patel, Kenneth Gagnon, Michael Cerny, Maria Meza, Andre Malske, Nicole Guy, David Richardson, Stacey Turner and Eric T. Zinn as representatives of the Settlement Class, and approves a Settlement Class Payment of one thousand dollars ($1,000.00) to each of the said Plaintiffs as a reasonable payment for his/her efforts, expenses and risk in bringing this action, which shall be paid by Defendant BMW NA as provided in the Settlement Agreement.

24. The law firms of Kantrowitz Goldhamer & Graifman, P.C., Thomas P. Sobran, P.C., and Nagel Rice, LLP previously appointed as Interim Class Counsel for the Settlement Class in the Preliminary Approval Order (Dkt. No. 75) are hereby confirmed and appointed as Class Counsel for the Settlement Class.

25. ~~Based upon Class Counsel's submissions and arguments, including Class Counsel's lodestar, costs and expenses, and Settlement value estimate, the Court hereby awards Class Counsel's request for an award of reasonable attorney fees, costs and expenses in the collective combined total amount of _____ [which falls within the bracket between $1.5 million and $3.7 million agreed to by the parties in the Settlement Agreement, §VIII.B.], consisting of $35,707.93 for all costs and expenses and, after deduction of the $20,000 service awards, a total legal fee award of _____] for all attorney fees (collectively, the "fee and expense award"), which amounts shall be paid by Defendant BMW NA in the manner set forth in the Settlement Agreement. The Court finds said fee and expense award to be reasonable and consistent with applicable law.~~

26. ~~Said payments are to be made to the Class Counsel designee set forth in the Settlement Agreement, and shall constitute satisfaction in full of any and all obligations of Defendant BMW NA with respect to the payment of attorney fees, costs and expenses in connection with this action and controversy.~~  The Court also confirms the approval of Rust Consulting as the Claims Administrator to effectuate the duties and responsibilities set forth in the Settlement Agreement.

27. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement.

28. The Court finds that no just reason exists for delay in entering this Final Order and Judgment.  Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED**.

Dated:  February 16, 2021            */s/ Cathy L. Waldor*
                                     Honorable Cathy L. Waldor
                                     United States Magistrate Judge

Respectfully submitted by:

  */s/ Gary S. Graifman*
  Jay I. Brody
  Kantrowitz, Goldhamer & Graifman, P.C.
  135 Chestnut Ridge Road, Suite 200
  Montvale, NJ 07645
  Tel:     (201) 391-7000
  Email:  ggraifman@kgglaw.com

  Thomas P. Sobran
  Thomas P. Sobran, P.C.
  7 Evergreen Lane
  Hingham, MA 02043
  Tel:    (781) 741-6075
  Fax:    (781) 741-6074

Email:  tsobran@sobranlaw.com

Bruce H. Nagel, Esq.
Randee M. Matloff, Esq.
103 Eisenhower Parkway
Roseland, NJ 07068
Tel.: (973) 618-0400
bnagel@nagelrice.com
rmatloff@nagelrice.com

***Class Counsel for Conditionally Certified Class***

*/s/ Christopher J. Dalton, Esq.*
Argia J. DiMarco, Esq.
Buchanan Ingersoll & Rooney PC
550 Broad Street, Suite 810
Newark, New Jersey 07102
christopher.dalton@bicp.com
argia.dimarco@bipc.com

***Attorneys for Defendant***